RUSSELL L. WINNER
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH DELIA,<br><br>    Defendant. | <br><br><br><br><br><br><br><br>Case No. 3:23-cv-00121-HRH |

**COMPLAINT FOR DECLARATORY JUDGMENT,
DAMAGES, AND SPECIFIC PERFORMANCE**

Plaintiff RAYMOND C. GIVENS, by his undersigned counsel, for his Complaint for Declaratory Judgment, Damages, and Specific Performance against Defendant JOSEPH DELIA, states and alleges as follows:

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH    Page 1 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 1 of 15

## PARTIES

1. Plaintiff Raymond C. Givens is, and at all material times was, a resident of the State of Washington.

2. Defendant Joseph Delia is, and at all material times was, a resident of the State of Alaska.

## JURISDICTION AND VENUE

3. Plaintiff and Defendant are citizens of different states, and the sum or value of Plaintiff's claim against Defendant exceeds $75,000. Accordingly, this Court has jurisdiction over this action for specific performance and damages under 28 U.S.C. § 1332.

4. An actual justiciable controversy exists between Plaintiff and Defendant. Accordingly, this Court has jurisdiction over this action for declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

5. Venue is proper before this Court under 28 U.S.C. § 1391.

## FACTS

6. On October 31, 2003, Plaintiff, an attorney doing business as Givens Law Firm, entered into a Contingency Fee Contract with the heirs of Andrew Oenga ("Oenga heirs"), which included Defendant. The Contingency Fee Contract concerned the claims of the Oenga heirs against the U.S. Department of the Interior, Bureau of Indian Affairs ("BIA"), for breach of its fiduciary duties to them in approving a lease of a restricted Native Allotment, located at Point Heald, east of Prudhoe Bay, Alaska ("Allotment"). Andrew Oenga died, leaving his interest in the Allotment to his heirs, including Defendant. The Oenga heirs believed the rental payments approved by the BIA were too low. Under the Contingency Fee Contract, Plaintiff

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

was to be paid a percentage, on a sliding scale, of any increases in past and future rents he was able to obtain from the Allotment. Compensation to Plaintiff was to include "[t]he increase in lease payments under the Lease Agreement or extended term, from the date hereof and into the future, which are brought about through a modification, reformation, or cancellation of the Lease Agreement or otherwise." Contingency Fee Contract ¶ 2.(b). Thus, the Oenga heirs, including Defendant, agreed that if Plaintiff succeeded in obtaining higher rents for the Allotment, payment of a portion of his fee would be deferred until receipt of the resulting increased annuals rents.

7. After an extensive effort to resolve the matter with the BIA, in 2006 Plaintiff filed suit on behalf of the Oenga heirs in the Court of Federal Claims ("CFC") against the United States. The suit alleged breach of the BIA's fiduciary duties to the Oenga heirs. *Wallace Oenga, et al. v. United States of America, and Intervenors BP Exploration, et al.*, United States Court of Claims, Case No. 06-0491-NBF ("CFC Action").

8. Plaintiff brought the action before the CFC instead of this Court so that the Oenga heirs could claim not only increased future rents, but also damages resulting from the BIA's failure to collect proper rents in past years. Thereafter, the lessee of the Allotment, BP Exploration (Alaska), Inc. ("BP"), and its sublessees intervened in the CFC action on the side of the United States.

9. Defendant was active in reviewing and supporting Plaintiff's efforts on behalf of the Oenga heirs. After years of intensive litigation, on February 8, 2011, the CFC issued its Final Decision and Judgment in favor of the Oenga heirs, awarding them substantial damages

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH    Page 3 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 3 of 15

for failure to collect proper past rents, and a substantial increase in past and future rents from the Allotment.

10. All parties appealed the final Decision and Judgment of the CFC. Prior to briefing, the parties entered into mediation. On June 23, 2011, a Confidential Term Sheet was signed on behalf of all parties. It set out the terms of agreement in a substantially increased comprehensive settlement.

11. On August 5, 2011, Plaintiff and the Oenga heirs signed a written Contingency Fee Contract First Amendment. Defendant supported the amendment. Under it, the parties agreed to amend the original Contingency Fee Contract by substituting its sliding scale with payment to Plaintiff of a lower percentage of the full amount (rather than a higher percentage of the increase) of future rents through any extended term of the lease. The purpose and effect of this amendment was to simplify the calculation of attorney's fees due to Plaintiff, and to slightly reduce those fees, thus being in the clients' interest. The amendment confirmed that Plaintiff was to be paid 25% of future rents until the end of the lease, and that the Oenga heirs, including Defendant, would direct BP and/or OST to make those payments to Plaintiff:

> Clients agree to pay attorney for professional services . . . 25% of annual rental on Alaska Native Allotment F-14632 paid for both 2012-2013 inclusive period and for the extended term period of 2014-2038 inclusive. **Clients shall direct that these payments for professional services shall be paid directly to Attorney by Lessee BP Exploration (Alaska), Inc. and/or the United States or any subdivision thereof from the funds due Clients at the same time the remaining funds due are paid to Clients.**

(Emphasis added.)

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

12. On May 24, 2012, at the request of the BIA, Plaintiff agreed to further reduce his attorney's fees in a Fee/Cost Reduction Agreement, which was signed by Plaintiff and by the Oenga heirs, including Defendant, who supported the amendment. Again, this was in the clients' interest. In this reduction agreement, Plaintiff agreed to have his costs taken "off the top" of the lump sum settlement, instead of out of the clients' share of that payment, thereby reducing the amount upon which Plaintiff's contingent fee was determined. The Fee/Cost Reduction Agreement did not modify the above-quoted promise by the Oenga heirs in the Contingency Fee Contract First Amendment to direct that BP and/or the United States or any subdivision thereof pay Plaintiff directly from the future rents when due. Instead, the Fee/Cost Reduction Agreement confirmed that Plaintiff was to be paid 25% of the total rent received each year for the duration of the lease:

> [I]t is mutually agreed and understood that the contingency fee due on future rents, which was specifically provided for in both the original Contingency Fee Contract and the First Amendment thereof, remains due each year as a 25% fee of the total rent received each year due as compensation for the attorney's work in securing the increased rent amount.

13. On May 30, 2012, BP and its sublessees, the United States, and the Oenga heirs signed a Settlement Agreement and Release of All Claims ("2012 Settlement Agreement"). That agreement resolved all claims that Plaintiff had brought on behalf of the Oenga heirs against the United States in the CFC Action and various administrative proceedings. Under that agreement, BP agreed to pay to the Oenga heirs a lump-sum settlement as payment for increased past rents. In addition, BP promised to pay higher future annual rents through 2036, to be calculated each year based on an increase in the cost-of-living index. A replacement lease for

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH    Page 5 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 5 of 15

the Allotment was entered into reflecting these provisions ("Replacement Lease"). The Replacement Lease provided that it will terminate in 2036. Because both the 2012 Settlement Agreement and the Replacement Lease include confidentially clauses, the facts are stated generally herein. Subsequent pleadings and documents filed in this action that include greater specificity will be filed under seal.

14. Defendant initially complied with his obligations, pursuant to the Contingency Fee Contract, as amended, by directing the BIA and the U.S. Department of the Interior, Office of Special Trustee for American Indians ("OST"), to make payments to Plaintiff from Defendant's share of the annual rents from the Allotment when they were paid by BP, which payments were held by OST in Defendant's Individual Indian Money ("IIM") account.

15. Plaintiff timely received payments from Defendant's share of rents from the Allotment for lease years 2014 and 2015. Under the Replacement Lease, each of those rent payments was made in the fall of the preceding year.

16. On August 20, 2015, Weldon B. Loudermilk, Regional Director of the BIA Alaska Region, issued a written decision ("Loudermilk Decision"). It concluded that OST should pay to Plaintiff from the IIM accounts of the Oenga heirs, including Defendant, pursuant to the Contingency Fee Contract, as amended, only upon a written direction from them to do so. The Loudermilk Decision also concluded, however, that automatic yearly payments could be made by OST to Plaintiff from the IIM accounts of the Oenga heirs, including Defendant, upon their request that such automatic annual payments be made.

17. Following the Loudermilk Decision, Plaintiff timely received payments from Defendant from his share of rents from the Allotment for lease years 2016 through 2021. Again,

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH  Page 6 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 6 of 15

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

under the Replacement Lease, each of those rent payments was made in the fall of the preceding year.

18. In October 2020, OST was replaced within the U.S. Department of the Interior by the Bureau of Trust Funds Administration ("BTFA").

19. In December 2020, Hilcorp Alaska, LLC ("Hilcorp"), replaced BP as the lessee of the Allotment, assuming all rights and obligations under the Replacement Lease.

20. Plaintiff, however, did not receive, and has not received, payment from Defendant from his share of rents from the Allotment for lease year 2022 (with said rent being paid in the fall of 2021), which payment obligation was $48,899.31. Likewise, Plaintiff did not receive, and has not received, payment from Defendant from his share of rent from the Allotment for lease year 2023 (with said rent being paid in the fall of 2022), which payment obligation was $53,329.47. Accordingly, Defendant owes to Plaintiff $102,228.78, plus accrued interest.

21. On information and belief, Defendant rescinded any direction to BTFA to pay Plaintiff, in breach of Defendant's obligations to Plaintiff, pursuant to the Contingency Fee Contract, as amended.

22. Plaintiff has fully and completely performed his promises and obligations under the Contingency Fee Contract, as amended. As a result of Plaintiff's efforts, Defendant receives a substantial increase in annual rents from the Allotment.

23. On January 19, 2021, Plaintiff filed an action against Leroy Oenga, Jr., in this Court for nonpayment of Plaintiff's fee under the Contingency Fee Contract, as amended. *Raymond C. Givens v. Leroy Oenga, Jr.*, United States District Court for the District of Alaska,

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH   Page 7 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 7 of 15

Case No. 3:21-cv-00008-HRH. On September 30, 2021, the Court stayed that action to permit Leroy Oenga, Jr., to seek fee arbitration before the Alaska Bar Association. (Givens v. Oenga, Docket No. 55) After holding a three-day evidentiary hearing, on February 10, 2023, a fee arbitration panel of the Alaska Bar Association issued its decision, in Case No. ABA File No. 2021F012, regarding the reasonableness of Plaintiff's fee under the Contingency Fee Contract, as amended. (Givens v. Oenga, Docket No. 67-1 (Sealed)). Leroy Oenga, Jr., was represented by an attorney in the above litigation and fee arbitration proceeding. Defendant Joseph Delia was aware of the above litigation and arbitration, and he could have, but did not, seek to intervene or participate in it.

24. Plaintiff has repeatedly demanded that Defendant pay, or direct BTFA to pay, to him what is owed, pursuant to the Contingency Fee Agreement, as amended, but Defendant has repeatedly refused and failed to do so. On May 17, 2023, Plaintiff, through his undersigned attorney, gave final notice to Defendant's attorneys that this suit would be filed if payment is not received. Defendant, through his attorneys, refused to pay Plaintiff.

25. On information and belief, Defendant is unable to pay Plaintiff, except from Defendant's share of rents from the Allotment to be paid in future lease years.

26. Plaintiff no longer represents, or serves as an attorney for, the Oenga heirs, including for Defendant.

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH    Page 8 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 8 of 15

## CLAIMS FOR RELIEF

## COUNT I
### (Declaratory Judgment)

27. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

28. There is a genuine and bona fide dispute and an actual controversy and disagreement between Plaintiff and Defendant regarding Defendant's obligations to Plaintiff, pursuant to the Contingency Fee Contract, as amended.

29. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff asks that the Court declare as follows:

    a. The Contingency Fee Contract, as amended, is a valid and enforceable contract.

    b. Defendant's interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

    c. Defendant is estopped, and is bound by issue preclusion and claim preclusion, from denying that his interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH      Page 9 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 9 of 15

through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

  d. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

  e. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to make, or direct Hilcorp and/or BTFA to make, future automatic, annual payments to Plaintiff of 25% of Defendant's share of rents from the Allotment, to be paid by Hilcorp and/or BTFA through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

### COUNT II
**(Damages for Breach of Contract)**

30. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

31. Plaintiff is entitled to an award of his damages resulting from Defendant's failure and refusal to pay to Plaintiff the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 10 of 15

Case 3:23-cv-00121-HRH Document 1 Filed 05/26/23 Page 10 of 15

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

## COUNT III
### (Specific Performance for Past Payments Due)

32. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

33. Plaintiff has no adequate remedy at law to enforce Defendant's obligation to pay to Plaintiff the past-due amounts owed by Defendant from his share of past rents from the Allotment, because Defendant is unable to pay Plaintiff except from annual rents to be paid by Hilcorp in future calendar years.

34. Plaintiff is entitled to the remedy of specific performance of the terms of the Contingency Fee Contract, as amended, regarding the past-due payments owed by Defendant from his share of past rents from the Allotment. In particular, Plaintiff is entitled to an order of the Court requiring Defendant to instruct Hilcorp and/or BTFA to pay to Plaintiff, pursuant to the Contingency Fee Contract, as amended, the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

## COUNT IV
### (Specific Performance for Future Payments Due)

35. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH                     Page 11 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 11 of 15

36. Plaintiff has no adequate remedy at law to enforce the Defendant's obligations to pay to Plaintiff the amounts owed by Defendant from his share of future rents from the Allotment. That is because a legal remedy of damages would require Plaintiff to bring multiple lawsuits for payments owed from rents to be paid by Hilcorp for future calendar years through 2036, when the Replacement Lease will terminate.

37. Plaintiff is entitled to the remedy of specific performance, pursuant to the Contingency Fee Contract, as amended, regarding payments that will be owed by Defendant from his share of future annual rents from the Allotment. In particular, Plaintiff is entitled to an order of the Court requiring Defendant to direct Hilcorp and/or BTFA to make automatic, annual payments to Plaintiff of 25% of Defendant's share of future annual rents from the Allotment, to be paid by Hilcorp through lease year 2036 (to be paid in fall of each preceding year), when the Replacement Lease will terminate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Raymond C. Givens asks for the following relief against Defendant Leroy Oenga, Jr.:

1. The Court should declare as follows:

    a. The Contingency Fee Contract, as amended, is a valid and enforceable contract.

    b. Defendant's interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH        Page 12 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 12 of 15

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

received through calendar year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

   c. Defendant is estopped, and is bound by issue preclusion and claim preclusion, from denying that his interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received through calendar year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

   d. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

   e. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to make, or direct Hilcorp and/or BTFA to make, future automatic, annual payments to Plaintiff of 25% of Defendant's share of rents from the Allotment, to be paid by Hilcorp through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

  2. The Court should award Plaintiff his damages resulting from Defendant's failure and refusal to pay, or to direct Hilcorp and/or BTFA to pay, to Plaintiff the past-due amount of

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 13 of 15

Case 3:23-cv-00121-HRH Document 1 Filed 05/26/23 Page 13 of 15

$48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

3. The Court should enter an order of specific performance requiring Defendant, pursuant to the Contingency Fee Contract, as amended, to instruct Hilcorp and/or BTFA to pay to Plaintiff, from Defendant's share of rent from the Allotment, the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

4. The Court should enter an order of specific performance requiring Defendant, pursuant to the Contingency Fee Contract, as amended, to direct Hilcorp and/or BTFA to make future automatic, annual payments to Plaintiff of 25% of Defendant's share of future annual rents from the Allotment, to be paid by Hilcorp through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

5. The Court should award Plaintiff his costs and attorney's fees in having to bring this action.

6. The Court should grant to Plaintiff such other relief as appears just.

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH   Page 14 of 15

Case 3:23-cv-00121-HRH   Document 1   Filed 05/26/23   Page 14 of 15

Dated at Anchorage, Alaska, this 26th day of May, 2023.

                                        WINNER & ASSOCIATES, P.C.
                                        Attorneys for the Plaintiff Raymond C. Givens

                                        By: /s/ Russell L. Winner
                                                 Russell L. Winner
                                                 Alaska Bar No. 7811149

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH        Page 15 of 15

Case 3:23-cv-00121-HRH    Document 1    Filed 05/26/23    Page 15 of 15