Matt Mead, Alaska Bar No. 0711095
Andrew Erickson, Alaska Bar No. 1605049
LANDYE BENNETT BLUMSTEIN LLP
701 West Eight Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
mattm@lbblawyers.com
andye@lbblawyers.com

*Attorneys for the Defendant Joseph Delia*

# IN THE UNTIED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>      Plaintiff,<br><br>  v.<br><br>JOSEPH DELIA,<br><br>      Defendant. | Case No. 3:23-cv-00121-HRH |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant Joseph Delia (the "Defendant"), through counsel, answers the complaint in this case as follows. The headings and numbered paragraphs below correspond to the numbered paragraphs in the complaint. The Defendant denies each allegation in the complaint that is not specifically admitted in this answer.

## PARTIES

1. The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore denies the allegations on that basis.

2. The Defendant admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 3 and therefore denies the allegations on that basis. The remaining allegations in Paragraph 3 consist of the Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

4. The allegations in Paragraph 4 consist of the Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

5. The allegations in Paragraph 5 consist of the Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

## FACTS

6. The Defendant admits that on or about October 31, 2003, the Defendant signed a document entitled Contingency Fee Contract with Raymond C. Givens of the Givens Law Firm but denies that document is a contract that may be enforced against

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1100
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1100
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

the Defendant. The Defendant admits the allegations in the third sentence of Paragraph 6 that Andrew Oenga died leaving his interest in his Native Allotment to his heirs, including the Defendant. The remaining allegations in Paragraph 6 consist of the Plaintiff's characterizations of the Contingency Fee Contract, to which no response is required. To the extent a response is required, the Defendant answers that the Contingency Fee Contract speaks for itself, and the Defendant denies any characterization that is inconsistent therewith.

7. The allegations in Paragraph 7 consist of the Plaintiff's characterization of *Oenga v. United States*, Case No. 06-0491-NBF (Fed. Cl.), to which no response is required. To the extent a response is required, the Defendant answers that the record in that proceeding speaks for itself, and the Defendant denies any characterization that is inconsistent therewith.

8. The Defendant denies the allegations in the first sentence of Paragraph 8. By way of further answer, on information and belief, the Plaintiff filed a lawsuit on behalf of the Oenga heirs in the Court of Federal Claims because the Plaintiff was not authorized to practice law in the courts of the State of Alaska or this Court. The allegations in the second sentence of Paragraph 8 consist of the Plaintiff's characterization of the proceedings in *Oenga v. United States*, Case No. 06-0491-NBF (Fed. Cl.), which speaks for itself. To the extent that the Plaintiff's characterization is inconsistent with the court record in that case, the Defendant denies the allegations.

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1100
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

9. The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 and therefore denies the allegations on that basis. The remaining allegations in Paragraph 9 consist of the Plaintiff's characterization of the Final Decision and Judgment in *Oenga v. United States*, Case No. 06-0491-NBF (Fed. Cl.), which speak for themselves. To the extent that the Plaintiff's characterization is inconsistent with the court record in that case, the Defendant denies the allegations.

10. The Defendant admits the allegation in the first sentence of Paragraph 10 that all parties appealed the Final Decision and Judgment in *Oenga v. United States*, Case No. 06-0491-NBF (Fed. Cl.). The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 and therefore denies the allegations on that basis.

11. The Defendant admits that on or about August 5, 2011, the Defendant signed a document entitled Contingency Fee Contract First Amendment but denies that document is a contract that may be enforced against the Defendant. The remaining allegations in Paragraph 11 consist of the Plaintiff's characterization of the Contingency Fee Contract First Amendment, to which no response is required. To the extent a response is required, the Defendant answers that the Contingency Fee Contract First Amendment speaks for itself, and the Defendant denies any characterization that is inconsistent therewith. By way of further answer, the Defendant denies that the

Contingency Fee Contract First Amendment reduced the attorney's fees to which the Plaintiff claims the Oenga heirs owed.

12. The Defendant admits that on or about May 24, 2012, the Defendant signed a document entitled Fee/Cost Reduction Agreement but denies that document is a contract that may be enforced against the Defendant. The remaining allegations in Paragraph 12 consist of the Plaintiff's argument, legal conclusions, and characterizations of the Fee/Cost Reduction Agreement, to which no response is required. To the extent a response is required, the Defendant answers that the Fee/Cost Reduction Agreement speaks for itself, and the Defendant denies any characterization that is inconsistent therewith. By way of further answer, the Defendant denies that Fee/Cost Reduction Agreement reduced the attorney's fees to which the Plaintiff claims the Oenga heirs owed.

13. The Defendant admits that on or about May 30, 2012, the Defendant signed a document entitled Settlement Agreement and Release of All Claims. The remaining allegations in Paragraph 13 consist of the Plaintiff's argument, legal conclusions, and characterizations of the 2012 Settlement Agreement and Replacement, to which no response is required. To the extent a response is required, the Defendant answers that the 2012 Settlement Agreement and Replacement Lease speak for themselves, and the Defendant denies any characterization that is inconsistent therewith.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

14. The Defendant admits directing the Bureau of Indian Affairs and U.S. Department of the Interior, Office of Special Trustee ("OST") to make payments from the Defendant's Individual Indian Money ("IIM") trust account to the Plaintiff. The Defendant denies any further obligation to the Plaintiff under the Contingency Fee Contract, as amended.

15. The Defendant admits making payments to the Plaintiff in 2014 and 2015 but denies any further obligation to the Plaintiff. The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies the remaining allegations on that basis.

16. The allegations in Paragraph 16 consist of the Plaintiff's argument, legal conclusions, and characterizations of an August 20, 2015, decision by Bureau of Indian Affairs ("BIA") Alaska Regional Director Weldon B. Loudermilk ("Loudermilk Decision"), to which no response is required. To the extent a response is required, the Defendant answers that the Loudermilk Decision speaks for itself, and the Defendant denies any characterization that is inconsistent therewith.

17. The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the allegations on that basis.

18. The Defendant admits that the Bureau of Trust Fund Administration assumed the fiduciary functions of the Office of the Special Trustee on or around October 2020.

19. The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the allegations on that basis.

20. The Defendant admits not making payments to the Plaintiff in 2021 or 2022 but denies that the Defendant was under any obligation to do so. The remaining allegations in Paragraph 20 consist of the Plaintiff's argument and legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations. By way of further answer, the Defendant denies that the Contingency Fee Contract, as amended, is a contract that may be enforced against the Defendant.

21. The Defendant admits that there is not currently any direction to the Bureau of Trust Funds Administration to make payments on behalf of the Defendant to the Plaintiff, but the Defendant denies any obligation to do so. By way of further answer, the Defendant denies that the Contingency Fee Contract, as amended, is a contract that may be enforced against the Defendant.

22. The Defendant denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 consist of the Plaintiff's argument, legal conclusions, and characterizations of the proceedings in *Givens v. Oenga Jr.*, Case No. 3:21-cv-00008-HRH and ABA File No. 2021F012, to which no response is required. To the extent a response is required, the Defendant answers that the records in those proceedings speak for themselves, and the Defendant denies any characterization that

is inconsistent therewith. By way of further answer, the Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the confidential Alaska Bar Association fee arbitration (ABA File No. 2021F012) and sealed filings in *Givens v. Oenga Jr.*, Case No. 3:21-cv-00008-HRH and therefore denies those allegations on that basis. By way of further answer, the Defendant denies that he could have participated in a private fee arbitration regarding the rights and obligations of Leroy Oenga Jr.

24. The Defendant admits that the Plaintiff has repeatedly demanded that the Defendant pay money to the Plaintiff but denies that the Defendant owes any obligation to the Plaintiff. By way of further answer, the Defendant denies that the Contingency Fee Contract, as amended, is a contract that may be enforced against the Defendant.

25. The allegations in paragraph 25 are vague and confusing. The Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations and therefore denies on that basis. By way of further answer, the Defendant receives annual rental payments from his share of a Native Allotment, and the Defendant denies that the Contingency Fee Contract, as amended, is a contract that may be enforced against the Defendant.

26. The Defendant admits that the Plaintiff no longer represents the Defendant as his attorney. The Defendant lacks knowledge and information sufficient to form a belief as to whether the Plaintiff continues to purport to represent any other Oenga heir and therefore denies the remaining allegations in Paragraph 26 on that basis.

*Givens v. Delia*  Case No. 3:23-cv-00121-HRH
Defendant's Answer to Plaintiff's Complaint  Page 8 of 12

Case 3:23-cv-00121-HRH   Document 7   Filed 06/16/23   Page 8 of 12

## COUNT 1
### (Declaratory Judgment)

27. The Defendant reasserts all prior responses as through fully set forth herein.

28. The allegations in Paragraph 28 consist of argument and legal conclusions, to which no response is required. To the extent a response is required, the Defendant denies the allegations.

29. The allegations in Paragraph 29 consist of a statement of the relief demanded by the Plaintiff, to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to any of the relief sought.

## COUNT II
### (Damages for Breach of Contract)

30. The Defendant reasserts all prior responses as though fully set forth herein.

31. The Defendant denies the allegations in Paragraph 31.

## COUNT III
### (Specific Performance for Past Payments Due)

32. The Defendant reasserts all prior responses as though fully set forth herein.

33. The Defendant denies the allegations in Paragraph 33.

34. The Defendant denies the allegations in Paragraph 34.

Landye Bennett Blumstein LLP
701 West Eighth Avenue, Suite 1100
Anchorage, Alaska 99501
Telephone (907) 276-5152, Fax (907) 276-8433

# COUNT IV
## (Specific Performance for Future Payments Due)

35. The Defendant reasserts all prior responses as though fully set forth herein.

36. The Defendant denies the allegations in Paragraph 36.

37. The Defendant denies the allegations in Paragraph 37.

The remainder of the Plaintiff's complaint consists of the Plaintiff's Prayer for Relief, to which no response is required. To the extent a response is required, the Defendant denies that the Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. The Plaintiff fails to state a claim upon which relief may be granted.

2. The Plaintiff's claims are barred, in whole or in part, by the doctrines of issue preclusion/collateral estoppel and/or res judicata.

3. The Plaintiff's claims are barred, in whole or in part, by the statute of limitations and/or the equitable doctrine of laches.

4. The Plaintiff has failed to adequately mitigate damages, if any.

5. The Plaintiff's claims are barred by his own actions and the equitable doctrine of unclean hands. On information and belief, the Plaintiff committed serious breaches of his ethical and professional duties while purporting to represent the Defendant.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

6. Under Federal Rule of Civil Procedure 19, full relief cannot be granted without joinder of the United States as a defendant in this action, and this Court lacks subject matter jurisdiction to join the United States based on sovereign immunity.

7. The Defendant fully performed all obligations under the Contingency Fee Contract and owes the Plaintiff nothing.

8. The Contingency Fee Contract, as amended, cannot be enforced because it violates public policy. Among other things, the Contingency Fee Contract, as amended, imposes an unreasonable fee for attorney services in violation of the applicable rules of professional conduct governing attorneys and the Plaintiff's ethical duties.

9. The Contingency Fee Contract, as amended, cannot be enforced because it is illegal. Among other things, the Contingency Fee Contract, as amended, was not approved by the United States as required by 25 U.S.C. § 410 and implementing regulations.

10. The Contingency Fee Contract, as amended, cannot be enforced because it was entered into as a result of coercion, undue influence, or duress. On information and belief, the Plaintiff intimidated the Defendant and other Oenga heirs, including through physical acts, to sign the attorney fee agreements.

The Defendant reserves the right to assert additional defenses in this matter as further information is gathered through discovery.

# PRAYER FOR RELIEF

The Defendant prays for the following relief:

A. An order dismissing the Plaintiff's complaint with prejudice and with the Plaintiff taking nothing;

B. An order declaring that the Contingency Fee Contract, as amended, is void, voidable, or otherwise unenforceable;

C. An award of attorney's fees and costs; and

D. Such other relief this Court deems just and equitable.

DATED this 23rd day of June, 2023, at Anchorage, Alaska.

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys for the Defendant*

*/s/ Matt Mead*
_____
Matt Mead, Alaska Bar No. 0711095
Andrew Erickson, Alaska Bar No. 1605049

The undersigned certifies that on June 23, 2023,
a true and correct copy of the foregoing was
served by electronic means through the ECF
system as indicated on the Notice of Electronic
Filing.

*/s/ Matt Mead*
_____
Matt Mead, Alaska Bar No. 0711095