## Teela Mostowy

| | |
|---|---|
| **From:** | Teela Mostowy |
| **Sent:** | Friday, May 26, 2023 4:33 PM |
| **To:** | andye@lbblawyers.com; mattm@lbblawyers.com |
| **Cc:** | Russ Winner |
| **Subject:** | Givens v. Delia Case No. 3:23-cv-00121-HRH |
| **Attachments:** | 2023-05-26 Complaint for Declaratory Judgment, Damages, and Specific Performance.pdf; 2023-05-26 Civil Cover Sheet.pdf; 2023-05-26 Notice of Client's Rigt to Arbitrate or Mediate.pdf; 2023-05-26 Issued Summons.pdf |

Mr. Erickson and Mr. Mead,

Enclosed are copies of the following documents filed today: (1) Complaint for Declaratory Judgment, Damages, and Specific performance; (2) Civil Cover Sheet; (3) Notice of Client's Right to Arbitrate and Mediate; and (4) Issued Summons.

Teela Mostowy
Legal Assistant
Winner & Associates, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501-2044
Phone: 907-277-9522
Fax: 907-277-4510
http://www.winnerlaw.com

NOTICE: This communication may contain privileged or other confidential information. If you are not the intended recipient or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use this information. Please indicate to the sender that you have received this email in error and delete the copy you received. Thank you.

RUSSELL L. WINNER
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,

Plaintiff,

v.

JOSEPH DELIA,

Defendant.

Case No. 3:23-cv-00121-HRH

**COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES, AND SPECIFIC PERFORMANCE**

Plaintiff RAYMOND C. GIVENS, by his undersigned counsel, for his Complaint for Declaratory Judgment, Damages, and Specific Performance against Defendant JOSEPH DELIA, states and alleges as follows:

## PARTIES

1. Plaintiff Raymond C. Givens is, and at all material times was, a resident of the State of Washington.

2. Defendant Joseph Delia is, and at all material times was, a resident of the State of Alaska.

## JURISDICTION AND VENUE

3. Plaintiff and Defendant are citizens of different states, and the sum or value of Plaintiff's claim against Defendant exceeds $75,000. Accordingly, this Court has jurisdiction over this action for specific performance and damages under 28 U.S.C. § 1332.

4. An actual justiciable controversy exists between Plaintiff and Defendant. Accordingly, this Court has jurisdiction over this action for declaratory relief under 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

5. Venue is proper before this Court under 28 U.S.C. § 1391.

## FACTS

6. On October 31, 2003, Plaintiff, an attorney doing business as Givens Law Firm, entered into a Contingency Fee Contract with the heirs of Andrew Oenga ("Oenga heirs"), which included Defendant. The Contingency Fee Contract concerned the claims of the Oenga heirs against the U.S. Department of the Interior, Bureau of Indian Affairs ("BIA"), for breach of its fiduciary duties to them in approving a lease of a restricted Native Allotment, located at Point Heald, east of Prudhoe Bay, Alaska ("Allotment"). Andrew Oenga died, leaving his interest in the Allotment to his heirs, including Defendant. The Oenga heirs believed the rental payments approved by the BIA were too low. Under the Contingency Fee Contract, Plaintiff

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

was to be paid a percentage, on a sliding scale, of any increases in past and future rents he was able to obtain from the Allotment. Compensation to Plaintiff was to include "[t]he increase in lease payments under the Lease Agreement or extended term, from the date hereof and into the future, which are brought about through a modification, reformation, or cancellation of the Lease Agreement or otherwise." Contingency Fee Contract ¶ 2.(b). Thus, the Oenga heirs, including Defendant, agreed that if Plaintiff succeeded in obtaining higher rents for the Allotment, payment of a portion of his fee would be deferred until receipt of the resulting increased annuals rents.

7. After an extensive effort to resolve the matter with the BIA, in 2006 Plaintiff filed suit on behalf of the Oenga heirs in the Court of Federal Claims ("CFC") against the United States. The suit alleged breach of the BIA's fiduciary duties to the Oenga heirs. *Wallace Oenga, et al. v. United States of America, and Intervenors BP Exploration, et al.*, United States Court of Claims, Case No. 06-0491-NBF ("CFC Action").

8. Plaintiff brought the action before the CFC instead of this Court so that the Oenga heirs could claim not only increased future rents, but also damages resulting from the BIA's failure to collect proper rents in past years. Thereafter, the lessee of the Allotment, BP Exploration (Alaska), Inc. ("BP"), and its sublessees intervened in the CFC action on the side of the United States.

9. Defendant was active in reviewing and supporting Plaintiff's efforts on behalf of the Oenga heirs. After years of intensive litigation, on February 8, 2011, the CFC issued its Final Decision and Judgment in favor of the Oenga heirs, awarding them substantial damages

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 3 of 15

Exhibit 1
Page 4 of 22

for failure to collect proper past rents, and a substantial increase in past and future rents from the Allotment.

10. All parties appealed the final Decision and Judgment of the CFC. Prior to briefing, the parties entered into mediation. On June 23, 2011, a Confidential Term Sheet was signed on behalf of all parties. It set out the terms of agreement in a substantially increased comprehensive settlement.

11. On August 5, 2011, Plaintiff and the Oenga heirs signed a written Contingency Fee Contract First Amendment. Defendant supported the amendment. Under it, the parties agreed to amend the original Contingency Fee Contract by substituting its sliding scale with payment to Plaintiff of a lower percentage of the full amount (rather than a higher percentage of the increase) of future rents through any extended term of the lease. The purpose and effect of this amendment was to simplify the calculation of attorney's fees due to Plaintiff, and to slightly reduce those fees, thus being in the clients' interest. The amendment confirmed that Plaintiff was to be paid 25% of future rents until the end of the lease, and that the Oenga heirs, including Defendant, would direct BP and/or OST to make those payments to Plaintiff:

> Clients agree to pay attorney for professional services . . . 25% of annual rental on Alaska Native Allotment F-14632 paid for both 2012-2013 inclusive period and for the extended term period of 2014-2038 inclusive. **Clients shall direct that these payments for professional services shall be paid directly to Attorney by Lessee BP Exploration (Alaska), Inc. and/or the United States or any subdivision thereof from the funds due Clients at the same time the remaining funds due are paid to Clients.**

(Emphasis added.)

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 4 of 15

Page 5 of 22

12. On May 24, 2012, at the request of the BIA, Plaintiff agreed to further reduce his attorney's fees in a Fee/Cost Reduction Agreement, which was signed by Plaintiff and by the Oenga heirs, including Defendant, who supported the amendment. Again, this was in the clients' interest. In this reduction agreement, Plaintiff agreed to have his costs taken "off the top" of the lump sum settlement, instead of out of the clients' share of that payment, thereby reducing the amount upon which Plaintiff's contingent fee was determined. The Fee/Cost Reduction Agreement did not modify the above-quoted promise by the Oenga heirs in the Contingency Fee Contract First Amendment to direct that BP and/or the United States or any subdivision thereof pay Plaintiff directly from the future rents when due. Instead, the Fee/Cost Reduction Agreement confirmed that Plaintiff was to be paid 25% of the total rent received each year for the duration of the lease:

> [I]t is mutually agreed and understood that the contingency fee due on future rents, which was specifically provided for in both the original Contingency Fee Contract and the First Amendment thereof, remains due each year as a 25% fee of the total rent received each year due as compensation for the attorney's work in securing the increased rent amount.

13. On May 30, 2012, BP and its sublessees, the United States, and the Oenga heirs signed a Settlement Agreement and Release of All Claims ("2012 Settlement Agreement"). That agreement resolved all claims that Plaintiff had brought on behalf of the Oenga heirs against the United States in the CFC Action and various administrative proceedings. Under that agreement, BP agreed to pay to the Oenga heirs a lump-sum settlement as payment for increased past rents. In addition, BP promised to pay higher future annual rents through 2036, to be calculated each year based on an increase in the cost-of-living index. A replacement lease for

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 5 of 15

Page 6 of 22

the Allotment was entered into reflecting these provisions ("Replacement Lease"). The Replacement Lease provided that it will terminate in 2036. Because both the 2012 Settlement Agreement and the Replacement Lease include confidentially clauses, the facts are stated generally herein. Subsequent pleadings and documents filed in this action that include greater specificity will be filed under seal.

14. Defendant initially complied with his obligations, pursuant to the Contingency Fee Contract, as amended, by directing the BIA and the U.S. Department of the Interior, Office of Special Trustee for American Indians ("OST"), to make payments to Plaintiff from Defendant's share of the annual rents from the Allotment when they were paid by BP, which payments were held by OST in Defendant's Individual Indian Money ("IIM") account.

15. Plaintiff timely received payments from Defendant's share of rents from the Allotment for lease years 2014 and 2015. Under the Replacement Lease, each of those rent payments was made in the fall of the preceding year.

16. On August 20, 2015, Weldon B. Loudermilk, Regional Director of the BIA Alaska Region, issued a written decision ("Loudermilk Decision"). It concluded that OST should pay to Plaintiff from the IIM accounts of the Oenga heirs, including Defendant, pursuant to the Contingency Fee Contract, as amended, only upon a written direction from them to do so. The Loudermilk Decision also concluded, however, that automatic yearly payments could be made by OST to Plaintiff from the IIM accounts of the Oenga heirs, including Defendant, upon their request that such automatic annual payments be made.

17. Following the Loudermilk Decision, Plaintiff timely received payments from Defendant from his share of rents from the Allotment for lease years 2016 through 2021. Again,

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 6 of 15

Page 7 of 22

under the Replacement Lease, each of those rent payments was made in the fall of the preceding year.

18. In October 2020, OST was replaced within the U.S. Department of the Interior by the Bureau of Trust Funds Administration ("BTFA").

19. In December 2020, Hilcorp Alaska, LLC ("Hilcorp"), replaced BP as the lessee of the Allotment, assuming all rights and obligations under the Replacement Lease.

20. Plaintiff, however, did not receive, and has not received, payment from Defendant from his share of rents from the Allotment for lease year 2022 (with said rent being paid in the fall of 2021), which payment obligation was $48,899.31. Likewise, Plaintiff did not receive, and has not received, payment from Defendant from his share of rent from the Allotment for lease year 2023 (with said rent being paid in the fall of 2022), which payment obligation was $53,329.47. Accordingly, Defendant owes to Plaintiff $102,228.78, plus accrued interest.

21. On information and belief, Defendant rescinded any direction to BTFA to pay Plaintiff, in breach of Defendant's obligations to Plaintiff, pursuant to the Contingency Fee Contract, as amended.

22. Plaintiff has fully and completely performed his promises and obligations under the Contingency Fee Contract, as amended. As a result of Plaintiff's efforts, Defendant receives a substantial increase in annual rents from the Allotment.

23. On January 19, 2021, Plaintiff filed an action against Leroy Oenga, Jr., in this Court for nonpayment of Plaintiff's fee under the Contingency Fee Contract, as amended. *Raymond C. Givens v. Leroy Oenga, Jr.*, United States District Court for the District of Alaska,

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Case No. 3:21-cv-00008-HRH. On September 30, 2021, the Court stayed that action to permit Leroy Oenga, Jr., to seek fee arbitration before the Alaska Bar Association. (Givens v. Oenga, Docket No. 55) After holding a three-day evidentiary hearing, on February 10, 2023, a fee arbitration panel of the Alaska Bar Association issued its decision, in Case No. ABA File No. 2021F012, regarding the reasonableness of Plaintiff's fee under the Contingency Fee Contract, as amended. (Givens v. Oenga, Docket No. 67-1 (Sealed)). Leroy Oenga, Jr., was represented by an attorney in the above litigation and fee arbitration proceeding. Defendant Joseph Delia was aware of the above litigation and arbitration, and he could have, but did not, seek to intervene or participate in it.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

24. Plaintiff has repeatedly demanded that Defendant pay, or direct BTFA to pay, to him what is owed, pursuant to the Contingency Fee Agreement, as amended, but Defendant has repeatedly refused and failed to do so. On May 17, 2023, Plaintiff, through his undersigned attorney, gave final notice to Defendant's attorneys that this suit would be filed if payment is not received. Defendant, through his attorneys, refused to pay Plaintiff.

25. On information and belief, Defendant is unable to pay Plaintiff, except from Defendant's share of rents from the Allotment to be paid in future lease years.

26. Plaintiff no longer represents, or serves as an attorney for, the Oenga heirs, including for Defendant.

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 8 of 15

Page 9 of 22

## CLAIMS FOR RELIEF

### COUNT I
### (Declaratory Judgment)

27. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

28. There is a genuine and bona fide dispute and an actual controversy and disagreement between Plaintiff and Defendant regarding Defendant's obligations to Plaintiff, pursuant to the Contingency Fee Contract, as amended.

29. Pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff asks that the Court declare as follows:

a. The Contingency Fee Contract, as amended, is a valid and enforceable contract.

b. Defendant's interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

c. Defendant is estopped, and is bound by issue preclusion and claim preclusion, from denying that his interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 9 of 15

Exhibit 1
Page 10 of 22

through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

d. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

e. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to make, or direct Hilcorp and/or BTFA to make, future automatic, annual payments to Plaintiff of 25% of Defendant's share of rents from the Allotment, to be paid by Hilcorp and/or BTFA through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

**COUNT II**
**(Damages for Breach of Contract)**

30. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

31. Plaintiff is entitled to an award of his damages resulting from Defendant's failure and refusal to pay to Plaintiff the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 10 of 15

Exhibit 1
Page 11 of 22

lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

**COUNT III**
**(Specific Performance for Past Payments Due)**

32. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

33. Plaintiff has no adequate remedy at law to enforce Defendant's obligation to pay to Plaintiff the past-due amounts owed by Defendant from his share of past rents from the Allotment, because Defendant is unable to pay Plaintiff except from annual rents to be paid by Hilcorp in future calendar years.

34. Plaintiff is entitled to the remedy of specific performance of the terms of the Contingency Fee Contract, as amended, regarding the past-due payments owed by Defendant from his share of past rents from the Allotment. In particular, Plaintiff is entitled to an order of the Court requiring Defendant to instruct Hilcorp and/or BTFA to pay to Plaintiff, pursuant to the Contingency Fee Contract, as amended, the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

**COUNT IV**
**(Specific Performance for Future Payments Due)**

35. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 11 of 15

Exhibit 1
Page 12 of 22

36. Plaintiff has no adequate remedy at law to enforce the Defendant's obligations to pay to Plaintiff the amounts owed by Defendant from his share of future rents from the Allotment. That is because a legal remedy of damages would require Plaintiff to bring multiple lawsuits for payments owed from rents to be paid by Hilcorp for future calendar years through 2036, when the Replacement Lease will terminate.

37. Plaintiff is entitled to the remedy of specific performance, pursuant to the Contingency Fee Contract, as amended, regarding payments that will be owed by Defendant from his share of future annual rents from the Allotment. In particular, Plaintiff is entitled to an order of the Court requiring Defendant to direct Hilcorp and/or BTFA to make automatic, annual payments to Plaintiff of 25% of Defendant's share of future annual rents from the Allotment, to be paid by Hilcorp through lease year 2036 (to be paid in fall of each preceding year), when the Replacement Lease will terminate.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Raymond C. Givens asks for the following relief against Defendant Leroy Oenga, Jr.:

1. The Court should declare as follows:

a. The Contingency Fee Contract, as amended, is a valid and enforceable contract.

b. Defendant's interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 12 of 15

Exhibit 1
Page 13 of 22

received through calendar year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

c. Defendant is estopped, and is bound by issue preclusion and claim preclusion, from denying that his interest in the Allotment is subject to the obligation, pursuant to the Contingency Fee Contract, as amended, that he pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff 25% of Defendant's share of the annual rents from the Allotment received through calendar year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

d. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to pay, or direct Hilcorp and/or BTFA to pay, to Plaintiff the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

e. Defendant is obligated, pursuant to the Contingency Fee Contract, as amended, to make, or direct Hilcorp and/or BTFA to make, future automatic, annual payments to Plaintiff of 25% of Defendant's share of rents from the Allotment, to be paid by Hilcorp through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

2. The Court should award Plaintiff his damages resulting from Defendant's failure and refusal to pay, or to direct Hilcorp and/or BTFA to pay, to Plaintiff the past-due amount of

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

$48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

3. The Court should enter an order of specific performance requiring Defendant, pursuant to the Contingency Fee Contract, as amended, to instruct Hilcorp and/or BTFA to pay to Plaintiff, from Defendant's share of rent from the Allotment, the past-due amount of $48,899.31 from Defendant's share of rent received from the Allotment for lease year 2022 (which was paid in the fall of 2021), and the past-due amount of $53,329.47 from Defendant's share of rent received from the Allotment for lease year 2023 (which was paid in the fall of 2022), which amounts total $102,228.78, plus accrued prejudgment interest calculated on each amount.

4. The Court should enter an order of specific performance requiring Defendant, pursuant to the Contingency Fee Contract, as amended, to direct Hilcorp and/or BTFA to make future automatic, annual payments to Plaintiff of 25% of Defendant's share of future annual rents from the Allotment, to be paid by Hilcorp through lease year 2036 (to be paid in the fall of each preceding year), when the Replacement Lease will terminate.

5. The Court should award Plaintiff his costs and attorney's fees in having to bring this action.

6. The Court should grant to Plaintiff such other relief as appears just.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 14 of 15

Exhibit 1
Page 15 of 22

Dated at Anchorage, Alaska, this 26th day of May, 2023.

WINNER & ASSOCIATES, P.C.
Attorneys for the Plaintiff Raymond C. Givens

By: /s/ Russell L. Winner
Russell L. Winner
Alaska Bar No. 7811149

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH Page 15 of 15

Exhibit 1
Page 16 of 22

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Raymond C. Givens

**(b)** County of Residence of First Listed Plaintiff: King County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Winner & Associates, P.C. 900 W. 5th Ave., Ste. 700, Anchorage, AK 99501 907-277-9522

**DEFENDANTS**
Joseph Delia

County of Residence of First Listed Defendant: N. Slope Borough, AK
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Landye Bennett Blumstein, LLP 701 West 8th Ave. #1100 Anchorage, AK 99501 907-276-5152

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [x] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. § 1332
Brief description of cause: Complaint for Declaratory Judgment, Damages, and Specific Performance

**VII. REQUESTED IN COMPLAINT:**
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*:
JUDGE H. Russel Holland DOCKET NUMBER Please see attached related cases

DATE 5/26/2023 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

VIII. Related Cases:

*Raymond C. Givens v. Leroy Oenga, Jr.*
Case No.: 3:21-cv-00008-HRH

*Leroy Oenga, Jr. v. Raymond C. Givens*
Case No.: 2:23-cv-00002-HRH

RUSSELL L. WINNER
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,
Plaintiff,

v.

JOSEPH DELIA,
Defendant.

Case No. 3:23-cv-00121-HRH

**NOTICE OF CLIENT'S RIGHT TO ARBITRATE OR MEDIATE**

Plaintiff Raymond C. Givens hereby gives the following notice to Defendant Joseph Delia, pursuant to Alaska Bar Rule 39(a):

> You are notified that you have a right to file a Petition for Arbitration of Fee Dispute or a Request for Mediation and stay this civil action. Forms and instructions for filing a Petition for Arbitration of Fee Dispute or a Request for Mediation and a motion for stay are available from the Alaska Bar Association, P.O. Box 100279, Anchorage, AK 99510-0279, or contact (907) 272-7469 for the Alaska Bar Association's street address. If you do

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

not file the Petition for Arbitration of Fee Dispute or a Request for Mediation within twenty (20) days after your receipt of this notice, you will waive your right to arbitration or mediation.

By giving this notice, Plaintiff does not waive the argument that his claims in this action are not subject to fee arbitration under that Bar Rule.

Dated at Anchorage, Alaska, this 26th day of May, 2023.

WINNER & ASSOCIATES, P.C.
Attorneys for the Plaintiff Raymond C. Givens

By: /s/ Russell L. Winner
Russell L. Winner
Alaska Bar No. 7811149

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH

Page 2 of 2

Exhibit 1
Page 20 of 22

# UNITED STATES DISTRICT COURT

for the

District of Alaska

| | | |
|---|---|---|
| RAYMOND C. GIVENS, *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:23-cv-00121-HRH |
| JOSEPH DELIA, *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

Joseph Delia
2231 N. Gunflint Trail
Wasilla, AK 99623

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Russell L. Winner
Winner & Associates, P.C.
900 West 5th Ave., Suite 700
Anchorage, AK 99501

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 5/26/23

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT ★ DISTRICT OF ALASKA ★

Civil Action No. 3:23-cv-

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)*

was received by me on *(date)* .

❒ I personally served the summons on the individual at *(place)*

on *(date)* ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)* , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* , who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)* ; or

❒ I returned the summons unexecuted because ; or

❒ Other *(specify)*:

My fees are $ for travel and $ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc: