Matt Mead, Alaska Bar No. 0711095
Andrew Erickson, Alaska Bar No. 1605049
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
mattm@lbblawyers.com
andye@lbblawyers.com

*Attorneys for the Defendant Joseph Delia*
LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH DELIA,<br><br>    Defendant. | Case No. 3:23-cv-00121-HRH |

**DEFENDANT'S RESPONSE TO ORDER RE: CASE STATUS**

Pursuant to this Court's July 18, 2023, Order re: Case Status,[1] the undersigned counsel for the Defendant Joseph Delia conferred with counsel for Plaintiff Raymond C. Givens and counsel for Leroy Oenga, Jr. on August 9, 2023. Delia advises the Court that (1) Delia does not oppose consolidation of this case with *Givens v. Oenga, Jr.*, No.

---

[1] Docket No. 14.

3:21-cv-0008-HRH (the "0008 case"), provided that Delia receives adequate time to conduct discovery in this case; (2) Delia takes no position at this time regarding consolidation of this case or the 0008 case with *Oenga Jr. v. Givens*, No. 2:23-cv-0002-HRH (the "0002 case"); and (3) Delia was served with a document entitled "Notice of Client's Right to Arbitrate or Mediate" on May 23, 2023,[2] and Delia has not filed a petition for arbitration or a request for mediation with the Alaska Bar Association.

### 1. Consolidation with *Givens v. Oenga Jr.*, No. 3:21-cv-0008-HRH

Delia agrees that consolidating this case with the 0008 case makes sense from a case management standpoint,[3] and therefore does not oppose this Court exercising its discretion to order the cases be consolidated, provided that Delia gets sufficient time to conduct discovery on the claims and defenses in his case.[4] Both cases involve the same purported contingency fee contract and overlapping claims and defenses.[5] As this Court noted correctly, "there appears to be a substantial identity of facts and law which will

---

[2]  *See* Docket No. 3; Docket No. 15-1 at 19.

[3]  *See Hall v. Hall*, 138 S. Ct. 1118, 1125 (2018) (explaining that consolidation enables "more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them").

[4]  *See In re Adams Apple*, 829 F.2d 1484, 1487 (9th Cir. 1987) (noting that "consolidation is within the broad discretion of the district court" and "trial courts may consolidate cases *sua sponte*").

[5]  *Compare* Docket No. 1 (Complaint) and Docket No. 8 (Answer)*, with* Complaint, *Givens v. Oenga Jr.*, No. 3:21-cv-0008-HRH (D. Alaska) and Answer, *Givens v. Oenga Jr.*, No. 3:21-cv-0008-HRH (D. Alaska).

be litigated in both" cases.⁶ Although the legal and factual issues in the two cases are not identical, consolidation under Federal Rule of Civil Procedure 42 is appropriate.⁷

However, Delia would strongly oppose consolidation if he is forced to rely solely on whatever discovery Givens and Oenga Jr. may have exchanged in connection with the fee arbitration. If the cases are consolidated, this Court should establish a scheduling and planning order that takes into consideration the fact that the cases are currently at different stages of litigation. For example, counsel for Oenga Jr. has indicated that extensive discovery and presentation of facts to the Alaska Bar Association fee arbitration panel has already taken place in proceedings related to the 0008 case. Delia was not a party to that arbitration and by agreeing to consolidation Delia does not waive his rights to conduct discovery as provided by the Civil Rules independently from any discovery that has already taken place in other cases.

### 2. Consolidation with *Oenga Jr. v. Givens*, No. 2:23-cv-0002-HRH

This Court has indicated that it may also consolidate and jointly manage the 0008 case and the 0002 case—Oenga Jr.'s action to vacate the Alaska Bar Association fee arbitration decision, which Givens removed to this Court.⁸ Delia was not a party to that

---

⁶ Docket No. 14 at 2.

⁷ *See Wright v. Unum Life Ins. Co. of Am.*, No. 3:15-cv-0096-TMB, 2016 U.S. Dist. LEXIS 189101 * 3 (D. Alaska Sept. 7, 2016) (consolidating cases where "both parties concede that these two actions involve common questions of law and fact").

⁸ *See* Order Re: Case Status (Docket No. 28), No. 2:23-cv-00002-HRH (D. Alaska).

*Givens v. Delia*  Case No. 3:23-cv-00121-HRH
Defendant's Response to Order Re: Case Status  Page 3 of 6

arbitration and has not been able to review the entire "confidential" arbitration record at this time.[9] Thus, Delia cannot be certain what factual and legal issues were raised and decided in the arbitration, and what issues Oenga Jr. and Givens intend to litigate in connection with the 0002 action to vacate the arbitration decision.

Before weighing in on whether consolidation is appropriate under Rule 42, Delia requests (1) an opportunity to review the petition to vacate the fee arbitration decision (which is currently sealed), and (2) that this Court issue a decision regarding whether this Court has subject matter jurisdiction over the petition to vacate an Alaska Bar Association fee arbitration decision,[10] including clarifying whether this Court will in fact review the fee arbitration decision rather than remand to the Alaska superior court for the state court to consider the vacatur petition in the first instance.[11]

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

---

[9] *See* Order Granting Motion to File Under Seal (Docket No. 18), No. 2:23-cv-00002-HRH (D. Alaska). On July 25, 2023, Givens provided Delia with a copy of the Fee Arbitration Panel Decision and Order, but as of the date of this filing, Givens has not produced any other records of the fee arbitration.

[10] Regardless of Givens' and Oenga Jr.'s intentions to agree to a procedure for consolidation of the 0008 and 0002 cases, the parties cannot consent to federal jurisdiction. *See Kieslich v. United States*, 258 F.3d 968, 970 (9th Cir. 2001) ("[P]arties cannot waive objections to subject matter jurisdiction."); *Attorneys Trust v. Videotape Computer Prods.*, 93 F.3d 593, 595 (9th Cir. 1996) ("[A] party may raise jurisdictional challenges at any time during the proceedings. That includes a disappointed plaintiff." (quoting *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980))).

[11] *See, e.g.*, *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 30-31 (1959) (upholding federal court abstention in case involving state law and policy); *Burford v. Sun Oil Co.*, 319 U.S. 315, 332-34 (1943) (upholding federal court abstention where exercise of federal jurisdiction would disrupt state administrative process).

### 3. Notice of Right to Arbitrate or Mediate

Finally, Delia acknowledges that he was served with a document entitled "Notice of Client's Right to Arbitrate or Mediate" on May 23, 2023.[12] However, despite this Court's clear ruling that Givens "was engaged in the practice of law in Alaska while he was representing the Oenga heirs, which means that he is subject to the jurisdiction of the Alaska Bar Association and mandatory fee arbitration rules,"[13] the Notice indicated that Givens would oppose fee arbitration: "By giving this notice, Plaintiff does not waive the argument that his claims in this action are not subject to fee arbitration under that Bar Rule."[14] Effectively, the Notice was not a simple notification of Delia's right to pursue arbitration against Givens, but instead an invitation to fight over Alaska Bar Association jurisdiction. Delia declined that invitation.

Under Alaska Bar Rule 39(d) a client who is the subject of an attorney fee dispute may elect to seek judicial resolution rather than through the Alaska Bar Association's fee dispute program. Delia has filed an answer in this case and believes that this Court is the appropriate forum in which to raise his defenses to the purported contingency fee contract. Although Delia does not intend to file a request for fee arbitration under the Bar Rules, Delia does not waive—and explicitly reserves—any

---

[12] *See* Docket No. 3; Docket No. 15-1 at 19.

[13] Order Granting Re Motion for Reconsideration (Docket No. 54 at 17), No. 3:21-0008-HRH (D. Alaska).

[14] Docket No. 3 at 2.

*Givens v. Delia*  
Defendant's Response to Order Re: Case Status

Case No. 3:23-cv-00121-HRH  
Page 5 of 6

L<small>ANDYE</small> B<small>ENNETT</small> B<small>LUMSTEIN</small> LLP  
701 W<small>EST</small> E<small>IGHTH</small> A<small>VENUE</small>, S<small>UITE</small> 1100  
A<small>NCHORAGE</small>, A<small>LASKA</small> 99501  
T<small>ELEPHONE</small> (907) 276-5152, F<small>AX</small> (907) 276-8433

rights that he may have to pursue Bar Association disciplinary proceedings against Givens in any appropriate jurisdictions.

DATED this 14th day of August, 2023, at Anchorage, Alaska.

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys for the Defendant Joseph Delia*

*/s/ Andrew Erickson*

_____
Matt Mead, Alaska Bar No. 0711095
Andrew Erickson, Alaska Bar No. 1605049

# CERTIFICATE OF SERVICE

I certify that on August 14, 2023, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system. A copy was also served by email to Rachel Lauesen, counsel for Leroy Oenga, Jr.

*/s/ Andrew Erickson*
_____
Andrew Erickson

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1100
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433