RUSSELL L. WINNER
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
(907) 277-9522
rwinner@winnerlaw.com
Attorneys for Plaintiff Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,

Plaintiff,

vs.

JOSEPH DELIA,

Defendant.

Case No. 3:23-cv-00121-HRH

**PLAINTIFF'S MOTION FOR PREJUDGMENT WRIT OF ATTACHMENT**

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## TABLE OF CONTENTS

I. INTRODUCTION .......... 3

II. THE STANDARD FOR ISSUANCE OF PREJUDGMENT WRIT OF ATTACHMENT .......... 6

A. Rule 64 Adopts State Law Regarding Prejudgment Attachment .......... 6

B. Alaska Law Regarding Prejudgment Attachment .......... 7

III. THE REQUIREMENTS FOR PREJUDGMENT ATTACHMENT ARE MET HERE .......... 8

A. Givens Claim Against Delia Is Based on an Express Contract .......... 8

B. The Contract Is Not Secured .......... 8

C. The Property to be Attached Is Not Exempt from Execution .......... 9

D. Givens Is Likely to Prevail in this Action .......... 10

1. Givens Is Likely to Prevail in His Argument that Delia Is Bound, Under Principles of Res Judicata, by the Decision of the Superior Court Affirming the Oenga Fee Arbitration Decision .......... 12

2. Givens Is Likely to Prevail in His Argument that the United States is Not an Indispensable Party .......... 16

3. Givens is Likely to Prevail in His Argument that the Contingency Fee Contract Need Not Have Been Approved by the United States .......... 18

E. This Motion Is Accompanied by Plaintiff's Declaration .......... 23

F. The Court Need Not Hold a Hearing on this Motion .......... 24

G. The Writ Should Attach to the Amount of the Existing Debt Due and Owing, Which Is $239,654.01, Plus Accrued Prejudgment Interest .......... 24

H. Givens Will Provide Sufficient Sureties Before Issuance of the Writ .......... 25

I. The Court Should Order Delia to Instruct the BIA and/or the BTFA to Pay the Attached Funds into the Registry of the Court .......... 25

IV. CONCLUSION .......... 25

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Plaintiff Raymond C. Givens, by his undersigned counsel, hereby moves, pursuant to Rule 64 of the Federal Rules of Civil Procedure, for a prejudgment writ of attachment. The basis for this motion follows.

## I. INTRODUCTION

The Alaska Superior Court recently ruled in Givens' favor, in *Leroy Oenga, Jr., Petitioner, v. Raymond C. Givens, Respondent*, Case No. 2BA-23-111CI,[1] rejecting the application of Oenga to vacate the Decision and Order of the Fee Arbitration Panel of the Alaska Bar Association, in *Leroy Oenga, Jr., Petitioner, v. Raymond Givens, Respondent*, ABA File No. 2021F012.[2] The Superior Court confirmed the arbitrators' decision that Givens' fee, incurred in representing Defendant Joseph Delia and the other Oenga heirs to increase the rent received for their Native allotment, was reasonable. In light of the decisions of the arbitrators and the Superior Court, Givens is likely to prevail in his action against Delia before this Court. Accordingly, the Court should grant Givens' motion for a prejudgment writ of attachment now, under Rule 64.

For the past three years, Delia has not paid Givens' contingency fee from Delia's share of the annual rents from the Native allotment, which rents were dramatically increased due to Givens' efforts. *Delia has paid nothing to Givens for years 2022, 2023,*

[1] Docket No. 35-2 (Sealed)

[2] Docket No. 35-1 (Sealed)

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*and 2024, keeping all those rent payments for himself.* Under the contingency fee contract, as amended, Delia was obligated to pay Givens a total of $157,141.69 from those rents. The basis for calculating that amount is shown in the table attached as Exhibit 1 to the Declaration of Raymond C. Givens [Filed Under Seal]. To best understand the above, Givens urges the Court to review that table.

Givens' motion for a prejudgment writ of attachment should be granted now for a very practical reason: The next rent payment to Delia likely will be made in August or September of 2024, and Givens wants to give the Court sufficient time to rule before then on his motion for a prejudgment writ of attachment. The instant motion asks the Court for an order requiring Delia to direct that the upcoming rental payment to him be transferred into the registry of the Court, or to such other account as the Court deems appropriate, to be held pending the outcome of this case.

Givens' instant motion does not ask the Court to adjudicate the merits of his dispute with Delia or to make payment to Givens. Instead, the motion simply asks the Court to rule that Givens is *likely* to prevail in this case, and to *set aside* the upcoming rent payment to Delia so that it is available to either party at the end of the case. If Delia prevails in this case, the funds will be returned to him. If Givens prevails, the funds will go to him. A prejudgment writ of attachment should be issued because Givens may have difficulty, for a number of reasons, in collecting the amount owed to him at the end of this case.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Givens has filed a motion to lift the stay in the companion case, *Raymond C. Givens v. Leroy Oenga, Jr.*, Case No. 3:21-cv-00008-HRH (the -008 case), to be allowed to file a parallel motion for a prejudgment writ of attachment in that case.[3] On today's date, Givens lodged in the -008 case his proposed attachment motion there. As the Court previously noted, this action (the -121 case) and the -008 case raise common questions of law and fact[4] and are heavily interrelated[5]: They concern the same land. They concern the same family. They concern the same underlying litigation before the Court of Federal Claims. They concern the same settlement of that litigation. They concern the same attorney who worked on behalf of the family. They concern the same contingency fee contract and amendments. They concern the same lessee of the land. They concern the same replacement lease. And they concern many of the same factual and legal issues.

Givens understands that the Court wishes to avoid piecemeal litigation of the -121 and the -008 cases. Accordingly, the Court should grant at the same time the attachment motions in both the -121 case and the -008 case.

---

[3] Docket No. 101 in the 008 case.

[4] Docket No. 20, at 3, in the -121 case; Docket No. 82, at 3, in the 008 case.

[5] Docket No. 24 in the -121 case; Docket No. 83 in the -008 case.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## II. THE STANDARD FOR ISSUANCE OF PREJUDGMENT WRIT OF ATTACHMENT

The standard for the issuance by the Court of a prejudgment writ of attachment is summarized below.

### A. Rule 64 Adopts State Law Regarding Prejudgment Attachment

Rule 64 of the Federal Rules of Civil Procedure adopts the law of the state where the federal court is located for the issuance of prejudgment writs of attachment. That rule states, in relevant part:

> **(a) Remedies Under State Law—In General.** At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.
> . . . .
>
> **(b) Specific Kinds of Remedies.** The remedies available under this rule include the following—however designated and regardless of whether state procedure requires an independent action:
> . . . .
> attachment
> . . . .

Accordingly, Alaska law regarding prejudgment writs of attachment applies here.

That law is to be applied by this Court following federal court procedure. Wright & Miller, 11A *Federal Practice and Procedure Civil* § 2932 (3d. ed. 2023) states:

> Except as otherwise provided by the Constitution of the United States or an applicable statute, provisional remedies, which authorize seizing a person or property to secure satisfaction of the potential judgment, are available in a federal action if

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

> authorized under the law of the state where the district court is located.
>
> ****
>
> Although state law ordinarily determines when and how a provisional remedy is obtained, it has no effect on the underlying action to which the provisional remedy is incident.

Likewise, in *Bahrain Telcoms. Co. v. DiscoveryTel, Inc.*, 476 F.Supp.2d 176, 183 (D. Conn. 2007), the court wrote:

> Rule 64 thus authorizes a federal court to borrow relevant state law on provisional remedies. And although the federal civil rules govern the conduct of the action in federal court, state law determines when and how a provisional remedy is obtained.

**B. Alaska Law Regarding Prejudgment Attachment**

Prejudgment writs of attachment in Alaska are governed by AS 09.40.010 - .110, and by Alaska Civil Rule 89. The requirements for the issuance of a writ are summarized below:

- The action is based on an express or implied contract. AS 09.40.010(a)(1).
- The contract is not secured. AS 09.40.010(a)(1).
- The property to be attached is not exempt from execution. AS 09.40.030.
- The plaintiff is likely to prevail in the action. Alaska Civil Rule 89(d).
- The plaintiff's motion is to be accompanied by his affidavit in support. Alaska Civil Rule 89(b).

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

- The defendant may request an evidentiary hearing. Alaska Civil Rule 89(c).
- The writ is to be issued in the amount of the existing debt due and owing. (Alaska Civil Rule 89(b)(2).
- The plaintiff shall provide sufficient sureties to protect the defendant if he should prevail in the action. AS 09.40.020.
- To implement the writ, the court has discretion in fashioning a mechanism of securing payment that the court deems just. AS 09.40.010(b); Alaska Civil Rule 89(j).

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## III. THE REQUIREMENTS FOR PREJUDGMENT ATTACHMENT ARE MET HERE

The requirements under Alaska law for the issuance of a prejudgment writ of attachment are met here. This can be seen from the following:

### A. Givens Claim Against Delia Is Based on an Express Contract (AS 09.40.010(a)(1))

It is undisputed that Delia signed the contingency fee contract and each of its two amendments. Accordingly, Givens' action against Delia is based on an express contract.

### B. The Contract Is Not Secured (AS 09.40.010(a)(1))

It is undisputed that the contingency fee contract between Givens and Delia is not secured.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

**C. The Property to be Attached Is Not Exempt from Execution (AS 09.40.030)**

Givens does not ask the Court to attach property that is exempt from execution. Instead, Givens asks that the Court order Delia to instruct the Bureau of Indian Affairs ("BIA") and/or the Bureau of Trust Funds Administration ("BTFA") to forward to the registry of the Court, or to such other account as the Court deems appropriate, Delia's portion of the rent that is expected to be paid by Hilcorp Alaska LLC in August or September 2024 for year 2025.

This Court entered a similar order in *Givens v. Wallace Oenga*, Case No. 3:19-cv-0043-HRH. There, the Court ruled, over the objection of the United States, that it could direct the Clerk of Court, standing in that defendant's shoes under Rule 70(a) of the Federal Rules of Civil Procedure, to instruct the Office of Special Trustee (subsequently renamed the BTFA) to pay Givens' fee from funds in that defendant's Individual Indian Money ("IIM") account. *A fortiori*, here the Court can order Delia to instruct the BIA and/or the BTFA to forward his portion of the rents to the registry of the Court, or to such other account as the Court deems appropriate.

Further, and in any event, the funds in Delia's IIM account are not exempt from execution under any of the defenses and affirmative defenses asserted by him. *See* discussion below.

### D. Givens Is Likely to Prevail in this Action (Alaska Civil Rule 89(d))

Givens is likely to prevail against Delia in this action. This is the principal consideration regarding a prejudgment writ of attachment.

Givens' complaint asserts that Delia breached his obligation to pay his share of Givens' contingent attorney fee, as payment for Givens having dramatically increased the share of yearly rents that Delia receives from the Native allotment.

Delia's answer to Givens' complaint denies Delia's obligation to pay Givens, asserting 10 affirmative defenses.[6] As discussed below, Givens is likely to prevail regarding those defenses.

A number of Delia's affirmative defenses are boilerplate, and he provides no support for them in his answer or elsewhere.[7] There is no basis in fact or law for those defenses. Accordingly, the Court should conclude that Givens is likely to prevail regarding them.

---

[6] Docket No. 7.

[7] They include the following: (1) The Plaintiff fails to state a claim upon which relief may be granted; (2) The Plaintiff's claims are barred, in whole or in part, by the doctrines of issue preclusion/collateral estoppel and/or res judicata; (3) The Plaintiff's claims are barred, in whole or in part, by the statute of limitations and/or the equitable doctrine of laches; (4) The Plaintiff has failed to adequately mitigate damages, if any; and (7) The Defendant fully performed all obligations under the Contingency Fee Contract and owes the Plaintiff nothing.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522



Case 3:23-cv-00121-HRH Document 36 Filed 05/22/24 Page 10 of 26

Three of Delia's affirmative defenses were advanced by Leroy Oenga, Jr., in proceedings before the Fee Arbitration Panel of the Alaska Bar Association ("Panel"), in ABA No. 2021F012, and before the Alaska Superior Court in its review of that Panel's decision, in 2BA-23-00111 CI.[8] The decisions of the Panel and the Superior Court rejected those arguments. Because Givens prevailed against Oenga regarding those defenses, this Court should conclude, for purposes of the instant motion, that Givens is likely to prevail regarding them against Delia. Those defenses and the decisions of the Panel and the Superior Court are discussed below.

Finally, two of Delia's affirmative defenses were advanced by Oenga in proceedings before the Panel and the Superior Court,[9] but neither addressed those

---

[8] They include the following: (5) The Plaintiff's claims are barred by his own actions and the equitable doctrine of unclean hands. On information and belief, the Plaintiff committed serious breaches of his ethical and professional duties while purporting to represent the Defendant.; (8) The Contingency Fee Contract, as amended, cannot be enforced because it violates public policy. Among other things, the Contingency Fee Contract, as amended, imposes an unreasonable fee for attorney services in violation of the applicable rules of professional conduct governing attorneys and the Plaintiff's ethical duties.; and (10) The Contingency Fee Contract, as amended, cannot be enforced because it was entered into as a result of coercion, undue influence, or duress. On information and belief, the Plaintiff intimidated the Defendant and other Oenga heirs, including through physical acts, to sign the attorney fee agreements.

[9] They include the following: (6) Under Federal Rule of Civil Procedure 19, full relief cannot be granted without joinder of the United States as a defendant in this action, and this Court lacks subject matter jurisdiction to join the United States based on sovereign immunity; and (9) The Contingency Fee Contract, as amended, cannot be enforced because it is illegal. Among other things, the Contingency Fee Contract, as

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

defenses, instead deferring them for decision by this Court. For the reasons discussed below, this Court should conclude that Givens is likely to prevail regarding those defenses.

**1. Givens Is Likely to Prevail in His Argument that Delia Is Bound, Under Principles of Res Judicata, by the Decision of the Superior Court Affirming the Oenga Fee Arbitration Decision**

The Panel in Oenga's fee arbitration had little difficulty concluding that Givens' fee is reasonable, under the standards of Alaska Bar Rule 35(a) and Alaska Code of Professional Conduct 1.5(a). The Panel's decision found that Givens had not acted unethically or inappropriately in his representation of the Oenga heirs. And the Panel's decision found that the amendments to the contingency fee contract were appropriate, in that each reduced Givens' fee.

As noted above, the Alaska Superior Court recently affirmed the Panel's decision.

Givens is likely to prevail in his argument that Delia is bound, under the principles of res judicata, by the decision of the Superior Court affirming the Panel's decision. Federal courts sitting in diversity, as is the case here, apply state rules of res judicata, which include both claim preclusion and issue preclusion (sometimes referred

amended, was not approved by the United States as required by 25 U.S.C. § 410 and implementing regulations.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

to as collateral estoppel). In *Semtek International, Inc. v. Lockheed Martin Corp*., 531 U.S. 497 (2001), the Supreme Court wrote:

> Since state, rather than federal, substantive law is at issue there is no need for a uniform federal rule. And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits.

*Id*., at 508.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Under the Alaska law of res judicata, Delia is bound by the Superior Court's decision affirming the results of Oenga's fee arbitration. In *Donnelley v. Eklutna, Inc*., 973 P.2d 87 (Alaska 1999), the Alaska Supreme Court held that family members holding the same interests in the same land were in privity, and thus bound, by a prior decision regarding the same property. In that case, the federal courts had previously ruled against the father's homestead claim to the property, and the Alaska Supreme Court ruled that his children were barred by res judicata from making similar claims to the same property under Section 14(c)(1) of the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. 1613(a)(1). The *Donnelly* court wrote:

> While the general rule is that litigants are not bound by judgments resulting from prior litigation to which they were not parties, the most common exception is that for nonparties who are in privity with parties may be bound. Courts will

> conclude that parties are in privity with one another where the parties are so closely related that it is fair to legally bind both.
>
> ****
>
> Applying these principles, we find ample basis to conclude that the Donnellys were in privity with Mr. Donnelly in the federal litigation. The Donnelly family occupied the disputed land jointly as homesteaders. Though each now asserts an individual claim, the claims all derive from the family's common occupancy and are essentially identical to the section 14(c)(1) claim that Mr. Donnelly advanced in the federal case. The Donnellys knew of Mr. Donnelly's federal litigation, and Mrs. Donnelly actually participated in the case, first as a witness and later as a personal representative of Mr. Donnelly's estate.

*Id*., at 93.

Here, as in *Donnelly*, Delia and Oenga are members of the same family. They each hold the same type of interest in the same Native allotment. Their interests were jointly represented by Givens before the Court of Federal Claims and the subsequent settlement, and they both benefited from that representation. Although they each assert defenses against Givens' fee in separate actions, those defenses are essentially identical, as they all derive from the same contingency fee contract, as amended, and the same operative facts of Givens' representation of the Oenga family. Oenga was represented by counsel both in the arbitration and before the Superior Court, where Oenga made the same arguments that Delia makes in the instant action. Oenga introduced as an exhibit in the arbitration an earlier handwritten affidavit signed by Delia. *See* a copy of that affidavit, attached as Exhibit 2 to the accompanying Declaration of Raymond C. Givens

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

[Filed Under Seal]. Delia knew about the arbitration and the Superior Court review of the Panel's decision, but he chose not to intervene or otherwise participate in them. Under the Alaska law of issue preclusion, Delia was in privity with Oenga and is bound by the decisions of the Panel and the Superior Court.

Delia would certainly have relied defensively on the decisions of the Panel and the Superior Court if they had been favorable to Oenga, and thus to himself. Delia cannot be heard to argue now that Givens cannot rely offensively on those decisions when they were favorable to him. *See State v. United Cook Inlet Drift Association*, 868 P.2d 913, 917-18 (Alaska 1994) (court allows application of non-mutual offensive collateral estoppel).

Further, Delia is bound by the Superior Court's decision even if Oenga intends to pursue an appeal from it to the Alaska Supreme Court. In *Robi v. Five Platters, Inc.*, 838 F.2d 318 (9th Cir. 1988), the Ninth Circuit Court of Appeals wrote, regarding res judicata: "[A] decision rendered by a court of competent jurisdiction is presumptively correct." *Id.*, at 327 (internal citation and quotation marks omitted). The Ninth Circuit added: "[I]n federal courts . . . the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided." *Id*. (internal citation and quotation marks omitted). Likewise, 18A Wright & Miller, *Federal Practice and Procedure* § 4433 states:

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

> [T]he fact that an appeal is pending may not prevent an action to register or enforce the prior judgment and does not prevent attachment of the judgment debt as an asset of the judgment creditor. This federal rule is binding when the preclusive effects of a federal judgment are asserted in a state action, but federal courts will honor the contrary rule of a state court whose judgment is offered in a federal action.

For the reasons stated above, Givens has prevailed regarding the following affirmative defenses asserted by Delia: (5) (unclean hands); (8) (unreasonable fee); and (10) (coercion, undue influence, duress). At the least, the Court should conclude that, for purposes of the instant motion, Givens is *likely* to prevail regarding those defenses.

This leaves only the following affirmative defenses asserted by Delia, which were not addressed by the Panel or the Superior Court, to be considered here by this Court: (6) (sovereign immunity of the United States, as an indispensable party); and (9) (the contingency fee contract was not approved by the United States). For the reasons discussed below, this Court should also conclude that Givens is likely to prevail regarding those defenses.

**2. Givens Is Likely to Prevail in His Argument that the United States is Not an Indispensable Party**

Delia argues that this action should be dismissed because the United States is an indispensable party, under Rule 19 of the Federal Rules of Civil Procedure, but it has not waived sovereign immunity. Delia's affirmative defense (6). For the following reasons, Givens is likely to prevail in his argument that the United States is not an indispensable party here.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Rule 19 provides that a person must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The United States is not an indispensable party to this action because the Court can accord complete relief among the existing parties in the absence of the United States. By disposing of this action in the absence of the United States, the Court will not, as a practical matter, impair or impede the ability of the United States to protect its interest. And by disposing of this action in the absence of the United States, Delia will not be subject to a risk of incurring double, multiple, or otherwise inconsistent obligations.

Further, the United States is not an indispensable party for purposes of the instant motion. Givens asks the Court to implement the writ of attachment by ordering Delia to instruct the BTFA to make payment of the amount of the writ into the registry of this Court, to be held by it pending judgment in this action. Givens does not ask the Court to give any instructions to, or take any action regarding, the BFTA or the United States.

Finally, the funds in Delia's IIM account are not exempt from execution under federal law. *See* discussion below, at Section III.D.3.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### 3. Givens Is Likely to Prevail in His Argument that the Contingency Fee Contract Need Not Have Been Approved by the United States

Delia argues that Givens' contingency fee contract with the Oenga heirs is unenforceable and illegal because it was not approved in advance by the United States, under 43 U.S.C. § 410. Delia's affirmative defenses (9). As noted above, although Oenga made that argument to the Panel and the Superior Court, they did not address it, deferring the decision to this Court. For the reasons discussed below, Givens is likely to prevail in his argument that the fee agreement need not have been approved by the United States.

In making his argument before the Panel and the Superior Court, Oenga relied on *Law Offices of Vincent Vitale, P.C. v. Tabbytite*, 942 P.2d 1141 (Alaska 1997). However, that decision is inapposite for the following reasons.

First, the Alaska Native client in *Vitale* had not signed a fee agreement promising to pay the attorney from the client's IIM account. Here, in contrast, the Delia heirs, including Delia's father, *had* signed such a fee agreement.

Further, the attorney in *Vitale* represented a Native client against the Municipality of Anchorage for money owned on a claim of inverse condemnation. Here, in contrast, Givens represented the Delia heirs *against the United States* for its breach of trust in failing to obtain fair market rent for their allotment. Givens did not first seek the United States' approval of his fee contract with Oenga heirs because he

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

believed the government likely would not approve it or would insist on terms that would dissuade Givens from taking the case in the first place. Unlike in *Vitale*, in this circumstance federal statutes that require the consent of the United States to a fee agreement concerning a Native allotment have no application. This can be seen from cases applying longstanding principles of equity and trust law.

In *United States v. Equitable Trust Company of New York*, 283 U.S. 738 (1931), the Supreme Court ruled that attorneys could be paid their fee from the proceeds they successfully recovered concerning an Indian allotment, even though approval of their fee agreement by the United States, under a federal statute enacted to protect allottees, had not been obtained. *Equitable Trust* stated:

> It is a general rule in courts of equity that a trust fund which has been recovered or preserved through their intervention may be charged with the costs and expenses, including reasonable attorney's fees, incurred in that behalf.
>
> ****
>
> We make the assumption that the restrictions had substantially the same application to the fund that they had to the land from which it was derived, but we think the [government's] argument carries them beyond their purpose and the fair import of their words. Without doubt they were intended to be comprehensive and to afford effective protection to the Indian allottees, but we find no ground for thinking they were intended to restrain courts of equity when dealing with situations like that disclosed in this litigation from applying the rules which experience has shown to be essential to the adequate protection of a wronged cestui que trust . . .

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Id*., at 744-45.

In *Arenas v. Preston*, 181 F.2d 62 (9th Cir. 1950), the Ninth Circuit Court of Appeals applied the principles stated in *Equitable Trust* to facts similar to those present here. In *Arenas*, an attorney successfully represented an Indian in a suit against the United States claiming the government had breached its trust duty to the Indian by failing to award him a restricted allotment. The attorney and his client had signed a contingency fee agreement giving the attorney a lien against the allotment to secure his fee, if the litigation succeeded. The United States challenged the lien, arguing that it was invalid because the government had not approved the fee agreement, as required by a federal statute enacted to protect Indian allottees.

Relying on *Equitable Trust*, the Ninth Circuit in *Arenas* concluded that the lien was valid, even though the attorney had not obtained the government's approval of the fee agreement. Applying the principles stated in *Equitable Trust*, the *Arenas* court wrote:

> Without doubt [the restrictions] were intended to be comprehensive and to afford effective protection to the Indian allottees, but we find no ground for thinking they were intended to restrain courts of equity when dealing with situations like that disclosed in this litigation from applying the rules which experience has shown to be essential to the adequate protection of the wronged cestui que trust . . .
>
> *****
>
> Appellant United States in the instant case makes practically the same argument as it made in the Equitable case. That is,

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

that the court cannot apply the general rule, to wit: That a court of equity may settle incidental questions as well as fundamental questions, because the applicable statutes in this case do not specifically authorize it. It is also argued that as to our case the applicable statute does not authorize the impression of a lien upon property, because its foreclosure would have the effect of disposing of a part of the property. But the Supreme Court rejected the argument by saying that it was intended that the restrictions on the allotted land, which apply as well to produce from the land, should afford protection to the allottee, rather than to restrict courts of equity from giving such protection.

Since the restrictions on the land and its produce are one and the same and since attorney fees and expenses necessary to protect the fund can be paid out of the fund, it follows that so much of the land as is necessary to satisfy the lien can be resorted to for these necessary expenses.

The appellant's argument carries it to the cruelly farcical posture that the government must protect the Indian by strictly preventing any diminution of the allotted land even though by exercising such protection the Indian without funds cannot have any part of his rightful allotment of the land. It must be remembered that the fundamental consideration is the protection of a dependent people. . . And legislation must be construed in the way most favorable to the Indian.

****

When the United States authorized the Indian to make the United States an adversary party in its own courts, it did so knowing that the Indian by himself was incapable of taking advantage of the privilege and that attorney fees and other expenses would be the unavoidable concomitant. It also knew that the Indian litigant, with few exceptions, was without the means to meet the necessary expenses. It seems to us that Congress could not have intended to commit the subject to its courts with any paralyzing limitation but, in

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

> committing the subject to its courts it intended them to fully exercise their general equitable jurisdiction. The chancellor will, of course, see to it that no unconscionable fee or extravagant expenditure will be allowed and will protect the allotment from being affected in the slightest unnecessary manner or degree.

*Id*., at 66-67 (internal citations omitted.)

The principles stated in *Equitable Trust* and *Arenas* remain the law. *Bogert's The Law of Trusts and Trustees* ("*Bogert on Trusts*") § 871 (2023) states:

> In suits to enforce the rights of trust beneficiaries the court exercises discretion as to the allowance of attorney fees and costs, either from the trust estate or from other sources.

*See also du Pont v. Southern National Bank of Houston, Texas*, 771 F.2d 874, 883 (5th Cir. 1985) (citing *Equitable Trust*, the court wrote: "[W]hen an attorney ad litem acts to preserve a trust for the benefit of a minor, then his expenses, although not taxable as costs, can be recovered from the trust.").

The facts of the instant action are analogous to those present in *Equitable Trust* and *Arenas*. Givens successfully represented allottees in a suit for breach of trust against the United States. The suit was brought under the Tucker Act of 1887, 28 U.S.C. §§ 1346(a) and 1491. That Act waived the United States' sovereign immunity from suits for damages based on claims of breach of a fiduciary duty. Under the principles stated in *Equitable Trust* and *Arenas* and recognized in *Bogert on Trusts,* federal statutes enacted to protect the interests of Indians and Alaska Natives in their

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

allotments, which statutes require the approval of the United States of attorney's fee contracts that touch the allotments, cannot be read, in light of the Tucker Act's waiver of sovereign immunity, to effectively prevent those Indians or Natives from being able to hire attorneys to sue the United States for breach of trust regarding those allotments.

Although in *Vitale* the Alaska Supreme Court declined to apply *Arenas* to affirm payment of an attorney's fee from the proceeds of a restricted Native allotment, 942 P.2d at 1148, as noted above the attorney there had not sued the United States for breach of trust, as in *Arenas* and as here. And again, the fee agreement in *Vitale* did not include an express promise by the client to pay the attorney from income generated by the allotment, as in *Arenas* and as here.

As noted above, Delia argues that the contingent fee contract between Givens and the Delia heirs is invalid and unenforceable because Givens had not obtained the approval of that contract by the United States, under 25 U.S.C. § 410. However, under the principles stated in *Equitable Trust* and *Arenas* and recognized in *Bogert on Trusts*, Congress cannot be presumed to have intended those statutes to be applied to effectively insulate the United States from suit for breach of trust.

**E. This Motion Is Accompanied by Plaintiff's Declaration (Alaska Civil Rule 89(b))**

Under the Alaska civil rules, a motion for a prejudgment writ of attachment is to be accompanied by an affidavit of the plaintiff. Because this motion is governed by the

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

federal civil rules, a declaration can be used instead. The instant motion is supported by the accompanying Declaration of Raymond C. Givens.

**F. The Court Need Not Hold a Hearing on this Motion (Alaska Civil Rule 89(c))**

Although the Alaska rules of procedure provide that a defendant may request a hearing on a motion for a prejudgment writ of attachment, the federal rules of procedure apply here. This Court has discretion under its local civil rules to decide whether a hearing is necessary. Local Rule 7.1(f) and (g). Givens submits that a hearing is not necessary here. There are no factual issues to be resolved, and the Court can rely on briefing by the parties to resolve the issues of law. If the Court disagrees, Givens requests that, consistent with the purpose of Alaska Civil Rule 89(c), that hearing be scheduled soon.

**G. The Writ Should Attach to the Amount of the Existing Debt Due and Owing, Which Is $157,141.70, Plus Accrued Prejudgment Interest (Alaska Civil Rule 89(b)(2))**

The writ should attach to the existing debt due and owing. Delia has not paid Givens from Delia's share of rents paid for years 2022, 2023, and 2024. As of the date of the instant motion, the total principal amount owed is $157,141.70. *See* the accompanying Declaration of Raymond C. Givens (Filed Under Seal). In addition, because this is a diversity action, prejudgment interest at the Alaska rate of 8.5% is also owed, calculated at the date of issuance of the writ.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

### H. Givens Will Provide Sufficient Sureties Before Issuance of the Writ (AS 09.40.020)

A prejudgment writ of attachment may be issued by the Court upon Givens providing sufficient sureties, as ordered by the Court. Givens will provide such sureties.

### I. The Court Should Order Delia to Instruct the BIA and/or the BTFA to Pay the Attached Funds into the Registry of the Court (AS 09.40.010(b); Alaska Civil Rule 89(j))

Under Alaska law, to implement the writ of attachment, the Court has discretion in fashioning a mechanism of securing payment that the Court deems just. Further, the Court has the inherent authority to enforce its orders and writs. *Spallone v. United States*, 493 U.S. 265, 276 (1990).

To implement the writ of attachment, the Court should order Delia to instruct the BIA and/or the BTFA to pay from Delia's share of the rent, expected to be paid in August or September of 2024, for year 2025 rent, the attached funds into the registry of this Court, or to such account as the Court deems appropriate.[10]

## IV. CONCLUSION

For the reasons stated above, the Court should issue a prejudgment writ of attachment in the amount of $157,141.70, plus accrued prejudgment interest. To

[10] It is likely that there will be sufficient funds paid to Delia in August or September of 2024 for year 2025 rent to pay the full amount of the writ. *See* Declaration of Raymond C. Givens [Filed Under Seal]. Givens reserves the right to supplement the instant motion to attach future rent payments to Delia.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

implement the writ, the Court should order Delia to instruct the BIA and/or the BTFA to pay that amount into the registry of this Court. That payment should be made from the year 2025 rent payment that is expected to be made by Hilcorp in August or September of 2024, for year 2025.

A proposed order and a proposed writ of attachment accompany this motion.

DATED: May 22, 2024.

RUSSELL L. WINNER
WINNER & ASSOCIATES, P.C.
Attorneys for Plaintiff Raymond C. Givens

By: /s/ Russell L. Winner
Russell L. Winner
Alaska Bar No. 7811179

**Certificate of Service**

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

/s/ Russell L. Winner
Russell L. Winner

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522