IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>      Plaintiff,<br><br> vs.<br><br>JOSEPH DELIA,<br><br>      Defendant. | No. 3:23-cv-0121-HRH |

### SCHEDULING AND PLANNING ORDER

  **I.**  **Meeting of the Parties.**

Based upon information available to the court through a scheduling and planning conference report[1] completed by the parties pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and to Local Civil Rules 16.1 and 26.1(b), and, if one was held, the scheduling and planning conference, this order for the pretrial development of the case is entered pursuant to Rule 16(b), Federal Rules of Civil Procedure.

**This order may be modified only for good cause shown and with the consent of the court. Rule 16(b)(4), Federal Rules of Civil Procedure.**

**Unless otherwise ordered, conferences, hearings, and trials are subject to the provisions of the court's restoration of operations plan posted on the court's public website:** http://www.akd.uscourts.gov **.**

---

[1] Docket No. 74.

SCHEDULING AND PLANNING ORDER                                - 1 -

II. **Discovery Plan.**

Discovery shall be conducted in accordance with Rules 26 through 37 of the Federal Rules of Civil Procedure, any applicable Local Civil Rules, and the discovery plan specified in the parties' scheduling and planning report, except as otherwise provided below.

    A.     Timing, Form, and Disclosure Requirements. The requirements of Rule 26(f)(3)(A) shall apply to this case. No changes have been requested by the parties. Each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Rule 26(a) and (e), Federal Rules of Civil Procedure. Unless required in support of a motion or by order of the court, disclosures and supplemental disclosures are not to be filed with the court.

    B.     Initial Disclosures / Preliminary Witness Lists.

        1.     The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:

            (a)   ✓   has been exchanged by the parties.

            (b)   ___   shall be exchanged by the parties on or before _____.

        2.     Preliminary witness lists:

            (a)   ___   have been exchanged by the parties.

            (b)   ✓   shall be exchanged by the parties on or before **September 16, 2024**.

3. With reference to the disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

   (a) \_\_\_ The parties are in compliance.

   (b) \_\_\_ Compliance shall be accomplished on or before _____.

   (c) ✓ Rule 7.1 is not applicable.

C. <u>Subjects and Timing of Discovery</u>.

   1. The parties \_\_ have / ✓ **have not** reported the subjects on which discovery may be needed. If not, please supply a list of discovery subjects within **7 days**.

   2. Discovery **shall not** be conducted in phases or limited to or focused on particular issues.

   3. The parties **have not** shown cause for a discovery close date beyond **12 months** from their report.

   4. <u>Final Discovery Witness List</u>. A final discovery witness list, disclosing all lay witnesses whom a party may wish to call at trial either by live testimony or deposition, shall be served and filed not later than **45 days** before the close of fact discovery. Each party shall make a good faith attempt to list only those lay witnesses who the party reasonably believes will testify at trial. Unless otherwise ordered for good cause shown, only those lay witnesses disclosed in this final discovery witness list, and the expert witnesses who were timely identified, will be permitted to testify at trial.

5. Close of Fact Discovery. Fact discovery shall be completed on or before **March 7, 2025**.

6. Expert Discovery. Pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure:

   (a) Expert witnesses shall be identified by each party on or before **February 14, 2025**, and each party may identify responsive supplemental expert witnesses within **14 days** thereafter.

   (b) Expert disclosures (reports) required by Rule 26(a)(2) shall be disclosed:

   (i) By all parties on or before **April 4, 2025**.

   (ii) Rebuttal reports on or before **30 days** from service of the report being rebutted.

   (c) Expert witness discovery (including depositions) shall be completed by **May 23, 2025**.

D. Preservation of Discovery, Including Electronically Stored Information (ESI).

1. No issues have been reported as regards disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced. **But see paragraph II.E.3 regarding sealed documents.**

2. The parties shall proceed as they have proposed with respect to the production of ESI.

3. Preservation of non-ESI Discovery:

(a) ✓ There is no indication that this will be an issue.

(b) ___ The parties may proceed as they have proposed.

E. <u>Claims of Privilege or Protection of Attorney Work Product</u>. Claims of privilege or protection of trial preparation materials shall be handled as follows:

1. ✓ There is no indication that this will be an issue.

2. ___ The parties have entered into a confidentiality agreement.

3. ✓ The parties shall submit their proposed confidentiality agreement on or before **July 26, 2024**.

F. <u>Limitations on Discovery</u>. The following limitations on discovery are imposed:

1. ✓ The limitations set forth in Federal Rules of Civil Procedure 26(b), 30, and 33 and in Local Civil Rules 30.1 and 36.1 apply, except as indicated below.

2. ___ The maximum number of depositions by each party shall not exceed ___.[2]

(a) ___ Depositions shall not exceed ___ hours as to any deponent.

(b) ___ Depositions shall not exceed ___ hours as to non-party deponents.

---

[2]Unless otherwise specified, the court will consider corporate officer, Rule 30(b)(6) witness, and expert witness depositions to be subject to the time limitation applicable to party depositions.

SCHEDULING AND PLANNING ORDER - 5 -

(c) \_\_\_ Depositions shall not exceed \_\_\_ hours as to party deponents.

3. \_\_\_ The maximum number of interrogatories posed by each party shall not exceed \_\_\_.

4. \_\_\_ The maximum number of requests for admissions posed by each party shall not exceed \_\_\_.

5. \_\_\_ Other limitations: _____.

G. <u>Supplementation of Disclosures and Discovery Responses</u> shall be supplemented:

1. ✓ In accordance with Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure.

2. \_\_\_ At intervals of _____ days.

## III. **Pretrial Motions.**

A. Preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation shall be served and filed not later than:

1. ✓ Not applicable.

2. \_\_\_ [Date]

B. Motions to amend, motions under the discovery rules, motions <u>in limine</u>, and dispositive motions shall be served and filed within the times specified by the applicable rules, except as indicated below:

1. \_\_\_ Motions to amend pleadings, including motions to add parties, shall be served and filed not later than _____. Thereafter, a party must seek leave of court to modify

this deadline.  See Rule 16(b)(3)(A) and (b)(4), Federal Rules of Civil Procedure.

2. ✓ Discovery disputes (including ESI) shall be presented to the court as soon as discovery problems are identified, but not later than **14 days** after the close of discovery. If the meet-and-confer process (see Rule 37(a)(1)) fails to resolve disagreements regarding mandatory initial discovery or discovery requests, the parties shall present that dispute to the court in a single, joint motion, stating the issue, any applicable rules, and each party's proposed disposition of the dispute.  The joint motion must contain the Rule 37(a)(1) certification.  The court may resolve the dispute based upon the parties' presentations or after a conference call.  At a conference, the court may authorize the filing of a discovery motion.

3. ✓ Dispositive motions shall be served and filed not later than **30 days after the close of all discovery and not before a procedure for dealing with sealed/confidential documents has been proposed and approved by the court**.

4. ✓ Motions in limine, including motions as to qualification of experts and Daubert motions, shall be served and filed not later than **30 days** following the later of the

date for the filing of dispositive motions or the date of the court's ruling on timely dispositive motions.

**IV. Trial.**

A. The court expects the case to take **10 days** for trial.

B. A jury trial  ✓ **has** / __ has not been demanded.

C. The right to jury trial ___ is / ✓ **is not** disputed.

D. Scheduling Trial.

    1.   ✓   An early trial date:

        (a)   ___   Is approved.

        (b)   ✓   Is not approved.

If approved, a separate trial scheduling order will be issued.

    2.   ✓   Either party may request a trial setting conference at any time to establish a trial date. But see Rule 40.1(b), Local Civil Rules. Absent a request, and when timely filed dispositive motions have been ruled upon, the court will call upon the parties to certify the case ready for trial and to provide the court with proposed trial dates. The court will issue an order governing final preparation for trial and scheduling a final pretrial conference after the case has been certified ready for trial.

    3.   ✓   The parties __ have / ✓ **have not agreed** on an early trial date.

V. **Other Provisions.**

A. Court Conference. The parties have not requested a conference with the court before entry of a scheduling order.

B. Consent to Proceed before a Magistrate Judge. The parties have not consented to trial before a Magistrate Judge.

C. Early Settlement / Alternative Dispute Resolution. The parties have considered and reported to the court regarding possible alternative dispute resolution procedures.

D. Related Cases. The parties have reported to the court regarding any related cases as defined by Local Civil Rule 16.1(e).

DATED at Anchorage, Alaska, this  24th  day of July, 2024.

/s/  H. Russel Holland
United States District Judge