**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS,  )
                                        )
               Plaintiff,  )
                                          )
    vs.  )
                                          )     No. 3:23-cv-0121-HRH
JOSEPH DELIA,  )
                                          )
              Defendant.  )
_____)

O R D E R

Motion for Writ of Attachment[1]

Plaintiff Raymond C. Givens moves for a prejudgment writ of attachment. That motion is supported by counsel's sealed declarations.[2] Defendant Delia has responded, opposing Givens' motion.[3] Givens has replied.[4]

Oral argument has not been requested and is not deemed necessary. Neither party has requested an evidentiary hearing; and an evidentiary hearing is deemed unnecessary because the fundamental facts underlying this court's decision are not in dispute.

---

[1]Docket No. 36.

[2]Docket Nos. 38 and 41.

[3]Docket No. 56.

[4]Docket No. 63.

Order – Motion for Writ of Attachment                                      - 1 -

By his complaint,[5] Givens seeks the enforcement of a contingent fee contract for legal services provided by Givens for the benefit of Andrew Oenga heirs, including Delia, with respect to the Oenga Native allotment which, with Bureau of Indian Affairs (BIA) approval, was leased to Alaska oil and gas producers, currently Hilcorp. By his answer to Givens' complaint, Delia denies the principal allegations of the complaint and asserts ten affirmative defenses.

The fees which are the subject of Givens' complaint are to be funded by the rental payments made annually by Hilcorp for the possession and use of the Andrew Oenga Native allotment. Hilcorp pays the annual rentals to the Bureau of Indian Affairs (BIA) for the benefit of the Oenga heirs' Bureau of Trust Funds Administration (BTFA) accounts. The fee agreement provided that the heirs, such as Delia, would annually request that the BIA or BTFA pay to Givens the Oenga heirs' pro rata shares of the annual rentals. Delia has failed to make the foregoing request for lease years 2022, 2023, and 2024. Givens calculates the fees owed him for the foregoing years at $157,141.69. It is anticipated that the 2025 rental payment will be made by Hilcorp during August or September of 2024. It is in the foregoing context that Givens moves for a writ of attachment, by which he would have the court sequester Delia's share of attorney fees owed to Givens by a deposit into the registry of the court pending a determination on the merits of the case – that is, who gets the $157,141.69.

The foundation for Givens' motion for writ of attachment is Rule 64, Federal Rules of Civil Procedure, which incorporates Alaska Law as regards "seizing a person or property." Rule 64 provides:

---

[5]Docket No. 1.

Order – Motion for Writ of Attachment                                                                 - 2 -

(a)  Remedies Under State Law – In General.  At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment.  But a federal statute governs to the extent it applies.

(b)  Specific Kinds of Remedies.  The remedies available under this rule include the following – however designated and regardless of whether state procedure requires an independent action ...

• attachment[.]

Thus the attachment which Givens seeks is possible within the limits of Alaska Civil Rule 89, AS 09.40.010-.110, unless federal law precludes seizure of the money in question.

In his motion for a writ of attachment, Givens contends that the facts and law of this case comport with the requirements of Alaska Civil Rule 89 and AS 09.40.010-.110, and that seizure of the money in question is not foreclosed by 25 U.S.C. § 410.  As discussed below, Delia argues that the Alaska rule and statutes and federal law, 25 U.S.C. § 410, do not authorize a writ of attachment in this case.  Givens and Delia have briefed and argued the following propositions in support of or in opposition to the issuance of a writ of attachment in this case.

**1. Alaska Civil Rule 89 authorizes Givens' request for a writ of attachment.**

As a general proposition, Rules 64 and 89, Alaska Rules of Civil Procedure, authorize the issuance of writs of attachment for the seizure of property.  Delia argues that although Givens characterizes his motion as a request for prejudgment attachment, he is in fact seeking a preliminary injunction, by which he seeks to effect the sequestering of funds paid by Hilcorp to the BIA for Delia's BTFA account.

Order – Motion for Writ of Attachment                                                                 - 3 -

Relying upon <u>Aleut Corp. v. Arctic Slope Regional Corp.</u>, 424 F. Supp. 397 (D. Alaska 1976), Delia argues that there is no statutory or common law right in Alaska to the sequestration of funds. But in <u>Martin v. Coastal Village Region Fund</u>, 156 P.3d 1121 (Alaska 2007) (which post-dated <u>Aleut Corp.</u>), the Alaska Supreme Court approved the entry of a preliminary injunction for purposes of preserving funds pending a final judgment. The court concludes that Alaska Civil Rules 64 and 89 encompass the kind of sequestration of funds which Givens seeks to effect by his motion for a writ of attachment.

**2. The action is based upon an express or implied contract.**

AS 09.40.010 establishes the "[a]ctions in which attachment is authorized." AS 09.40.010(a)(1) provides that a writ of attachment may be available "in an action upon an express or implied contract for the payment of money."

It is undisputed that Givens'complaint is based upon an express contact, as amended, and that Delia was a signator to that contract.

**3. The contract is not secured.**

AS 09.40.010(a)(1) provides in pertinent part that a plaintiff may seek a writ of attachment "if [his] contract is neither secured by mortgage, lien, nor pledge upon real or personal property, or, if secured, the security is insufficient to satisfy a judgment that may be recovered by the plaintiff[.]" It is undisputed that the attorney fee contact which is the subject of Givens' complaint is not secured in any fashion.

**4. Is the property to be attached exempt from execution?**

AS 09.40.030 provides that "[a]ll property in the state not exempt from execution may be attached."

Order – Motion for Writ of Attachment                                                      - 4 -

Section .030 sets out two factors which must be established in order to obtain a writ of attachment. First, property to be attached must be "in the state." Second, the property to be attached must not be exempt from execution.

Delia argues that AS 09.40.030 does not authorize attachment of Delia's BTFA account because that account is not property within the state. Givens points out that he is in fact not seeking to attach any money. Rather, he is seeking injunctive relief as to Delia for purposes of sequestering funds. The relief which Givens seeks is directed at Delia. Finally, Givens points out that the United States Supreme Court has ruled that "[o]nce personal jurisdiction of a party is obtained, the District Court has authority to order it to 'freeze' property under its control, whether the property is within or without the United States." United States v. First National City Bank, 379 U.S. 378, 384 (1965). Clearly the court has personal jurisdiction of Delia.

Given the broad effect which the Alaska Supreme Court gives Alaska Civil Rules 64 and 89, the language of AS 09.40.030 seeming to limit attachments to "property in the state" does not foreclose the issuance of an injunction to Delia for purposes of effecting the sequestration of sufficient funds to protect the payment of fees arguably due Givens for calendar years 2022, 2023, and 2024.

Turning to the question of whether or not the "exempt from execution" provision of AS 09.40.030 has application in this case, Delia contends that money deposited to his BTFA account is exempt based upon 25 U.S.C. § 410. Section 410 provides in pertinent part that:

> No money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period ... except with the approval and consent of the Secretary of the Interior.

Order – Motion for Writ of Attachment                                                  - 5 -

Section 410 does not preclude the type of relief which Givens actually seeks.

The relief which Givens seeks is an injunction directed at Delia employing the BIA-approved procedure for disbursement of funds from a Native person's trust account. That procedure has been used by the BIA to effect the payment of attorney fees owed Givens.

The injunctive relief which Givens seeks does not violate the terms of 25 U.S.C. § 410.

**5. Likelihood of Givens succeeding on the merits of his claim.**

Both Givens and Delia have argued the legal merits of Givens' motion for a writ of attachment and Delia's affirmative defenses to Givens' claims.

Alaska Rule of Civil Procedure 89(d) provides that the court must:

> require the plaintiff to establish by a preponderance of the evidence the probable validity of the plaintiff's claim for relief in the action and the absence of any reasonable probability that a successful defense can be asserted by the defendant.

Givens contends that he is likely to prevail on his argument that Delia is bound under res judicata principles by the decision of the Alaska Superior Court, which in Oenga v. Givens, 2BA-23-111CI,[6] affirmed an Arbitration Panel Decision that attorney fees sought by Givens were reasonable. The court assumes for the sake of discussion that it is unlikely that the Alaska Supreme Court (to which a further appeal has been taken) would reverse the decision of the Superior Court which affirmed the Arbitration Panel's reason-ableness decision. But that reasonableness decision in the related case, even if binding upon the parties in this case, is insufficient by itself to establish the likelihood of Givens succeeding on the merits of his attorney fee contract complaint.

---

[6]Docket No. 53 (Sealed).

Order – Motion for Writ of Attachment - 6 -

The principal issue raised by Givens' complaint and Delia's affirmative defenses arose from the fact that the attorney fee contract which Givens seeks to enforce was not approved in advance by the BIA. Givens argues authorities[7] which support his contention that BIA approval of his attorney fee contract was not required, and Delia argues authorities[8] standing for the proposition that BIA advance approval of the attorney fee contact was required by 25 U.S.C. § 410.

The facts underlying Givens' complaint and Delia's affirmative defenses of contract, probate, and Indian law matters are not in dispute. The court deems it inappropriate to address the merits of potentially dispositive, conflicting legal opinions as to the absence of BIA approval of Givens' fee contract or other disputed contract or probate issues in the context of a motion for a prejudgment writ of attachment.

Turning to Delia's affirmative defenses, he does not have to establish the probable validity of any affirmative defense. Rather, Rule 89(d) puts on Givens the burden of establishing the absence of a probably successful affirmative defense. Givens' evidence and legal arguments fail to establish the probable validity of Givens' complaint and fails to establish "the absence of any reasonable probability that a successful defense" can be asserted by Delia.

---

[7]United States v. Equitable Tr. Co., 283 U.S. 738 (1931), and Arenas v. Preston, 181 F.2d 62 (9th Cir. 1950).

[8]Law Offices of Vincent Vitale, P.C. v. Tabbytite, 942 P.2d 1141 (Alaska 1997).

Order – Motion for Writ of Attachment

<u>Conclusion</u>

Givens' motion for a writ of attachment in the form of an injunction seeking the sequestration of money expected to be deposited into Delia's BFTA account is denied.

DATED at Anchorage, Alaska, this  <u>29th</u>  day of July, 2024.


/s/ H. Russel Holland
United States District Judge

Order – Motion for Writ of Attachment                                                                                          - 8 -