Matt Mead, Alaska Bar No. 0711095
Andrew Erickson, Alaska Bar No. 1605049
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
mattm@lbblawyers.com
andye@lbblawyers.com

*Attorneys for Defendant Joseph Delia*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS, ) ) Plaintiff, ) ) v. ) ) JOSEPH DELIA, ) ) Defendant. ) ) | Case No. 3:23-cv-00121-HRH |

### STIPULATION AND AGREEMENT REGARDING DOCUMENTS FILED UNDER SEAL

The Defendant Joseph Delia and Plaintiff Raymond C. Givens (individually each a "Party" and collectively, the "Parties") hereby stipulate to the following:

WHEREAS, Plaintiff Raymond C. Givens sued Defendant Joseph Delia for payment of attorney's fees in the above-captioned action (the "Litigation"); and

WHEREAS, in the Litigation, the Parties previously entered into a Confidentiality Agreement, dated July 11, 2023, Docket No. 12-1, and approved by this Court, Docket No. 13, providing that the Parties may exchange discovery materials containing confidential information in the other's possession; and

WHEREAS, during a June 27, 2024 scheduling and planning conference, the Court expressed a desire that documents be filed publicly in the Litigation to the extent reasonably possible, and the Parties and the Court recognized that the procedures for filing confidential documents under seal have proven cumbersome and inefficient in this case; and

WHEREAS, on July 24, 2024, this Court ordered the Parties to submit their proposed confidentiality agreement by July 26, 2024, and provided that dispositive motions may not be filed before a procedure for dealing with sealed/confidential documents has been proposed and approved by the Court, Docket No. 75 at 7; and

WHEREAS, on July 29, 2024, this Court granted Plaintiff's unopposed motion for an extension of time until August 26, 2024 to file the Parties' proposed confidentiality agreement, Docket No. 77; and

WHEREAS, the Parties, through their respective attorneys, have engaged in extensive discussions regarding the nature and scope of confidential information and confidential documents in this case, and during those discussions the Parties have recognized a significant difficulty in proposing a single, streamlined process for filing confidential documents under seal—the Parties have concluded that it may be possible to

docket certain, and perhaps most, confidential documents in the public record after redacting the confidential information contained therein, while other confidential documents should be filed under seal in their entirety for good cause; and

WHEREAS, the Parties wish to bring to this Court's attention the fact that certain confidential documents in this case may be (a) required to be kept confidential by their own terms or other court orders (e.g., proprietary oil company documents that were produced pursuant to protective orders in other cases, leases, amended leases, and confidential settlement agreements); (b) protected in whole or part by the attorney-client privilege; or (c) governed by Alaska Bar Rule 40(r) and/or Superior Court Judge Roetman's confidentiality orders in *Oenga Jr. v. Givens*, No. 2BA-23-111CI.

NOW THEREFORE, the Parties propose the following procedures to govern confidential documents in this case:

1. The Parties will continue to abide by the conditions contained in the Confidentiality Agreement, Docket No. 12-1, with respect to confidential documents exchanged by the Parties during discovery in this case.

2. The Parties will continue to follow the procedures under Local Rule 7.4(f) governing filing documents under seal.

3. The Parties will work with each other in good faith to identify confidential documents that may be filed in the public record in redacted form and to limit the filing of confidential documents that would be filed under seal in their entirety.

4. Based on the foregoing good faith discussions, if a Party wishes to file a confidential document under seal, that Party will provide notice to the other Party within a reasonable amount of time before filing, and request that the non-filing Party consent to the filing under seal. Such consent will not be unreasonably refused.

5. In all cases, the Parties will avoid filing documents under seal unnecessarily.

Respectfully submitted.

DATED: August 23, 2024        LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____
Matt Mead, Alaska Bar No. 0711095
Andrew Erickson, Alaska Bar No. 1605049

*Attorneys for Defendant Joseph Delia*

DATED: August 23, 2024        WINNER & ASSOCIATES, P.C.

*/s/ Russell L. Winner*

_____
Russell L. Winner, Alaska Bar No. 7811149

*Attorney for Plaintiff Raymond C. Givens*

# CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson