Andrew Erickson, Alaska Bar No. 1605049
Matt Mead, Alaska Bar No. 0711095
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com
mattm@lbblawyers.com

*Attorneys for Defendant Joseph Delia*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JOSEPH DELIA, | ) ) |
| Defendant. | ) Case No. 3:23-cv-00121-HRH ) |

## DEFENDANT'S RESPONSE TO NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND MOTION FOR SUBSTITUTION OF PLAINTIFF

On March 20, 2025, counsel for Plaintiff Raymond C. Givens filed a Notice of Appointment of Personal Representative and Motion for Substitution of Plaintiff on behalf of Maria M. Givens.[1] The motion seeks to substitute Maria in her capacity as the personal

---

[1] Docket 88.

representative of the estate of Raymond C. Givens as the plaintiff in this action after Ray's unfortunate passing.[2] Although Defendant Joseph Delia acknowledges that under Alaska law, contract claims generally survive a plaintiff's death and may be continued by the personal representative,[3] there are important issues of confidentiality that this Court should address before granting substitution.

If substituted as the plaintiff, Maria would likely require access to documents and information exchanged by the parties to date and going forward in this case. But that raises a challenging question: Does a non-attorney personal representative of a former attorney's estate automatically become entitled to the privileged and confidential information of the attorney's former client?[4] Delia is not sure that his privileged and confidential information

---

[2] Docket 86 (Notice of Death of Plaintiff).

[3] AS 09.55.570. Technically, Count I of the Complaint, Docket 1 at 9, raises a claim for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and thus, AS 09.55.570 does not apply. *See Carlson v. Green*, 446 U.S. 14, 23 (1980) (whether federal claims survive plaintiff's death is a question of federal law). Counts III and IV are not actually causes of action but rather requests for specific forms of relief based on the breach of contract claim in Count II.

[4] Delia is not aware of any reported cases in which this precise issue has arisen before. Although there are numerous cases describing the rights of an attorney's estate to bring claims to collect fees owed by the deceased attorney's former client, none of those cases explicitly address a non-attorney personal representative's right to access or use confidential or privileged information to pursue litigation against the former client.

*Givens v. Delia*                                                              Case No. 3:23-cv-00121-HRH
Defendant's Response to Motion for Substitution of Plaintiff                  Page 2 of 6

Case 3:23-cv-00121-HRH     Document 89     Filed 03/27/25     Page 2 of 6

representative of the estate of Raymond C. Givens as the plaintiff in this action after Ray's unfortunate passing.[2] Although Defendant Joseph Delia acknowledges that under Alaska law, contract claims generally survive a plaintiff's death and may be continued by the personal representative,[3] there are important issues of confidentiality that this Court should address before granting substitution.

If substituted as the plaintiff, Maria would likely require access to documents and information exchanged by the parties to date and going forward in this case. But that raises a challenging question: Does a non-attorney personal representative of a former attorney's estate automatically become entitled to the privileged and confidential information of the attorney's former client?[4] Delia is not sure that his privileged and confidential information

---

[2] Docket 86 (Notice of Death of Plaintiff).

[3] AS 09.55.570. Technically, Count I of the Complaint, Docket 1 at 9, raises a claim for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and thus, AS 09.55.570 does not apply. *See Carlson v. Green*, 446 U.S. 14, 23 (1980) (whether federal claims survive plaintiff's death is a question of federal law). Counts III and IV are not actually causes of action but rather requests for specific forms of relief based on the breach of contract claim in Count II.

[4] Delia is not aware of any reported cases in which this precise issue has arisen before. Although there are numerous cases describing the rights of an attorney's estate to bring claims to collect fees owed by the deceased attorney's former client, none of those cases explicitly address a non-attorney personal representative's right to access or use confidential or privileged information to pursue litigation against the former client.

should be shared freely to a stranger who is not bound by any of the rules of professional conduct governing the attorney-client relationship that Delia entered into with Ray.[5]

In this case, Ray and Delia had taken cooperative steps to limit disclosure of privileged and confidential information. In August 2024, the parties jointly submitted a Stipulation and Agreement Regarding Documents Filed Under Seal, recognizing

> that certain confidential documents in this case may be (a) required to be kept confidential by their own terms or other court orders (e.g., proprietary oil company documents that were produced pursuant to protective orders in other cases, leases, amended leases, and confidential settlement agreements); (b) protected in whole or party by the attorney-client privilege; or (c) governed by Alaska Bar Rule 40(r) and/or Superior Court Judge Roetman's confidentiality orders in *Oenga Jr. v. Givens*, No. 2BA-23-111CI.[6]

Ray and Delia committed to "continu[ing] to abide by the conditions contained in the Confidentiality Agreement, Docket No. 12-1, with respect to confidential documents

---

[5] Under Alaska Rule of Professional Conduct 1.6, "a *lawyer* may reveal a client's confidence or secret to the extent the *lawyer* reasonably believes necessary . . . (5) to establish a claim or defense on behalf of the *lawyer* in a controversy between the *lawyer* and the client" (emphases added). Although the personal representative normally steps into the shoes of the decedent, Maria is not a "lawyer" and cannot step into Ray's shoes for purposes in which the Rule 1.6 exception applies. Notably, Alaska Bar Rule 31 contemplates that a court-appointed attorney (a "trustee counsel") will be granted "all the powers of a personal representative" with respect to a deceased attorney, with the added protection that the trustee counsel will be "bound by the attorney-client privilege with respect to client confidences contained in the records of the unavailable attorney."

[6] Docket 81 at 3.

exchanged by the Parties during discovery in this case."[7] The Confidentiality Agreement provides that "[e]ach Party will produce unredacted copies of Confidential Documents to the other Party and his attorneys, as may be requested by them and as appropriate in the Litigation," and "[e]ach Party and his attorneys will keep confidential the Confidential Documents received from the other Party."[8]

If this Court decides that it is appropriate to substitute Maria in her capacity as personal representative of Ray's estate as the plaintiff in this action, Delia respectfully requests that this Court first impose the following conditions:

*First*, the Confidentiality Agreement (Docket 12-1) should be amended to add reasonable limitations on Maria's access to Delia's privileged and confidential information. Unredacted copies of confidential documents should be controlled by and retained only by Maria's attorney in this matter. If Maria needs to review any confidential information, she should be required to do so in the presence of her attorney who will ensure that the confidential information is protected from copying or unauthorized use.

*Second*, the Confidentiality Agreement should be amended to recognize and clearly specify that none of Ray's client files that he retained from his prior representation of Delia, nor confidential information produced by any party in this litigation, may be retained by Maria—or any subsequent personal representative—after the litigation concludes. Such a

---

[7] *Id*.

[8] Docket 12-1 at 2.

*Givens v. Delia*     Case No. 3:23-cv-00121-HRH
Defendant's Response to Motion for Substitution of Plaintiff     Page 4 of 6

Case 3:23-cv-00121-HRH   Document 89   Filed 03/27/25   Page 4 of 6

provision is necessary in light of the ambiguity regarding Ray's estate's (or Maria's) entitlement, if any, to Ray's client files.[9]

*Third*, Maria should be required to personally sign the amended Confidentiality Agreement, acknowledging that she will be bound by its terms. If any other person succeeds Maria as personal representative of Ray's estate, the same conditions will apply.

It is important to remember that Delia was haled into court by his former attorney, Ray, who already had possession of Delia's privileged and confidential information by virtue of Ray's prior professional relationship with Delia. Now that Ray has passed away, Delia is faced with the unfortunate and novel prospect that in order to continue with his defenses in this case, *all* his privileged and confidential information may be shared with a third-party, who is not—and has never been—subject to a professional duty to maintain Delia's confidences. The principles of due process require this Court to thoroughly consider Delia's rights to protect his privileged and confidential information. If the motion for substitution is not denied, this Court should adopt reasonable limitations on the personal representative's access to Delia's information.

Respectfully submitted.

---

[9] Docket 12-1 at 3 ("At the conclusion of the Litigation, all copies of Confidential Documents will be returned to the providing Party's attorney, *except that each Party may retain copies of Confidential Documents that relate to him directly or to which that Party was entitled to receive independent of this Litigation*." (emphasis added)).

DATED: March 27, 2025        LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*
_____
Andrew Erickson, Alaska Bar No. 1605049
Matt Mead, Alaska Bar No. 0711095

*Attorneys for Defendant Joseph Delia*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*
_____
Andrew Erickson

*Givens v. Delia* — Case No. 3:23-cv-00121-HRH
Defendant's Response to Motion for Substitution of Plaintiff — Page 6 of 6

Case 3:23-cv-00121-HRH   Document 89   Filed 03/27/25   Page 6 of 6