RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Email: rwinner@winnerlaw.com
Attorney for Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RAYMOND C. GIVENS,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSEPH DELIA,<br><br>    Defendant. | Case No. 3:23-cv-00121-HRH |

**REPLY TO DEFENDANT'S RESPONSE TO NOTICE OF APPOINTMENT OF PERSONAL REPRESENTATIVE AND MOTION FOR SUBSTITUTION OF PLAINTIFF**

Defendant Joseph Delia has filed a response[1] to the notice that Maria M. Givens

has been appointed the Personal Representative of the Estate of Raymond C. Givens

---

[1] Docket No. 89.

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH         Page 1 of 6

("Estate") and the accompanying motion to have her substituted, in that capacity, as the plaintiff herein.[2] Delia does not oppose that motion.[3] Instead, he expresses concern about issues of confidentiality. That concern, however, can be addressed by the parties

---

[2] Docket No. 88.

[3] Without opposing the motion for substitution, a footnote in Delia's response appears to raise questions about the continued vitality of some of the claims and remedies sought by Mr. Givens. Delia's Response, at 2 n.3. However, those claims and remedies survive Mr. Givens' death and can be advanced by the Estate.

This is a diversity action, and Mr. Givens' claims against Delia are based on breach of contract under state law, seeking remedies for that breach. Alaska Statute 09.55.570 provides, in pertinent part: "All causes of action by one person against another, whether arising on contract or otherwise, except those involving defamation of character, survive to the personal representatives of the former and against the personal representatives of the latter . . ." Federal Civil Rule 25(a) provides, in pertinent part: "If a party dies and the claim is not extinguished, the court may order substitution of the property party. A motion for substitution may be made by any party or by the decedent's successor or representative."

Delia suggests that AS 09.55.570 may not apply to Givens' claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. However, that act gives the Court jurisdiction to declare "the rights and other legal relations of any interested party seeking such declaration," provided that the declaration is sought "[i]n a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). The jurisdiction afforded by this statute is not limited to declaring only federal law, and Delia does not argue that this is not a case of actual controversy within this Court's jurisdiction.

Delia cites *Carlson v. Green*, 446 U.S. 14, 23 (1980), for the proposition that federal law, not state law, governs whether federal claims survive a plaintiff's death. That case is inapposite, however. It was brought under federal question jurisdiction, not, as here, under diversity jurisdiction. Givens' claims are based on breach of contract under state law, not on claims based on a violation of federal law.

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH  Page 2 of 6

Case 3:23-cv-00121-HRH   Document 90   Filed 04/02/25   Page 2 of 6

agreeing to revise their Stipulation and Agreement Regarding Documents Filed Under Seal ("Confidentiality Agreement")[4] to make it applicable to Ms. Givens, and by the Court approving that revised Confidentiality Agreement.[5]

Upon the Court granting the motion for substitution, Ms. Givens, as Personal Representative of the Estate, will be stepping into Mr. Givens' shoes as the plaintiff herein. To effectively prosecute this action, Ms. Givens must have access to all documents and information necessary and appropriate to do so.

Ms. Givens is Raymond Givens' daughter – she is not an attorney, and she did not represent Delia, as Mr. Givens had done. Although the attorney-client privilege regarding Delia's communications with Mr. Givens is held by Delia and survives Mr. Givens' death, in the context of this case Delia's rights under that privilege are not absolute.[6] Those rights can be addressed in a revised Confidentially Agreement and a Court order approving it, making them applicable, as appropriate, to Ms. Givens.

---

[4] Docket No. 81, incorporating by reference of Docket No. 12-1.

[5] *See*, *e.g.*, Docket No. 82.

[6] *See* Alaska Rule of Professional Conduct 1.6(b)(5), which provides: "A lawyer may reveal a client's confidence or secret to the extent the lawyer reasonably believes necessary . . . to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client . . ." The Comment to this rule states: "A lawyer entitled to a fee is permitted by paragraph (b)(5) to prove the services rendered in an action to collect it. This aspect of the rule expresses the principle that the beneficiary of a fiduciary relationship may not exploit it to the detriment of the fiduciary."

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                Page 3 of 6

Case 3:23-cv-00121-HRH   Document 90   Filed 04/02/25   Page 3 of 6

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Anticipating that the above course will be followed, Delia asks the Court to impose in advance three conditions on any revised Confidentiality Agreement. Each will be addressed in turn.

First, Delia asks the Court to broadly restrict Ms. Givens' access to privileged and confidential information. Delia asks that unredacted confidential documents be controlled and retained only by Ms. Givens' attorney, and that Ms. Givens not be given copies of them. Further, Delia asks that if Ms. Givens needs to review any confidential information, that occur only in the presence of her attorney.

Such broad restrictions are not acceptable. Ms. Givens lives in Spokane, Washington, and her undersigned attorney lives in Anchorage, Alaska. It would be impracticable and unduly burdensome to require Ms. Givens to meet with undersigned counsel to review all confidential documents and information. Further, as noted above, any concerns that Delia may have as a result of Ms. Givens receiving copies of confidential documents or information can be addressed in a revised Confidentiality Agreement and Court order. It may be acceptable, for example, that this agreement and order provide that Ms. Givens receive copies of documents that redact Delia's social security number, bank account information, and Individual Indian Money account information.

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH    Page 4 of 6

Case 3:23-cv-00121-HRH    Document 90    Filed 04/02/25    Page 4 of 6

Second, Delia asks that the revised Confidentiality Agreement and Court order provide that once this action is concluded, Ms. Givens return copies of documents containing confidential information concerning Delia. That should be acceptable.

Third, Delia asks that Ms. Givens personally sign the revised Confidentiality Agreement. Again, that should be acceptable.

For the reasons stated above, the Court should grant the motion to substitute Ms. Givens, as Personal Representative of the Estate, as the plaintiff in this action. Further, the Court should ask the parties' attorneys to confer and file a revised Confidentiality Agreement, for review and approval by the Court. Finally, the Court should instruct the Clerk of Court to change the docket and caption of this case to reflect the new plaintiff, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

DATED: April 2, 2025.

>       RUSSELL L. WINNER
>       WINNER & ASSOCIATES, P.C.
>       Attorneys for Maria M. Givens, as Personal
>       Representative of the Estate of Raymond C. Givens
>
>       By:   /s/ Russell L. Winner
>             Russell L. Winner
>             Alaska Bar No. 7811179

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                         Page 5 of 6

Case 3:23-cv-00121-HRH    Document 90    Filed 04/02/25    Page 5 of 6

## Certificate of Service

    I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

                                /s/ Russell L. Winner
                                    Russell L. Winner

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                                                 Page 6 of 6

Case 3:23-cv-00121-HRH    Document 90    Filed 04/02/25    Page 6 of 6