# SECOND CONFIDENTIALITY AGREEMENT

This Second Confidentiality Agreement is entered into on the last date signed below by and between Defendant Joseph Delia and Plaintiff Maria M. Givens, as Personal Representative of the Estate of Raymond C. Givens (individually, each a "Party"; and collectively, the "Parties"), by their respective undersigned attorneys.

## Recitals

WHEREAS, on May 26, 2023, attorney Raymond C. Givens sued his former client, the Defendant, for payment of attorney's fees in the United States District Court for the District of Alaska, Case No. 3:23-cv-00121-HRH ("Litigation"); and

WHEREAS, on July 11, 2023, Raymond C. Givens and the Defendant entered into a Confidentiality Agreement in the Litigation, Docket No. 12-1, which was subsequently approved by the Court, Docket No. 13; and

WHEREAS, on March 4, 2025, counsel for Raymond C. Givens filed a Notice of Death of Plaintiff, Docket No. 86, noting on the record the death of Raymond C. Givens; and

WHEREAS, on April 8, 2025, the Court ordered that Maria M. Givens, as personal representative of the Estate of Raymond C. Givens, be substituted

as the Plaintiff in the Litigation, and the Court asked the parties to jointly propose to the Court a revised confidentiality agreement on or before April 30, 2025, Docket No. 91; and

WHEREAS, in the Litigation, the Parties may request production of, or otherwise be entitled to, copies of certain documents containing confidential information in the other's possession, including, but not limited to, the following: the Defendant's attorney-client privileged documents and confidential information that were received by Raymond C. Givens during his representation of the Defendant and the Oenga heirs; proprietary oil company documents; leases; amended leases; confidential settlement agreements; financial and personal information about other persons, including, without limitation, the other Oenga heirs and former clients of Plaintiff; all documents regarding the fee arbitration in *Leroy Oenga, Jr. v. Givens*, Alaska Bar Association File No. 2021F012; and confidential court orders from other cases (collectively, "Confidential Documents"); and

WHEREAS, subject to the foregoing, each Party is willing to provide copies of Confidential Documents to the other Party and its attorneys, provided that they agree to take reasonable steps to protect the confidentiality of the Confidential Documents, as provided herein.

## Agreement

NOW, THEREFORE, in consideration of the mutual covenants stated herein, the Parties agree as follows:

1. Upon execution of the "Agreement of the Personal Representative of the Estate of Raymond C. Givens to be Bound by this Second Confidentiality Agreement" in the form provided as Exhibit A, the Plaintiff may receive Confidential Information as is reasonably necessary for purposes of this Litigation and as consistent with this Second Confidentiality Agreement. If the Plaintiff ceases to be the Personal Representative of the Estate of Raymond C. Givens, the Plaintiff will promptly notify the Defendant and the Court, and the Plaintiff's rights to receive, review, or retain Confidential Information will immediately terminate.

2. Each Party will produce unredacted copies of Confidential Documents to the other Party and its attorneys, as may be requested by them and as appropriate in the Litigation, subject to the conditions stated herein. Confidential Documents will be marked clearly with the following language:

*Confidential Document*
*Case No. 3:23-cv-00121-HRH*
*Not to be copied or disclosed except as provided in the*
*Second Confidentiality Agreement*

**Exhibit A**

3. Neither Party nor its attorneys will use Confidential Documents for any purpose other than in this Litigation.

4. Each Party and its attorneys will keep confidential the Confidential Documents received during this Litigation.

5. Other than in court proceedings as approved by the Court, copies of Confidential Documents may be shown only to the following: each Party's attorneys' employees, consultants, investigators, or experts; outside scanning, photocopying, microfilming, or database service providers; trial support firms; graphic production services; litigation support services; the Court in the Litigation; court reporters and their staff; stenographers or video operators during depositions and deposition preparation; witnesses or potential witnesses in the Litigation to whom disclosure of the Confidential Documents is reasonably necessary; any mediator or arbitrator engaged by the Parties in connection with the Litigation; and the author or recipient of the Confidential Documents or a custodian or other person who otherwise possessed or knew the information.

6. Before copies of Confidential Documents are shown to any person identified above, each disclosing Party or his attorneys will inform that person in writing of the confidentiality of the Confidential Documents, as required by this Second Confidentiality Agreement, and secure, in writing, that person's

**Exhibit A**

agreement to be bound by this Second Confidentiality Agreement in the form attached as Exhibit B.

7. At the conclusion of the Litigation or in the event that the Plaintiff is no longer the Personal Representative of the Estate of Raymond C. Givens, the Plaintiff and the Plaintiff's attorneys will promptly return to the Defendant or destroy all copies of Confidential Documents. The restrictions on disclosure and use of Confidential Documents survive the conclusion of this Litigation, except with respect to documents that the Defendant was entitled to receive independent of this Litigation. This Confidentiality Agreement does not limit any Party's rights with respect to documents obtained through means or sources outside of this Litigation.

8. The Parties agree that, as may be ordered by the Court in the Litigation, Confidential Documents may be filed under seal according to the applicable court rules. The Parties further agree to abide by the terms and conditions stated in the Stipulation and Agreement Regarding Documents Filed Under Seal, Document No. 81.

8. This Second Confidentiality Agreement supersedes the Confidentiality Agreement entered into on July 11, 2023, Docket No. 12-1, except that any person who was shown Confidential Information under Paragraph 4 of

that Confidentiality Agreement will remain bound by the Confidentiality Agreement, and by the terms of this Second Confidentiality Agreement, and each Party's attorney will promptly advise each affected person of this Second Confidentiality Agreement upon its approval by the Court in the Litigation.

9. This Second Confidentiality Agreement will be filed with the Court in the Litigation, and the Parties will ask for a Court order confirming its terms.

DATED: April 28, 2025    LANDYE BENNETT BLUMSTEIN LLP

/s/ Andrew Erickson
_____
Andrew Erickson, Alaska Bar No. 1605049
Matt Mead, Alaska Bar No. 0711095

*Attorneys for Defendant Joseph Delia*

DATED: April 28, 2025    WINNER & ASSOCIATES, P.C.

/s/ Russell L. Winner
_____
Russell L. Winner, Alaska Bar No. 7811149

*Attorney for Plaintiff Maria M. Givens, as Personal Representative of the Estate of Raymond C. Givens*

# EXHIBIT A

Agreement of the Personal Representative of the Estate of Raymond C. Givens to be Bound by the Second Confidentiality Agreement

I, Maria M. Givens, am the duly-appointed Personal Representative of the Estate of Raymond C. Givens. I have been advised by my counsel of record, Russell L. Winner, who was also counsel of record for Raymond C. Givens in *Givens v. Delia*, Case No. 3:23-cv-00121-HRH, of the Second Confidentiality Agreement governing the production, disclosure, and retention of Confidential Documents and information produced in the Litigation. I have a read a copy of the Second Confidentiality Agreement and agree to abide by its terms.

_____
Maria M. Givens

4/30/2025
Date

*Givens v. Delia*  
Second Confidentiality Agreement  
Case No. 3:23-cv-00121-HRH  
Page 8 of 9

Exhibit A

Case 3:23-cv-00121-HRH    Document 94-1    Filed 04/30/25    Page 8 of 9

# EXHIBIT B

Agreement to Be Bound by Second Confidentiality Agreement

I, _____, have been advised by counsel of record for _____ in *Givens v. Delia*, No. 3:23-cv-00121-HRH of the Second Confidentiality Agreement governing the production and disclosure of confidential documents and information produced in this litigation. I have read a copy of the Second Confidentiality Agreement and agree to abide by its terms.

_____
Signature

_____
Date