Andrew Erickson, Alaska Bar No. 1605049
Matt Mead, Alaska Bar No. 0711095
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1100
Anchorage, AK 99501
(907) 276-5152
andye@lbblawyers.com
mattm@lbblawyers.com

*Attorneys for Defendant Joseph Delia*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARIA M. GIVENS, as Personal Representative of the Estate of Raymond C. Givens,<br><br>      Plaintiff,<br><br>v.<br><br>JOSEPH DELIA,<br><br>      Defendant. | Case No. 3:23-cv-00121-HRH |

## DECLARATION OF ANDREW ERICKSON IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Andrew Erickson, declare as follow:

    1.    I have personal knowledge of the facts and information set forth in this declaration, and if called as a witness, I could and would testify to them.

2. I am an attorney at the law firm of Landye Bennett Blumstein LLP and am counsel for Defendant Joseph ("Joe") Delia in the above-captioned matter. This declaration is submitted in support of the Defendant's Motion for Summary Judgment and to authenticate the exhibits referenced therein.

4. **Exhibit A** is a true and accurate copy of Plaintiff's Motion for Prejudgment Writ of Attachment, Docket No. 121, *Givens v. Oenga Jr.*, No. 3:21-cv-00008-HRH (D. Alaska June 11, 2024).

5. **Exhibit B** is a true and accurate copy of excerpts of the transcript of Raymond C. Givens' November 14 and 15, 2022 testimony under oath in the Alaska Bar Association Fee Arbitration matter of *Leroy Oenga v. Raymond C. Givens*, ABA No. 2021-F012, which was produced by the Plaintiff in this litigation and labeled G-003964, G-004097–004098, G-004147, G-004206, G-004258, G-004296–004697, and G-004476. Exhibit B is admissible evidence for the truth of the matters asserted pursuant to Federal Rule of Evidence 804(b)(1). Exhibit B is filed separately under seal pursuant to the Stipulation and Agreement Regarding Documents Filed Under Seal (Docket No. 81).

6. **Exhibit C** is a true and accurate copy of the Declaration of Raymond C. Givens, Docket No. 21, *Givens v. Oenga Jr.*, No. 3:21-cv-00008-HRH (D. Alaska May 10, 2021). Exhibit C is admissible evidence for the truth of the matters asserted pursuant to Federal Rule of Evidence 804(b)(1).

*Givens v. Delia*                                                                          Case No. 3:23-cv-00121-HRH
Declaration of Andrew Erickson                                             Page 2 of 10

Case 3:23-cv-00121-HRH     Document 96-1     Filed 06/06/25     Page 2 of 10

7. **Exhibit D** is a true and accurate copy of the Contingency Fee Contract, dated October 31, 2003, which was produced by the Plaintiff in this litigation and labeled G-000018–000025.

8. **Exhibit E** is a true and accurate copy of the Order on Motion for Reconsideration, Docket No. 54, *Givens v. Oenga Jr.*, No. 3:21-cv-00008-HRH (D. Alaska Sept. 24, 2021).

9. **Exhibit F** is a true and accurate copy of the Contingency Fee Contract First Amendment, dated August 5, 2011, which was previously filed at Docket No. 42-2, *Givens v. Wallace Oenga*, No. 3:19-cv-00043-HRH.

10. **Exhibit G** is a true and accurate copy of excerpts of the transcript of the deposition of Raymond C. Givens dated October 12, 2022, taken in the Alaska Bar Association Fee Arbitration matter of *Leroy Oenga v. Raymond C. Givens*, No. 2021-F012, which was produced by the Plaintiff in this litigation and labeled G-009312, G-009489–009490, G-009494–009495, and G-009553. Exhibit G is admissible evidence for the truth of the matters asserted pursuant to Federal Rule of Evidence 804(b)(1). Exhibit G is filed separately under seal pursuant to the Stipulation and Agreement Regarding Documents Filed Under Seal (Docket No. 81).

11. **Exhibit H** is a true and accurate copy of the Settlement Agreement and Release of All Claims, dated May 24, 2012, which was produced by

the Plaintiff in this litigation and labeled G-000642–000671. Exhibit H is filed separately under seal pursuant to the Stipulation and Agreement Regarding Documents Filed Under Seal (Docket No. 81).

12.   **Exhibit I** is a true and accurate copy of the U.S. Department of the Interior, Bureau of Indian Affairs, Lease Agreement, BIA Lease No. 985-1472, dated May 24, 2012, which was produced by the Plaintiff in this litigation and labeled G-000714–000736. Exhibit I is filed separately under seal pursuant to the Stipulation and Agreement Regarding Documents Filed Under Seal (Docket No. 81).

13.   **Exhibit J** is a true and accurate copy of the Fee/Cost Reduction Agreement, dated May 24, 2012, which was previously filed at Docket No. 42-2, *Givens v. Wallace Oenga*, No. 3:19-cv-00043-HRH.

14.   **Exhibit K** is a true and accurate copy of the Letter from Eugene R. Virden, Regional Director, BIA Alaska Region, to Raymond C. Givens (Dec. 9, 2011), which was previously filed with its current redactions at Docket No. 66, *Givens v. Wallace Oenga*, No. 3:19-cv-00043-HRH.

15.   **Exhibit L** is a true and accurate copy of the Complaint for Declaratory Judgment, Damages, and Specific Performance, Docket No. 1, *Givens v. Oenga Jr.*, No. 3:21-cv-00008-HRH) (D. Alaska Jan. 19, 2021).

16. **Exhibit M** is a true and accurate copy of the United States' Supplemental Brief Regarding Plaintiff's Motion to Enforce Judgment and Rule 70(a) Order and the Court's Order to Show Cause, Docket No. 69, *Givens v. Wallace Oenga*, No. 3:19-cv-00043-HRH (D. Alaska Mar. 19, 2020).

17. **Exhibit N** is a true and accurate copy of the Complaint for Declaratory Judgment, Damages, and Specific Performance, Docket No. 1, *Givens v. Wallace Oenga*, No. 3:19-cv-00043-HRH (D. Alaska Feb. 14, 2019).

18. **Exhibit O** is a true and accurate copy of the Order on Motion for Rule 60(b) Relief, Docket No. 90, *Givens v. Wallace Oenga*, No. 3:19-cv-00043-HRH (D. Alaska Mar. 1, 2023).

19. **Exhibit P** is a true and accurate copy of the Memorandum from Raymond C. Givens to the Oenga Heirs, dated August 15, 2011, which was produced by the Plaintiff in this litigation and labeled G-001156–001157.

20. **Exhibit Q** is a true and accurate copy of the Ballot regarding Settlement Agreement; Oenga v. US et al CFC#06-491L, which was produced by the Plaintiff in this litigation and labeled G-001239. The names of individuals who are not parties to this litigation have been redacted.

21. **Exhibit R** is a true and accurate copy of the Givens Law Firm, Account QuickReport, from 2008 through 2021, which was produced by the

Plaintiff in this litigation and labeled G-002702–002715. The names of individuals who are not parties to this litigation have been redacted.

22. **Exhibit S** are true and accurate copies of United States Treasury checks to Raymond C. Givens, which were produced by the Plaintiff in this litigation and labeled G-002272–002274, G-002314–002315, and G-002321–002323. The names and account numbers of individuals who are not parties to this litigation have been redacted.

23. **Exhibit T** is a true and accurate copy of the letter from Raymond C. Givens to Michael D. Stotts, dated September 11, 2003, which was produced by the Plaintiff in this litigation and labeled G-001161–001162.

//

//

24. Based on the information in Exhibits R and S, the following table demonstrates the date and amount of each payment that Joe made to Ray from 2006 to 2020, including the amounts of each payment that Ray allocated to his fees or costs. The table also provides a calculation of the total amount that Joe paid to Ray during the period from 2006 to 2020.

| Date | Total Paid | Fees | Costs | Bates Number Reference |
|---|---|---|---|---|
| 2006-06-07 | $954.45 | $954.45 | | G-2274 |
| 2006-10-19 | $398.19 | $398.19 | | G-2314 |
| 2007-10-25 | $198.98 | $198.98 | | G-2323 |
| 2008-11-03 | $201.63 | $167.97 | $33.66 | G-2715 |
| 2009-11-30 | $167.97 | $167.97 | | G-2714 |
| 2010-09-16 | $8,870.97 | $8,870.97 | | G-2713 |
| 2011-10-17 | $40,625.00 | $40,625.00 | | G-2712 |
| 2012-08-14 | $1,258,489.00 | $1,147,374.00 | $111,115.00 | G-2711 |
| 2012-10-24 | $41,300.99 | $41,300.99 | | G-2711 |
| 2013-10-28 | $42,025.58 | $42,025.58 | | G-2710 |
| 2014-10-17 | $42,896.50 | $42,896.50 | | G-2709 |
| 2015-10-02 | $42,949.60 | $42,949.60 | | G-2708 |
| 2016-10-05 | $43,381.54 | $43,381.54 | | G-2707 |
| 2017-09-27 | $44,086.52 | $44,086.52 | | G-2706 |
| 2018-10-12 | $45,352.47 | $45,352.47 | | G-2705 |
| 2019-11-07 | $46,100.11 | $46,100.11 | | G-2704 |
| 2020-10-13 | $44,451.88 | $44,451.88 | | G-2703 |
| 2020-11-09 | $1,855.80 | $1,855.80 | | G-2703 |
| **TOTAL** | **$1,704,307.18** | **$1,593,158.52** | **$111,148.66** | |

Table 1. Payments that Joe made to Ray.

25. Based on the information in Exhibits R and S, the following table demonstrates the total amounts that the Oenga heirs (including Joe) paid to Ray between 2006 and 2021, including an identification of payments allocated to Ray's attorney's fees or costs. The table also provides a calculation of the total amount that the Oenga heirs (including Joe) paid to Ray during the period from 2006 to 2021.

| Year | Total Paid | Fees | Costs | Bates Number Reference |
|---|---|---|---|---|
| 2006 | $133,513.29 | $133,513.29 | | G-2272–2274; G-2314–2315 |
| 2007 | $20,088.03 | $20,088.03 | | G-2321–2323 |
| 2008 | $15,122.16 | $12,597.75 | $2,524.41 | G-2715 |
| 2009 | $4,703.25 | $4,703.25 | | G-2714 |
| 2010 | $8,870.97 | $8,870.97 | | G-2713 |
| 2011 | $160,875.00 | $160,875.00 | | G-2712 |
| 2012 | $3,903,396.95 | $3,570,051.95 | $333,345.00 | G-2711 |
| 2013 | $82,370.14 | $82,370.14 | | G-2710 |
| 2014 | $1,335,898.14 | $1,229,227.14 | $106,671.00 | G-2709 |
| 2015 | $399,852.26 | $391,830.26 | $8,022.00 | G-2708 |
| 2016 | $171,744.62 | $171,744.62 | | G-2707 |
| 2017 | $135,758.25 | $135,758.25 | | G-2706 |
| 2018 | $134,243.33 | $134,243.33 | | G-2705 |
| 2019 | $51,602.21 | $51,602.21 | | G-2704 |
| 2020 | $375,773.16 | $375,773.16 | | G-2703 |
| 2021 | $95,842.65 | $95,842.65 | | G-2702 |
| **TOTAL** | **$7,029,654.41** | **$6,579,092.00** | **$450,562.41** | |

Table 2. Payments that the Oenga heirs (including Joe) made to Ray.

26. Based on the information in the preceding paragraph and Exhibit B at 7-8, I estimated that Ray's effective hourly rate, to date, for his representation of the Oenga heirs is at least $800.00 per hour. My calculation is based on the following:

    a. To date, Ray has received $6,579,092.00 in attorney's fees from the Oenga heirs. *See supra* ¶ 25.

    b. I assumed that Ray's own estimate of working up to 7,000 hours on behalf of the Oenga heirs is correct and that all the time he spent on the matter was reasonably necessary. *See* Exhibit B at 8.

    c. I also assumed that Ray's estimate of his paralegal working up to 3,000 hours on behalf of the Oenga heirs is correct and that all the paralegal's time was reasonably necessary. *See* Exhibit B at 8.

    d. Finally, I assumed that Ray's paralegal's hourly rate was $325.00, which would be an extremely high rate for a paralegal in 2012. 3,000 hours at $325.00 per hour equals $975,000.00 attributable to paralegal work. The remaining $5,604,092.00 that Ray has already received is attributable to Ray's 7,000 hours. Thus, Ray's effective hourly rate is $800.58.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

DATED: June 6, 2025

*/s/ Andrew Erickson*

_____

Andrew Erickson, Alaska Bar No. 1605049

*Attorney for Defendant Joseph Delia*

*Givens v. Delia*  Case No. 3:23-cv-00121-HRH
Declaration of Andrew Erickson  Page 10 of 10

Case 3:23-cv-00121-HRH   Document 96-1   Filed 06/06/25   Page 10 of 10