IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS, )
)
                Plaintiff, )
)
vs. )
)
LEROY OENGA, JR., )
) No. 3:21-cv-0008-HRH
                Defendant. )
_____)

O R D E R

Motion for Reconsideration

Plaintiff Raymond C. Givens moves[1] for reconsideration of the court's amended order[2] on defendant Leroy Oenga, Jr.'s motion to dismiss. The court permitted defendant to file a response to the motion for reconsideration, which defendant timely filed.[3] The court also permitted plaintiff to file a reply brief, which plaintiff has timely filed.[4] In addition, the

---

[1]Docket No. 44.

[2]Docket No. 42.

[3]Docket No. 47.

[4]Docket No. 49.

-1-

court asked the parties "to consult and consider seeking an opinion from bar counsel with respect to the interpretation of Alaska Bar Rule 34(c)(1)."[5] The parties did so and have provided the court with an opinion from Bar counsel, dated August 16, 2021.[6] Plaintiff has responded to Bar counsel's opinion in his opposition[7] to defendant's motion for a stay of proceedings.[8] In turn, defendant has responded to some of plaintiff's arguments related to the Bar counsel's opinion in his reply to his motion for a stay of proceedings.[9] Oral argument was not requested on the motion for reconsideration and is not deemed necessary.

Background

This case involves an attorney fee dispute arising out of plaintiff's representation of the Oenga heirs, which included defendant's father. The Oenga heirs claimed that "the U.S. Department of Interior, Bureau of Indian Affairs ('BIA'), [had] breach[ed] its fiduciary duties to them in approving a lease of a restricted Native Allotment, located at Point Heald, east of Prudhoe Bay, Alaska. . . ."[10] At the time plaintiff was representing the Oenga heirs,

---

[5]Order re Motion for Reconsideration at 1 n.3, Docket No. 45.

[6]Docket No. 50.

[7]Docket No. 51.

[8]Docket No. 48.

[9]Docket No. 52.

[10]Complaint [etc.] at 2, ¶ 6, Docket No. 1.

-2-

Exhibit E
Page 2 of 20

he "was admitted to practice law in Washington State and Idaho. . . ."[11] Under plaintiff's agreement with the Oenga heirs, he "was to be paid a percentage, on a sliding scale, of any increases in past and future rents he was able to obtain from the Allotment."[12]

Plaintiff "filed suit on behalf of the Oenga heirs in the Court of Federal Claims ('CFC') against the United States."[13] Plaintiff alleges that "[a]fter years of intensive litigation, on February 8, 2011, the CFC issued its Final Decision and Judgment in favor of the Oenga heirs, awarding them substantial damages for the failure to collect proper past rents, and a substantial increase in past and future rents from the Allotment."[14] Plaintiff alleges that an appeal was taken, but the parties ultimately entered into mediation and reached a comprehensive settlement.[15] The mediation took place on June 23, 2011, in Fairbanks, Alaska, and resulted in the execution of a confidential term sheet. Plaintiff was present in Fairbanks for the mediation.[16]

---

[11]Declaration of Raymond C. Givens at 1, ¶ 2, Docket No. 21.

[12]Complaint [etc.] at 2, ¶ 6, Docket No. 1.

[13]Id. at 3, ¶ 7.

[14]Id. at 3, ¶ 9.

[15]Id. at 3-4, ¶ 10.

[16]Exhibit A, Declaration of Counsel (Rachel B. Laussen), which is appended to Motion for Reconsideration of Order on Motion to Dismiss, Docket No. 32.

On August 5, 2011, plaintiff and the Oenga heirs executed a Contingent Fee Contract First Amendment. Plaintiff was present in Fairbanks for the execution of the amended fee agreement.[17]

On May 24, 2012, a final settlement agreement and a fee/cost reduction agreement were executed by the parties to the litigation and by the Oenga heirs and plaintiff. Plaintiff was present in Fairbanks for the signing of these agreements.[18]

Plaintiff alleges that defendant initially complied with his obligations under the amended Contingency Fee Contract, but plaintiff alleges that he "did not receive, and has not received, payment from [d]efendant from his share of rent from the Allotment for calendar year 2020" or calendar year 2021.[19]

On January 19, 2021, plaintiff commenced this action,[20] in which he asserts a breach of contract claim and claims for declaratory relief and specific performance for past and future payments due.

---

[17]Exhibit B, Laussen Declaration, which is appended to Motion for Reconsideration of Order on Motion to Dismiss, Docket No. 32.

[18]Exhibit C, Laussen Declaration, which is appended to Motion for Reconsideration of Order on Motion to Dismiss, Docket No. 32.

[19]Complaint [etc.] at 7-9, ¶¶ 17-18, 20-21, Docket No. 1.

[20]Docket No. 1.

-4-

On May 7, 2021, defendant moved to dismiss[21] this action pursuant to Alaska Bar Rule 39, which provides, in relevant part:

> At the time of service of a summons in a civil action against his or her client for the recovery of fees for professional services rendered, an attorney will serve upon the client a written "notice of client's right to arbitrate or mediate," which will state:
>
> You are notified that you have a right to file a Petition for Arbitration of Fee Dispute or a Request for Mediation and stay this civil action. Forms and instructions for filing a Petition for Arbitration of Fee Dispute or a Request for Mediation and a motion for stay are available from the Alaska Bar Association, P.O. Box 100279, Anchorage, AK 99510-0279, or contact (907) 272-7469 for the Alaska Bar Association's street address. If you do not file the Petition for Arbitration of Fee Dispute or a Request for Mediation within twenty (20) days after your receipt of this notice, you will waive your right to arbitration or mediation.
>
> Failure to give this notice will be grounds for dismissal of the civil action.

By order of June 9, 2021,[22] the court denied defendant's motion to dismiss, finding that Alaska Bar Rule 39 did not apply to plaintiff. Defendant moved for reconsideration,[23] and by order of July 13, 2021,[24] the court granted the motion for reconsideration and reinstated defendant's motion to dismiss. On July 21, 2021, the court entered an amended

---

[21] Docket No. 17.

[22] Docket No. 30.

[23] Docket No. 32.

[24] Docket No. 41.

-5-

Case 3:21-cv-00008-HRH   Document 54   Filed 09/24/21   Page 5 of 20

Exhibit E
Page 5 of 20

order on defendant's motion to dismiss.[25] The parties' arguments and the court's analysis focused on whether plaintiff fell outside the jurisdiction of the Alaska State Bar pursuant to an exception set out in Alaska Bar Rule 34(c)(1). The court framed the dispute as one "over whether a 'material portion of the legal services [plaintiff provided to the Oenga heirs] were rendered in the state of Alaska.'"[26] The court concluded that "[b]ecause a material portion of plaintiff's legal services were rendered in the State of Alaska, plaintiff should have complied with the notice requirements of Alaska Bar Rule 39[,]" which he had not done.[27] But, rather than dismissing plaintiff's complaint, the court determined that the "more practical solution [would] be to give defendant an opportunity to pursue arbitration or mediation as contemplated by Alaska Bar Rule 39[.]"[28] Thus, the court denied defendant's motion to dismiss and gave defendant twenty days in "which 'to file a Petition for Arbitration or a Request for Mediation' and to file a motion for a stay of proceedings in this court pending resolution of a Petition for Arbitration or a Request for Mediation."[29] On August 10, 2021, defendant filed a motion for "a stay of these proceedings pending . . . resolution

---

[25]Docket No. 42.

[26]Id. at 6 (quoting Alaska Bar Rule 34(c)(1)).

[27]Id. at 8.

[28]Id.

[29]Id.

of a Petition for Fee Arbitration filed with the Alaska Bar Association pursuant to Alaska Bar Rule 39."[30] The motion to stay remains pending.

Pursuant to Local Rule 7.3(h)(1)(A), plaintiff now moves for reconsideration of the amended order on defendant's motion to dismiss.

Discussion

Local Rule 7.3(h)(1)(A) provides for reconsideration if there has been a "manifest error of the law or fact[.]" Plaintiff argues that the court made two manifest errors of law in its amended order. First, plaintiff argues that the court made a manifest error of law by granting defendant leave to file a petition for arbitration or a request for mediation because in doing so, the court has denied plaintiff his right to a jury trial. Second, plaintiff argues that the court erred in concluding that the Alaska Bar Association has jurisdiction over him.

As defendant points out, these are new arguments raised for the first time in a motion for reconsideration. A motion for reconsideration generally "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). But, in this instance, the court finds it appropriate to consider plaintiff's new arguments because the issues presented by defendant's motion to dismiss are sufficiently complex and novel.

---

[30]Docket No. 48 at 1.

Turning then to plaintiff's new arguments, the court begins with plaintiff's second argument, namely that he is not subject to the jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules. Alaska Bar Rule 34(d) governs this issue.

Bar Rule 34(d), entitled Attorney Jurisdiction, provides that

> [a]ny attorney admitted to the practice of law in Alaska, or any other attorney who appears, participates or otherwise engages in the practice of law in this state, unless exempted under Section (c)(1) of this rule, is subject to the jurisdiction of the courts of this state, the Board of Governors of the Alaska Bar Association, and these rules of attorney fee dispute resolution.

Bar Rule 34(d) plainly subjects two groups of lawyers to the jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules. The first group is lawyers who are admitted to practice law in Alaska. The second group is lawyers "who appear[], participate[] or otherwise engage[] in the practice of law" in Alaska. Alaska Bar Rule 34(d). Bar Rule 34(d) also plainly provides an exemption for some attorneys from the jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules. This exemption is set out in Alaska Bar Rule 34(c)(1).

Bar Rule 34(c)(1) provides that

> [a]ll disputes concerning fees charged for professional services or costs incurred by an attorney are subject to arbitration under these rules except for:
>
>   (1) disputes where the attorney is also admitted to practice in another state or jurisdiction and (s)he maintains no office in the state of Alaska and no material portion of the legal services were rendered in the state of Alaska, unless (s)he appeared under Alaska Civil Rule 81[.]

-8-

Case 3:21-cv-00008-HRH   Document 54   Filed 09/24/21   Page 8 of 20

Exhibit E
Page 8 of 20

In the prior briefing on defendant's motion to dismiss, plaintiff argued that he fell within this exemption, thereby excusing him from complying with the mandatory fee arbitration rules.

However, plaintiff now argues that in the amended order on defendant's motion to dismiss, the court erred in focusing on the "material portion" requirement in Bar Rule 34(c)(1) because the exemption in Bar Rule 34(c)(1) only applies if the lawyer in question is both a member of the Alaska Bar Association and "is <u>also</u> admitted to practice in another state or jurisdiction. . . ." Alaska Bar Rule 34(c)(1) (emphasis added). In other words, plaintiff argues that in order for the exemption to apply, the lawyer in question must be both a member of the Alaska bar <u>and</u> admitted to the bar in another state. Plaintiff argues that any other construction of the rule would render the word "also" superfluous. If Bar Rule 34(c)(1) is so construed, then the rule would not apply to plaintiff because it is undisputed that plaintiff was not a member of the Alaska Bar Association when he was representing the Oenga heirs. If Bar Rule 34(c)(1) does not apply to him, then plaintiff argues that it was manifest error for the court to focus on whether a "material portion" of the legal services he provided to the Oenga heirs were rendered in Alaska.

Bar counsel, however, opines that plaintiff's new proposed construction of Bar Rule 34(c)(1) is not a reasonable interpretation. Although Bar counsel does "agree . . . that the word 'also' can be said to support" plaintiff's new proposed construction, Bar counsel does not "agree that 34(c)(1) was written to only provide an exemption for a lawyer who was

-9-

licensed in Alaska and in another jurisdiction."[31] Bar counsel contends that "the last clause of Bar Rule 34(c)(1) - 'unless (s)he appeared under Alaska Civil Rule 81' - suggests that the Rule was also meant to provide an exemption for an out-of-state attorney who did not provide any material portion of their legal services in Alaska, so long as that attorney did not appear under Alaska Civil Rule 81 via a motion for pro hac vice admission."[32]  Bar counsel contends that under plaintiff's proposed construction of Bar Rule 34(c)(1), this final clause would be superfluous because "[i]f a lawyer was admitted to practice law in Alaska, they would not need to seek pro hoc vice admission under Alaska Civil Rule 81."[33]  Bar counsel opines that Bar Rule 34(c)(1) should be construed to provide an exemption from mandatory fee arbitration for 1) "[a] lawyer who is admitted to practice in Alaska and in another state, who does not maintain an office in Alaska, and who represents a client wholly in that other jurisdiction," and 2) "a non-Alaska lawyer . . . if no material portion of their legal services were rendered in Alaska, unless the attorney appeared under Alaska Civil Rule 81."[34]

Plaintiff, however, argues that Bar counsel's interpretation of Bar Rule 34(c)(1) reads the word "also" out of the rule. Plaintiff concedes that Bar Rule 34(c)(1) is "internally

---

[31]Bar Counsel Opinion at 6, Docket No. 50-1.

[32]Id.

[33]Id.

[34]Id.

-10-

inconsistent"[35] but plaintiff argues that Bar counsel's resolution of the inconsistency makes no sense. Plaintiff argues that it would make more sense to find that the final clause of Bar Rule 34(c)(1) was intended to be placed elsewhere in the rule. Plaintiff suggests that the final clause of Bar Rule 34(c)(1), the "unless (s)he appeared under Alaska Civil Rule 81" clause, should have been placed in Bar Rule 34(d), rather than Bar Rule 34(c)(1). Plaintiff argues that if Bar Rule 34(c)(1) were read to exclude the "Rule 81"clause and Bar Rule 34(d) were read to include that clause, then both subsection (c) and subsection (d) of Bar Rule 34 would make sense. Bar Rule 34(c)(1) would provide an exception to Bar Rule 34(d) for lawyers who are admitted to the Alaska Bar and another state's bar. And, Bar Rule 34(d) would provide that a non-Alaska attorney who did not "engage in the practice of law" would not be subject to the jurisdiction of the Alaska Bar Association unless that attorney was admitted pro hac vice to a particular Alaska case. Thus, plaintiff urges the court to adopt his new proposed construction of Bar Rule 34(c)(1) and not give any deference to Bar counsel's opinion as to the interpretation of the rule.

The Alaska Supreme Court relies on the rules of statutory construction when interpreting bar rules. Application of Payne, 430 P.2d 566, 568-69 (Alaska 1967). Under such rules, "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." Peninsula Marketing Ass'n v. Rosier, 890 P.2d 567, 573 (Alaska 1995) (citation omitted). And, "[e]ach section of a

---

[35]Opposition to Motion for Stay of Proceedings at 3, Docket No 51.

-11-

Case 3:21-cv-00008-HRH   Document 54   Filed 09/24/21   Page 11 of 20

**Exhibit E**
**Page 11 of 20**

statute should be read together with every other section so as to produce a harmonious whole." Peninsula Marketing Ass'n v. State, 817 P.2d 917, 921 (Alaska 1991). But, it is a bridge too far to rewrite Bar Rule 34 as plaintiff is suggesting. The court cannot rewrite Bar Rule 34 and move the "Rule 81" clause from Bar Rule 34(c)(1) to Bar Rule 34(d) without a much clearer signal that this was the intent of the drafters of the rule. That leaves the court with two proposed constructions of Bar Rule 34(c)(1) both of which render some part of the rule superfluous. Under plaintiff's new proposed construction, the "Rule 81" clause is superfluous, and under Bar counsel's proposed construction, the "also" is superfluous. Between these two constructions, plaintiff's new proposed construction is the better one. The court concludes that Bar Rule 34(c)(1) only applies if the lawyer in question is both a member of the Alaska State bar and the bar of another jurisdiction.

That means that the court erred by focusing on the exemption in Bar Rule 34(c)(1) in the amended order on defendant's motion to dismiss. Because the court erred, plaintiff's motion for reconsideration is granted and the court must once again consider whether plaintiff's complaint is subject to dismissal for failure to comply with Alaska Bar Rule 39.

As set out above, whether plaintiff was required to comply with Bar Rule 39 is governed by Bar Rule 34(d). Bar Rule 34(d) provides that any attorney who has "appear[ed], participate[d] or otherwise engage[d] in the practice of law in" Alaska is subject to the Alaska Bar Association's jurisdiction and the mandatory fee arbitration rules. The parties'

-12-

Case 3:21-cv-00008-HRH   Document 54   Filed 09/24/21   Page 12 of 20

**Exhibit E**
**Page 12 of 20**

arguments focus on the question of whether plaintiff was engaged "in the practice of law" in Alaska during his representation of the Oenga heirs.

Plaintiff contends that what constitutes "the practice of law" in Alaska is governed by Alaska Rule of Professional Conduct 5.5, which is entitled "Unauthorized Practice of Law; Multijurisdictional Practice of Law." More specifically, plaintiff cites to Alaska Rules of Professional Conduct 5.5(c)(2) and (3) which provide that

> [a] lawyer admitted in another United States jurisdiction . . . may provide legal services on a temporary basis in this jurisdiction that . . .
>
> (2) are in or reasonably related to a pending or potential proceeding before a tribunal in this or another jurisdiction, if the lawyer, or a person the lawyer is assisting, is authorized by law or order to appear in that proceeding or reasonably expects to be so authorized; [or]
>
> (3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission[.]

Plaintiff argues that the legal services that he provided to the Oenga heirs fall within these two subsections of ARPC 5.5, which would mean that he was not engaged in the practice of law in Alaska during his representation of the Oenga heirs. Plaintiff contends that this is consistent with what he was told by Steve Van Goor, Alaska Bar Counsel, at the time he commenced his representation of the Oenga heirs. Plaintiff avers that Van Goor told him that

he "could not hold myself out as an Alaska lawyer, and . . . that if I filed litigation on behalf of the Oenga heirs against the oil companies in the state or federal courts in Alaska, I would have to associate with local Alaska counsel."[36] But, because he did not hold himself out to be an Alaska lawyer and did not file suit in Alaska, plaintiff argues that he was not engaged in the practice of law in Alaska. And, because he was not engaged in the practice of law in Alaska, plaintiff argues that he is not subject to the jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules.

Defendant, however, argues that the legal services plaintiff provided to the Oenga heirs do not fall under the definition of "temporary services" in ARPC 5.5(c)(2) and (3). Defendant points out that "[t]here is no single test to determine whether a lawyer's services are provided on a 'temporary basis' in this jurisdiction" and that "[p]resence may be systemic and continuous even if the lawyer is not physically present" in Alaska. Comments, Alaska R. Professional Conduct 5.5.

But, as plaintiff is quick to point out, "[s]ervices may be 'temporary' even though the lawyer provides services in this jurisdiction on a recurring basis, or for an extended period of time, as when the lawyer is representing a client in a single lengthy negotiation or litigation." Id. Plaintiff insists that during the time he was representing the Oenga heirs, he only provided "temporary services" in Alaska, given that he was only in Alaska for a mediation, a settlement conference, and the execution of amendments to the fee contract.

---

[36]Corrected Declaration of Raymond C. Givens at 3, ¶ 5, Docket No. 46.

-14-

Bar counsel has also weighed in on this issue. Bar counsel contends that ARPC 5.5 "does not purport to define what constitutes the practice of law in Alaska, but instead, it defines what would constitute the <u>unauthorized</u> practice of law."[37] Bar counsel contends that Rule 5.5(c) "may, indeed, establish that [plaintiff] did not engage in the <u>unauthorized</u> practice of law in Alaska, but it does <u>not</u> establish that he did not engage in the practice of law in Alaska."[38] Bar counsel contends that if plaintiff were providing "temporary services" to the Oenga heirs as he claims, then he plainly was engaged in the practice of law in Alaska because "[i]t is difficult to imagine how a lawyer could be providing legal services – even if temporary – without engaging in the practice of law."[39] Bar counsel contends that this interpretation of ARPC 5.5 is consistent with two comments to the rule. One comment reads: "A lawyer who practices law in this jurisdiction pursuant to paragraphs (c) and (d) or otherwise is subject to the disciplinary authority of this jurisdiction[;]" and the other reads: "In some circumstances, a lawyer who practices law in this jurisdiction pursuant to paragraphs (c) or (d) may have to inform the client that the lawyer is not licensed to practice law in this jurisdiction." Comments, Alaska Rule of Professional Conduct 5.5. Bar counsel contends that these comments make clear that a lawyer providing "temporary services" under ARPC 5.5(c) and (d) is "practicing law" in Alaska. Thus, Bar Counsel opines that "an

---

[37]Docket No. 50-1 at 4.

[38]Id. at 5.

[39]Id.

attorney, not licensed in Alaska, who provides legal services on a temporary basis under ARPC 5.5(c), is practicing law in Alaska when they do so."[40]

Plaintiff disagrees with Bar counsel, arguing that the distinction between "temporary services" and the "practice of law" that Bar counsel draws makes no sense. Plaintiff argues that it would make no sense to inform non-Alaska attorneys handling non-Alaska cases that they can perform "temporary services" in the state but that in doing so, they would be subject to the jurisdiction of the Alaska Bar Association for purposes of fee arbitration. Plaintiff contends that ARPC 5.5(c) provides that performing "temporary services" in Alaska does not require membership in the Alaska Bar or association with local counsel. Plaintiff argues that it follows that performing "temporary services" should not be considered the "practice of law" under Bar Rule 34(d).

The comments to ARPC 5.5 make clear that the rule is not intended to define what constitutes "the practice of law." The comments state that "[t]he definition of the practice of law is established by law and varies from one jurisdiction to another. Whatever the definition, limiting the practice of law to members of the bar protects the public against rendition of legal services by unqualified persons." Comments, ARPC 5.5. This comment makes it clear that Rule 5.5 is intended to address the <u>unauthorized</u> practice of law, rather than define what constitutes the "practice of law." As for what does constitute the "practice of law" for purposes of Bar Rule 34(d), the Alaska Supreme Court has never defined the

---

[40]Id. at 6.

-16-

Case 3:21-cv-00008-HRH Document 54 Filed 09/24/21 Page 16 of 20

**Exhibit E**
**Page 16 of 20**

term.  Black's Law Dictionary defines it as "[t]he professional work of a lawyer, encompassing a broad range of services such as conducting cases in court, preparing papers necessary to bring about various transactions from conveying land to effecting corporate mergers, preparing legal opinions on various points of law, drafting wills and other estate-planning documents, and advising clients on legal questions."[41]  The legal work plaintiff did for the Oenga heirs falls within this definition, and some of this work was done in Alaska, although some of it was obviously done outside of Alaska.  But, Bar Rule 34(d) simply provides that a lawyer who was engaged in the practice of law in Alaska is subject to the jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules.  It does not require that a certain portion of the work be done in Alaska.  But, even if it did, the court has previously determined that a "material portion" of plaintiff's legal services were rendered in Alaska.[42]

       The court concludes that plaintiff was engaged in the practice of law in Alaska while he was representing the Oenga heirs, which means that he is subject to the jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules.  Because he is subject to the mandatory fee arbitration rules, plaintiff was required to comply with the notice requirements of Bar Rule 39, which he did not do.  Because plaintiff did not comply with Bar Rule 39, his complaint is subject to dismissal.  See Alaska Bar Rule 39(a).  But once again, rather than dismissing plaintiff's complaint, the court finds that the more practical solution will be to

---

[41] Black's Law Dictionary (11th ed. 2019).

[42] Amended Order re Motion to Dismiss at 7, Docket No. 42.

-17-

Case 3:21-cv-00008-HRH   Document 54   Filed 09/24/21   Page 17 of 20

Exhibit E
Page 17 of 20

give defendant an opportunity to obtain a stay of this case while he pursues arbitration or mediation.

Plaintiff argues that giving defendant an opportunity to pursue arbitration or mediation will violate plaintiff's right to a jury trial. In a diversity action such as this, the court "must follow state substantive law and federal procedural law when adjudicating state law claims." Sonner v. Premier Nutrition Corp., 971 F.3d 834, 839 (9th Cir. 2020). "Federal courts . . . have applied Erie to hold that the right to a jury trial is a federal procedural issue controlled by federal law." In re County of Orange, 784 F.3d 520, 528 (9th Cir. 2015). Thus, plaintiff argues that he "has the right, under the Seventh Amendment and Rule 39 of the Federal Rules of Civil Procedure, to have any factual issues in this action decided by a jury presided over by this [c]ourt."[43]

A similar argument was made in Kelley Drye & Warren v. Murray Industries, Inc., 623 F. Supp. 522 (D.C.N.J. 1985). There, Kelley Drye sued Chris-Craft "to recover the sum of $109,268.37 for services rendered and disbursements incurred during the representation of Chris-Craft in an action in this court entitled Image Boat Company v. Murray Chris-Craft Sport Boats, Inc., et al., 84 Civ. 2381." Id. at 523. "Chris-Craft filed a Request For Fee Arbitration with the District Fee Arbitration Committee of the Supreme Court of New Jersey" and instead of answering Kelley Drye's complaint, "moved to dismiss the complaint or, in the alternative, to compel arbitration and stay all proceedings." Id. In response, Kelley

---

[43]Plaintiff's Motion for Reconsideration at 3, Docket No. 44.

-18-

Drye argued that "to submit the claim to binding arbitration would deny it its Seventh Amendment right to a jury trial." Id. at 524. The court rejected this argument, explaining that

> the right to a jury trial can be given up, as parties do when they agree to arbitrate. Here Kelley Drye has voluntarily given up its right to a trial of any kind if a client elects to arbitrate a fee dispute. No one has an absolute right to practice law, and the State may impose reasonable conditions and limitations upon those who wish to exercise that privilege. Here the Court Rules are reasonable and Kelley Drye has opted to be bound by them. No Seventh Amendment rights are implicated.

Id. at 527.

Here, although plaintiff was not, and is not, an active member of the Alaska Bar Association, as discussed above, plaintiff was engaged in the practice of law in Alaska during his representation of the Oenga heirs. By engaging in the practice of law in Alaska, as that term is defined for purposes of Bar Rule 34(d), plaintiff voluntarily subjected himself to jurisdiction of the Alaska Bar Association and the mandatory fee arbitration rules. Thus, plaintiff's right to a jury trial has not been implicated.

## Conclusion

Plaintiff's motion for reconsideration is granted. On reconsideration, the court once again denies defendant's motion to dismiss. Defendant may continue to pursue arbitration of the fee dispute which he has begun with the filing a petition for arbitration with the Alaska

-19-

Case 3:21-cv-00008-HRH   Document 54   Filed 09/24/21   Page 19 of 20

Exhibit E
Page 19 of 20

Bar Association.[44] The court will take up defendant's motion to stay these proceedings shortly.

DATED at Anchorage, Alaska, this 24th day of September, 2021.

/s/ H. Russel Holland
United States District Judge

cc: Philip E. Shanahan, Bar Counsel
Alaska Bar Association
840 K Street, Suite 100
Anchorage, AK  99501

---

[44]See Motion for Stay of Proceedings at 1, Docket No. 48.

-20-