# Fee/Cost Reduction Agreement

THIS AGREEMENT, made and entered into this 24th day of May, 2012, by and between the undersigned, hereinafter called "Clients", and RAYMOND C. GIVENS, Attorney at Law of the Givens Law Firm hereinafter called "Attorney."

Whereas, Clients and attorney entered into a Contingency Fee Contract to pursue Oengas' claims in 2003 and amended that Contract in 2011, by which Clients retained Attorney to represent their interests regarding the lease of their Native Allotment F-14632, and agreed to pay for Attorney's services by way of 1) a 30% - 40% sliding scale contingent fee on the Gross Recovery, later reduced to a 35% fee on the Gross Recovery, which was a slight reduction in fees, 2) initially a 30% fee on *increases* in future rents through 2038, later reduced to a 25% fee on all future rents, which was a slight reduction in fees, and 3) reimbursement of all costs advanced, and

Whereas, as a result of Attorney's efforts, Clients issues were being addressed in several forums at different stages of litigation or administrative consideration when a settlement of all claims was agreed to, and

Whereas, as a result of Attorney's efforts, Clients have been able to recover 1) a $13.5 million Lump Sum Settlement, and 2) a large increase in future rents to be paid on an annual basis for up to 50 years, starting at $650,000/yr and increasing annually on a CPI-based cost of living adjustment, and

Whereas, the contingent fee formula under the Contingent Fee Agreement, as Amended provided that the contingent fee was to be calculated on the Gross Recovery, with the costs advanced being reimbursed from the client's net recovery after payment of the contingent fee [Fee First Approach], and

Whereas, the Fee First Approach has been questioned by the Bureau of Indian Affairs, suggesting that the costs should be reimbursed before the fee is paid [Cost First Approach], which is more advantageous to Clients, and

Whereas, Attorney has sought, received and provided to Clients a written legal analysis from an expert in the field affirming that the Fee First Approach is appropriate, and

Whereas, even though the Fee First Approach is appropriate, Attorney and Clients have agreed to distribute the $13.5 million Lump Sum Settlement pursuant to the Cost First Approach with reimbursement of $444,463 costs and $4,569,437 being all Clients' 35% fee on the lump sum settlement, to be allocated among individual clients based on their percent interest in Native Allotment F-14632, and

Whereas, this fee distribution agreement does *not* affect the payment due Attorney from some individual Clients of fees and costs currently due on rent increases obtained in *prior* years which were previously deferred, and

Whereas, this fee distribution agreement does *not* affect the 25% contingent fee due Attorney from Clients on *future rents* due on Native Allotment F-14632 through 2038 under the Contingency Fee Contract as amended, with it being appropriate to reaffirm that the 25% contingency fee is due on future rents through 2038 as provided for in the Contingency Fee Contract, as amended.

NOW, THEREFORE, it is mutually agreed and understood that, despite the provisions of the Contingency Fee Contract as amended to the contrary, the reimbursement of costs and payment of the contingent attorney fee due on the $13,500,000 Lump Sum Settlement will be as follows:

| | |
|---|---|
| Gross Lump Sum Settlement | $13,500,000 |
| Less Costs Reimbursed | - 444,463 |
| Less Contingency Attorney Fee | - 4,569,437 |
| Clients' Share of Settlement | $ 8,486,100 |

FURTHER, it is mutually agreed and understood that the contingency fee due on future rents, which was specifically provided for in both the original Contingency Fee Contract and the First Amendment thereof, remains due each year as a 25% fee of the total rent received each year due as compensation for the attorney's work in securing the increased rent amount.

DATED AND SIGNED this 24th day of May, 2012.

GIVENS LAW FIRM

By: /s/ Raymond C. Givens
RAYMOND C. GIVENS
Attorney at Law

CLIENTS:

/s/ Georgene Shugluk
Georgene Shugluk

/s/ Wallace Oenga
Wallace Oenga

/s/ Wallace Oenga
Wallace Oenga, Personal Representative
For the Estate of Leroy Oenga, Sr.

/s/ Tony Delia
Tony Delia

/s/ Joseph T. Delia
Joseph Delia

/s/ Jennie Miller
Jennie Miller

/s/ Tony Delia
Tony Delia, Guardian of
Trinity Delia, a minor