WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

RAYMOND C. GIVENS, )
                                                                       Plaintiff, )
vs. )
WALLACE OENGA, ) No. 3:19-cv-0043-HRH
                                                                      Defendant. )

O R D E R

Motion for Rule 60(b) Relief[1]

The United States, on behalf of the Department of the Interior, and the Bureau of Indian Affairs ("BIA") moves for relief of the court's orders of August 14, 2020,[2] and October 15, 2020,[3] pursuant to Rules 60(b)(5) and 60(b)(6), Federal Rules of Civil Procedure. The motion is opposed by plaintiff.[4] The United States has replied.[5]

By default judgment entered June 10, 2019,[6] the court entered a declaratory judgment in plaintiff's favor, putting in place a procedure by which attorney fees owed by defendant Wallace Oenga could be paid from lease rentals paid by BP to the Bureau of Indian Affairs, Office of Special Trustee ("OST") in trust for Wallace Oenga. The BP

---

[1]Docket No. 87.

[2]Docket No. 74.

[3]Docket No. 80.

[4]Docket No. 88.

[5]Docket No. 89.

[6]Docket No. 29.

ORDER – Motion for Rule 60(b) Relief                                             - 1 -

Exhibit O
Page 1 of 3

rentals have heretofore gone into defendant's Individual Indian Money ("IIM") account. The court's declaratory judgment required Wallace Oenga to execute and deliver to the OST a Form OST-01-004, directing the BIA to pay to plaintiff out of defendant's IIM account 25% of the BP rentals deposited to defendant's IIM account. Wallace Oenga refused to execute the OST-01-004 form; and, in proceedings to enforce the court's judgment through Rule 70(a), Federal Rules of Civil Procedure, the court ordered the clerk of court to execute the OST-01-004 and that the OST treat the form signed by the clerk of court as though it were signed by Wallace Oenga himself and then make payment to plaintiff in accordance with the court's default judgment. The United States, on behalf of the OST, sought reconsideration of the court's order enforcing its judgment. Reconsideration was denied, and the OST was directed to proceed as required by the court's August 14, 2020, order.[7]

The orders as to which the United States, on behalf of the Department of the Interior, seeks relief were founded upon the availability of the BIA procedure whereby a trust beneficiary such as Wallace Oenga could authorize the OST to disburse funds from the beneficiary's IIM account by means of the Form OST-01-004. Wallace Oenga died during January 2022. In November of 2022, after having demanded payment of his share of the 2023 BP rental payment, plaintiff learned of Wallace Oenga's death.

In seeking relief from the orders, the United States represents that upon Wallace Oenga's death, his IIM account and rights to future disbursements from the BP rental payments became subject to Bureau of Indian Affairs ("BIA") probate proceedings. The United States argues that the BIA and OST are potentially subject to conflicting obligations: compliance with the orders and the protection of Wallace Oenga's heirs.

---

[7]Clerk'S Docket No. 80.

ORDER – Motion for Rule 60(b) Relief - 2 -

In his opposition to the United States' motion for relief from the orders, plaintiff does not dispute the United States' argument that Wallace Oenga's pending and future payments on the default judgment against Wallace Oenga are subject to BIA probate proceedings. Plaintiff expressly states that he "does *not* intend to seek payment outside the probate proceeding of Mr. Oenga's estate."[8] Plaintiff further represents that he is preparing to submit a claim for the enforcement of the court's default judgment in the federal probate proceedings.

The United States, on behalf of the Department of the Interior, seeks relief from the orders pursuant to Rule 60(b)(5) and (6), Federal Rules of Civil Procedure. Rule 60(b)(5) relief is available when "applying [the orders] prospectively is no longer equitable." Because of Wallace Oenga's demise, disbursements from his IIM account outside of the federal probate proceedings would be inequitable because it would potentially expose the BIA to conflicting obligations. In other words, the means of enforcing the court's default judgment which <u>had</u> been employed are no longer available; and plaintiff must, as he advises he will do, seek enforcement of the court's judgment in his favor through the federal probate proceedings.

The United States' motion for relief from the orders is granted. The United States Department of the Interior is relieved from making payments to plaintiff from Wallace Oenga's IIM account pursuant to the Form OST-01-004 executed by the clerk of court at the direction of the court.

DATED at Anchorage, Alaska, this <u>1st</u> day of March, 2023.

/s/ H. Russel Holland<br>
United States District Judge

---

[8]Docket No. 88 at 2.

ORDER – Motion for Rule 60(b) Relief - 3 -

Case 3:19-cv-00043-HRH   Document 90   Filed 03/01/23   Page 3 of 3

Exhibit O
Page 3 of 3