

# GIVENS LAW FIRM

P.O. Box 400, 118 N. 7th Street
Coeur d'Alene, ID 83816
phone (208) 676-1310
fax (208) 676-1296
raygivens@givenslaw.com

September 11, 2003

Michael D. Stotts
Realty Officer
P.O. Box 0934
6986 Ahmaogak Street
Barrow, Alaska 99723-0934

Re: Oenga Lease

Dear Michael:

It was a pleasure speaking with you earlier this week regarding the Oenga Lease. Thank you for the opportunity to review this matter.

I have reviewed the documents provided with Ken Jacobsen, the real estate/lease attorney on the potential litigation team. It certainly appears that the Oenga heirs are not receiving what they deserve for the lease of their land. This is a representation we would be honored to undertake if the heirs wish to proceed.

Cases like this, however, are never as simple as they first appear. There are always complicating facts. They are both time consuming and expensive. The required legal work is expensive. The consultants and experts required are expensive. This must be addressed at the outset.

There appears to be two viable options to pay for this case. One option is for the heirs to set aside a fund each year to pay the expenses incurred. The other option is a contingent agreement. The way each approach could work, and the advantages and disadvantages of each, are detailed below. Either approach would be acceptable to us.

Option One - Dedicated Fund / Hourly Rate

- Dedicated Fund - $50,000 set aside each year from current lease payments (approximately $90,000) until case is completed. The money would be placed in a dedicated fund or special account solely to pay the legal and other expenses of this case.
- Hourly Rate - Attorney fees would be billed at our hourly rate of $200/hr. Consultants, experts and other costs would be billed at actual cost. All fees and expenses would be paid from this fund.
- Advantages - If there is a large recovery, the Oenga heirs would get all of that recovery, less any actual expenses which exceeded the amount in the Fund. All, or at least most of the attorney fees and expenses would have already been paid.

G-001161

**Confidential Document**
**Case No. 3:23-cv-00121-HRH**
**Not to be copied or disclosed except as provided in the Confidentiality Agreement**

- Disadvantages - The funds actually available to the Oenga heirs for this coming year, and probably a few years more, would be cut by a little more than half as monies are set aside in the Fund.

Option Two - Contingent Fee Agreement

- Payment of Attorney Fees & Other Expenses - The Oenga heirs would pay nothing at this time. If the case is unsuccessful and the lease payments are not ultimately increased, the Oenga heirs would pay nothing. If the case is successful and payments are increased, the Oenga heirs would pay a percentage of that past and future increase in lease payments, plus the other expenses of the case.
- Contingent Agreement Details -
  No ongoing amounts due from the Oenga heirs.
  No attorney fees due if no recovery.
  Attorney Fee - 30% of recovery prior to filing suit.
      - 33 1/3% if recovery after filing suit but before trial.
      - 35% of recovery after trial begins.
      - 40% of recovery if appealed.
  All other expenses paid from recovery after payment of fees.
- Advantages - The annual lease payments presently available to the Oenga heirs would not be decreased during the case. The Oenga heirs bear no risk of loss. They would pay nothing if the case were unsuccessful.
- Disadvantages - The Oenga heirs would actually pay more attorney fees if there is a large recovery because the attorneys bear the risk of loss.

There are advantages and disadvantages to either approach. There may also be lawyers in Alaska or elsewhere who would be willing to handle the case under other terms which might be more favorable to the client. However, if the Oenga heirs would like to retain us under either of the above options, we should proceed quickly.

You indicated that you would share this letter with the heirs. If they wish to proceed under the Dedicated Fund / Hourly Rate approach, the retention documents authorizing the creation of the Fund should be signed by all heirs before the distribution of the lease payment made this month. I will also be in Anchorage next month for AFN when we could all get together and finalize any other representation matters.

In closing let me express the honor it is to be considered in assisting Native people to obtain what is rightfully theirs. I look forward to hearing from you.

Sincerely,

*Ray Givens*

Raymond C. Givens

RCG:jr

G-001162

**Confidential Document**
**Case No. 3:23-cv-00121-HRH**
**Not to be copied or disclosed except as provided in the Confidentiality Agreement**

**Exhibit T**
**Page 2 of 2**