RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Email: rwinner@winnerlaw.com

Attorneys for Plaintiff Maria M. Givens,
as Personal Representative of the Estate of Raymond C. Givens

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MARIA M. GIVENS, as Personal Representative of the Estate of Raymond C. Givens,<br><br>    Plaintiff,<br><br> vs.<br><br>JOSEPH DELIA,<br><br>    Defendant. | Case No. 3:23-cv-00121-HRH |

**GIVENS' CROSS-MOTION
FOR SUMMARY JUDGMENT**

  Plaintiff Maria Givens, as Personal Representative of the Estate of Raymond C. Givens, by her undersigned counsel, hereby files a cross-motion for summary judgment

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH   Page 1 of 19

Case 3:23-cv-00121-HRH   Document 120   Filed 08/28/25   Page 1 of 19

in this action, pursuant to Rule 56 of the Federal Rules of Civil Procedure. The basis for this motion follows.

## I. BACKGROUND

On June 6, 2025, Defendant Joseph Delia filed a motion for summary judgment in this action.[1] On July 10, 2025, Givens filed her opposition to Delia's motion ("Givens' Opposition").[2] On July 31, 2025, Delia filed his reply and requested oral argument.[3]

On August 12, 2025, the Court entered an order granted Delia's request for oral argument.[4] There, the Court stated that, because of staffing changes which will take place between September 14 and September 30, it is unlikely that oral argument will be scheduled before approximately 90 days from the date of that order.

In light of the above, and in the interest of having all issues that can be decided as a matter of law considered by the Court at one time, Givens files this cross-motion for

---

[1] Docket No. 96.

[2] Docket No. 105.

[3] Docket No. 115.

[4] Docket No. 117.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                      Page 2 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 2 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

summary judgment. Filed herewith is Givens' request that oral argument be held on her cross-motion at the same time as argument on Delia's motion for summary judgment.

## II. FACTS

The facts supporting this cross-motion for summary judgment are stated in Given's Opposition,[5] which are incorporated by reference as if fully stated herein, pursuant to Local Rule 5.1(f)(2).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted if the movant shows that there is "no genuine dispute as to any material fact." Rule 56(a) of the Federal Rules of Civil Procedure.

In *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986), the Supreme Court defined a "genuine" issue as one from which a "reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. The Court added: "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249. "Sufficient" evidence requires more than "a scintilla of evidence" supporting the nonmoving party's position. *Id*. at 252. Instead, the evidence proffered by the nonmovant must appear plausible to the Court: "The judge's inquiry,

---

[5] Docket No. 105, at 4-27.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH

therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it." *Id*. at 252 (internal quotation marked omitted).

The nonmovant must make its showing by admissible evidence. Civil Rule 56(c). Summary judgment cannot be defeated by mere allegations of counsel. *See Estrella v. Brandt*, 682 F.2d 814, 819–20 (9th Cir. 1982) ("Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment."); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (accord).

## IV. ARGUMENT

This cross-motion relies primarily on the arguments made in Givens' Opposition, which are incorporated herein by reference, pursuant to Local Rule 5.1(f)(2). In addition, this motion responds to the new arguments made in Delia's reply.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                                                 Page 4 of 19

Case 3:23-cv-00121-HRH   Document 120   Filed 08/28/25   Page 4 of 19

### A. The Contingency Fee Agreement Is Not Invalid Under 25 U.S.C. § 410

Delia's summary judgment motion argues that the contingent fee agreement between Raymond Givens and the Oenga heirs is invalid and unenforceable, under 25 U.S.C. § 410.[6] Givens' Opposition presented detailed arguments in disagreement.[7]

Givens' instant cross-motion asks the Court to grant her summary judgment on the § 410 issue. The arguments presented in Givens' Opposition, along with the documents and exhibits supporting them, are incorporated by reference as if fully stated and presented herein. As noted there, the Court has already ruled in Givens' favor on this matter. Also, as argued in Givens' Opposition, § 410 does not apply to a suit against the United States for breach of its trust duties, the statute does not apply to newly recovered funds, and in any event the government did approve the fee agreement.

Delia's reply faults Givens for not seeking the approval by the Secretary of the Interior of his contingency fee contract with the Oenga heirs.[8] However, Delia acknowledges that Givens did not do so because he believed that the government would not approve that contract or would insist on modifications that would be unacceptable to

---

[6] Docket No. 96, at 28-40.

[7] Docket No. 105, at 27-38.

[8] Docket No. 115, at 7.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH    Page 5 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 5 of 19

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

him.[9] The *Equitable Trust* and the *Arenas* cases teach that Givens was not required to, in effect, ask for the government's permission before suing it for breach of its trust duties to the Oenga heirs.

Delia's reply misreads the Court's earlier order denying prejudgment attachment in this case regarding the § 410 issue.[10] In that order, the Court held that the injunctive relief that Givens seeks against Delia—to enforce his promise to direct OST (now BTFA) to pay Givens—does not violate the terms of 25 U.S.C. § 410.[11] It was only the merits of Givens' *other* arguments against the application of § 410 that the Court deemed inappropriate to address in the context of a motion for prejudgment attachment.[12]

Delia's efforts to distinguish the Court's rulings in the *Wallace Oenga* case are likewise unavailing.[13] In that case, as in the Court's earlier ruling in the instant action, the Court held that the injunctive relief that Givens sought against Wallace did not violate the terms of 25 U.S.C. § 410. As in the instant action, the Court in the *Wallace*

---

[9] Docket No. 96, at 17-18.

[10] Docket No. 115, at 15.

[11] Docket No. 78, at 6.

[12] *Id.*, at 7.

[13] Docket No. 115, at 16-18.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH    Page 6 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 6 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Oenga* case thus did not need to reach the merits of the other arguments raised by Givens against the applicability of § 410.

Delia argues that Givens seeks specific performance to enforce a lien, which 25 U.S.C. § 410 prohibits.[14] However, as noted above, this Court has ruled that Givens is entitled to specific performance to enforce Delia's contractual promise to direct OST (now BTFA) to make payment to him, notwithstanding § 410. This is not the enforcement of a lien. Additionally, both *Equitable Trust* and *Arenas* support the existence of an equitable lien that overrides § 410 when the United States is sued for breach of its trust duties.

Although, as Delia's reply notes,[15] *Tabbytite* rejected the application of *Equitable Trust* and *Arenas* to 25 U.S.C. § 410 in the context of that case, in *Tabbytite* the United States was not sued for breach of its trust duties and there was no contractual promise to direct OST to pay the attorney.

The efforts of Delia's reply to distinguish *Equitable Trust* and *Arenas* are unavailing.[16] First, Delia offers a quotation from part of a sentence in the *Arenas*

---

[14] *Id*., at 19.

[15] *Id*., at 19-20.

[16] *Id*., at 20-21.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                                                                  Page 7 of 19

Case 3:23-cv-00121-HRH   Document 120   Filed 08/28/25   Page 7 of 19

decision.[17] Unfortunately the full sentence in that decision, from which Delia extracted a part, is garbled and obviously includes typesetting errors, rendering it unintelligible.[18] In any event, *Arenas* held that the attorneys there could recover under quantum meruit, rather than under a set contingency fee, because they had agreed to modify their fee contract to so provide.[19] Finally, both *Equitable Trust* and *Arenas* held that a lien for a reasonable attorney's fee could be asserted against income from an allotment, notwithstanding statutes like § 410. Here, the Fee Arbitration Panel regarding Leroy Oenga, Jr., decided that Givens' fee is reasonable, and, for the reasons stated in Givens' Opposition and below, Delia is prevented by claim preclusion from relitigating that decision here.

Finally, Delia's reply mistaken in its argument that the United States did not consent to the contingency fee agreement.[20] The Confidential Term Sheet was an agreement signed by the Justice Department attorney representing the United States in

---

[17] *Id*., at 21.

[18] The garbled sentence reads in full as follows: "We think, however, that the fee and necessary expenditures which can be the United States still retains an interest in the subject of a lien on the property cannot be awarded upon any contract by and between the allottee and his attorneys since the land." 181 F.2d 62, at 67.

[19] *Id*.

[20] Docket No. 115, at 23-26.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH  Page 8 of 19

Case 3:23-cv-00121-HRH   Document 120   Filed 08/28/25   Page 8 of 19

the CFC litigation, and the government was bound by that agreement. *See* 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.").

The Confidential Term Sheet did not just recognize that the fee agreement existed, as Delia argues.[21] Instead, the term sheet agreed to settle the CFC litigation on the explicit understanding that, as part thereof, the payments to the Oenga heirs would be reduced by Givens' contingency fee.

Delia argues that the government's approval of the original fee agreement is inapplicable because two amendments of that agreement were entered into after that approval.[22] But both of those amendments resulted in Givens agreeing to reduce his fee.

Delia's reply argues that the Virden letter did not constitute approval of the fee agreement.[23] However, that letter, along with the approval of payment to the Oenga minor after the deduction of Givens' fee, make clear that the BIA approved of the fee

---

[21] *Id*., at 24.

[22] *Id*., at 24.

[23] *Id*., at 26.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                                                 Page 9 of 19

Case 3:23-cv-00121-HRH   Document 120   Filed 08/28/25   Page 9 of 19

agreement, as amended, after its review of that agreement. It would be needless formalism to require, as Delia in effect argues here, that the government issue a letter expressly stating the magic words "we approve of the fee agreement" before that approval is effective.

For the reasons stated above and in Givens' Opposition, the Court should rule as a matter of law that the contingency fee agreement is not illegal and unenforceable under 25 U.S.C. § 410.

### B. Delia Is Prevented by Claim Preclusion from Litigating the Issues Decided in the Oenga Fee Arbitration

Delia's summary judgment motion argues that the contingency fee agreement is invalid and unenforceable because Givens' fee is unreasonable and because he allegedly acted in an unethical and inappropriate manner in his representation of the Oenga heirs.[24] Givens' Opposition presented detailed arguments in disagreement.[25]

Givens' instant cross-motion asks the Court to grant her summary judgment on the above issues. The arguments presented in Givens' Opposition, along with the documents and exhibits supporting them, are incorporated by reference as if fully stated and presented herein. For the reasons stated there, the Court should rule as a matter of

---

[24] Docket No. 96, at 40-48.

[25] Docket No. 105, at 38-46.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH　　　　　　　　　　　　　　　　　　　　　　Page 10 of 19

Case 3:23-cv-00121-HRH　　Document 120　　Filed 08/28/25　　Page 10 of 19

law that Delia is prevented by claim preclusion from litigating before this Court all claims that were made, or that could have been made, by Oenga in the fee arbitration regarding Givens' alleged unethical and inappropriate representation of the Oenga heirs.[26]

Delia's reply argues that Givens' argument regarding claim preclusion is an abuse of the judicial notice rule.[27] However, judicial notice is different from claim preclusion, and Givens is arguing claim preclusion here.

It is noteworthy that Delia's reply does not dispute that the interests of Delia and Leroy Oenga, Jr., are "closely related," that "they have a unity of interests," and that "Delia made a tactical decision to rely on the Oenga arbitration if favorable to him."[28]

Delia's reply argues that claim preclusion does not prevent him from arguing that his signature on the fee contract was procured by duress.[29] That argument lacks merit for the following reasons. First, claim preclusion prevents Delia from making the argument here because the Panel in the Oenga fee arbitration found "no evidence that Respondent

---

[26] The decision of the Panel in the Oenga fee arbitration appears at Docket No. 52 (SEALED) in this action.

[27] Docket No. 115, at 11.

[28] *Id*., at 27.

[29] *Id*., at 29.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                                                 Page 11 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 11 of 19

took advantage of the situation" when he entered into the initial fee contract with the Oenga heirs,[30] and the Panel rejected as "inflammatory" Oenga's claims that Givens engaged in "extortion and emotional blackmail" in his dealings with the heirs.[31] Second, the Panel found that the two subsequent amendments to the fee agreement constituted reductions in Givens' fee,[32] which can hardly serve as a basis for claiming duress. Third, Delia provides no admissible evidence of duress, and summary judgment cannot be defeated by a mere allegation of counsel. Finally, in light of the years of Givens' legal effort working with Delia and the other Oenga heirs, and in light of the resulting dramatic increase in rents, Delia's argument now that he was forced to sign the initial fee contract is simply implausible.

The attempt in Delia's reply to distinguish the *Donnelly* case is unavailing.[33] Delia argues that *Donnelly* should be limited to instances where the nonparty was a successor in interest to the party. However, *Donnelly* was not so limited, and instead that decision spoke more broadly:

---

[30] Docket No. 52 (SEALED), at 11 n.19.

[31] *Id.*, at 14.

[32] *Id.*

[33] *Id.*, at 30-31.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH    Page 12 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 12 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

> Courts will conclude that parties are in privity with one another where the parties are *so closely related that it is fair to legally bind both*. The relationship between the party and nonparty may be based on succession, nonparty control of the prior litigation, *adequate representation in prior litigation*, or *a unity of interests*.

973 P.2d 87, 92 (Alaska 1999) (footnotes omitted, emphasis added).

Delia then argues that *Donnelly* is distinguishable because he has unspecified arguments that Oenga did not make in the arbitration.[34] However, as noted above, Delia is prevented by claim preclusion from making claims here that were made, or that could have been made, in that fee arbitration. Further, the mere allegations of counsel cannot defeat summary judgment. And in any event, Delia's claim now of duress is not plausible.

For the reasons stated above and in Givens' Opposition, the Court should rule as a matter of law that claim preclusion prevents Delia from claiming here that Givens' fee is unreasonable or that he allegedly acted unethically and inappropriately in his representation of the Oenga heirs.

### C. Givens' Claims Against Delia Are Not Barred by AS 13.16.645

Delia's summary judgment motion states that he inherited a percentage of his interest in the allotment from his brother after the contingency fee contract was first

---

[34] *Id.*, at 31.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                        Page 13 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 13 of 19

executed, and that Delia reserves the right to argue that Givens is barred by AS 13.16.645 from asserting a claim to payment from that percentage interest in the allotment.[35] That argument lacks merit for the following reasons.

First, it is undisputed that Delia signed the original Contingency Fee Contract,[36] the Contingency Fee Contract First Amendment,[37] and the Fee/Cost Reduction Agreement.[38] He is bound by those agreements.

Second, AS 13.16.645 provides, in pertinent part: "Unless previously adjudicated in a formal testacy proceeding . . . the claim of any claimant to recover from a distribute who is liable to pay the claim . . . is forever barred at later of (1) three years after the decedent's death; or (2) one year after the time of distribution of it." To be able to collect his fee against Delia from future annual allotment rents, Givens was not required by that statute to have first filed a claim in the probate of Delia's brother's estate for payments owed from those future rents. Instead, the statute applies only to distributions owed and made at the time of the decedent's death.

---

[35] Docket No. 96, at 31 n.86.

[36] Docket No. 96-6, at 4.

[37] Docket No. 96-8, at 2.

[38] Docket No. 96-12, at 2.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                                Page 14 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 14 of 19

Finally, and in any event, Givens filed this action on May 26, 2023. Givens' claim for payments owed from annual rents received or to be received by Delia after May 26, 2022, are not barred by the limitations period of AS 13.16.645(2).

For the above reasons, the Court should rule as a matter of law that Givens' claims against Delia are not barred by AS 13.16.645.

### D. The Court Should Grant Summary Judgment to Givens Regarding Delia's Affirmative Defenses

Delia's answer to Givens' complaint asserted ten affirmative defenses.[39] The Court should rule as a matter of law that those defenses are without merit.

Five of Delia's affirmative defenses are boilerplate.[40] Delia provides no support for those defenses in his answer or elsewhere, and they have no basis in fact or law. Accordingly, the Court should grant summary judgment to Givens on those defenses.

---

[39] Docket No. 7, at 10-11.

[40] They include the following affirmative defenses: (1) The Plaintiff fails to state a claim upon which relief may be granted; (2) The Plaintiff's claims are barred, in whole or in part, by the doctrines of issue preclusion/collateral estoppel and/or res judicata; (3) The Plaintiff's claims are barred, in whole or in part, by the statute of limitations and/or the equitable doctrine of laches; (4) The Plaintiff has failed to adequately mitigate damages, if any; and (7) The Defendant fully performed all obligations under the Contingency Fee Contract and owes the Plaintiff nothing. Docket No. 7, at 10-11.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                             Page 15 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 15 of 19

Delia asserts the affirmative defense that the fee agreement is illegal and unenforceable under 25 U.S.C. § 410.[41] The Court should grant summary judgment to Givens on this issue, for the reasons stated above and in Givens' Opposition.

Three of Delia's affirmative defenses assert that Givens' fee is unreasonable and that he allegedly acted in an unethical and inappropriate manner in his representation of Delia and the Oenga heirs.[42] Delia is prevented by claim preclusion from litigating those defenses before this Court, for the reasons stated above and in Givens' Opposition. Accordingly, the Court should grant summary judgment to Givens on those defenses.

---

[41] Affirmative defense (9) states: The Contingency Fee Contract, as amended, cannot be enforced because it is illegal. Among other things, the Contingency Fee contract, as amended, was not approved by the United States as required by 25 U.S.C. § 410 and implementing regulations. Docket No. 7, at 11.

[42] They include the following affirmative defenses: (5) The Plaintiff's claims are barred by his own actions and the equitable doctrine of unclean hands. On information and belief, the Plaintiff committed serious breaches of his ethical and professional duties while purporting to represent the Defendant.; (8) The Contingency Fee Contract, as amended, cannot be enforced because it violates public policy. Among other things, the Contingency Fee Contract, as amended, imposes an unreasonable fee for attorney services in violation of the applicable rules of professional conduct governing attorneys and the Plaintiff's ethical duties.; and (10) The Contingency Fee Contract, as amended, cannot be enforced because it was entered into as a result of coercion, undue influence, or duress. On information and belief, the Plaintiff intimidated the Defendant and other Oenga heirs, including through physical acts, to sign the attorney fee agreements. Docket No. 7, at 10-11.

*Maria M. Givens, as Personal Representative*
*of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                              Page 16 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 16 of 19

Finally, Delia asserts the affirmative defense that the Court lacks jurisdiction over this action because the United States is an indispensable party, under Rule 19 of the Federal Rules of Civil Procedure.[43] That argument should be rejected as a matter of law for the following reasons. First, the United States earlier filed an amicus brief in this action, and it did not argue there that the action should be dismissed because it was an indispensable party.[44] Second, in *Givens v. Wallace Oenga*, the Court rejected the same argument that Delia makes now.[45] For the reasons stated by the Court there, the Court should reject Delia's argument here. Accordingly, the Court should grant summary judgment to Givens on this defense.

### E. The Court Should Award the Damages and Grant the Relief Requested by Givens

It is undisputed that Delia has not paid Givens' fee from allotment rents that Delia received for years 2022, 2023, 2024, and 2025 (each rent payment was made in the fall before the applicable year). The rent for year 2026 is due shortly.

---

[43] Affirmative defense (6) states: Under Federal Rule of Civil Procedure 19, full relief cannot be granted without joinder of the United States as a defendant in this action, and this Court lacks subject matter jurisdiction to join the United States based on sovereign immunity. Docket No. 7, at 11.

[44] Docket No. 64.

[45] *See* the Court's orders in *Givens v. Wallace Oenga* at Docket No. 74 (SEALED), at 12-17, and Docket No. 80, at 3-8, in that action.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                        Page 17 of 19

Case 3:23-cv-00121-HRH   Document 120   Filed 08/28/25   Page 17 of 19

If the Court grants this instant cross-motion for summary judgment, Givens will provide the Court with a calculation of the total amount owed to her from rents that have been paid to Delia. In addition to a damages award in that amount, the Court should grant the declaratory and injunctive relief that Givens seeks in this action.

**F. Givens Has Not Waived Any Claim to Quantum Meruit**

Delia's reply argues that Givens has waived any claim to payment under quantum meruit.[46] That is incorrect. Givens should be paid by Delia under the terms of the fee agreement, for the reasons stated in Givens' Opposition and here. But if the Court rules otherwise, Givens does not waive his claim to payment under quantum meruit. In that event, the arbitrators' finding that Givens' fee was reasonable should guide the Court in determining fair compensation here.

**Conclusion**

For the reasons stated above, the Court should grant Givens' cross-motion for summary judgment.

---

[46] Docket No. 115, at 31.

*Maria M. Givens, as Personal Representative
of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH                                                      Page 18 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 18 of 19

DATED: August 28, 2025

        RUSSELL L. WINNER
        WINNER & ASSOCIATES, P.C.
        Attorneys for Plaintiff Maria M. Givens,
        as Personal Representative of the Estate of
        Raymond C. Givens

        By: /s/ Russell L. Winner
            Russell L. Winner
            Alaska Bar No. 7811179

## Certificate of Service

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

        /s/ Russell L. Winner
        Russell L. Winner

of the Estate of Raymond C. Givens v. Joseph Delia,*
U.S. District Court for the District of Alaska,
Case No. 3:23-cv-00121-HRH         Page 19 of 19

Case 3:23-cv-00121-HRH    Document 120    Filed 08/28/25    Page 19 of 19

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522