

United States Department of the Interior
BUREAU OF INDIAN AFFAIRS
Alaska Regional Office
3601 C Street, Suite 1200
Anchorage, AK 99503

RECEIVED
SEP 19 2018
OST - FIELD OPERATIONS
ALASKA REGION

SEP 14 2018

Russell L. Winner
Winner & Associates
900 West Fifth Avenue, Ste 700
Anchorage, Alaska 99501


COPY

Dear Mr. Winner,

Thank you for your response letter, dated September 5, 2018, in reply to Ms. Lesley DeWilde's, Superintendent, Bureau of Indian Affairs (BIA), Fairbanks Agency letter, dated August 30, 2018. The BIA does not agree with your position that Mr. Givens has a right to access private information based on receiving any payments from the Oenga Heirs using Office of Special Trustee (OST) Form OST 01-004.

In your letter, you state that Mr. Givens is no longer practicing law but there have been several recent actions by Mr. Givens that could lead someone to believe he is representing the Oenga Heirs.

- During the summer, Mr. Givens requested a site visit directly to ConocoPhillips. Mr. Givens does not own nor is he a party to the lease agreement between the Oenga Heirs and any lessors. As such, why would Mr. Givens request a site visit with ConocoPhillips and not with the Oenga Heirs. Mr. Givens does not have any right to access any private property without permission from the Oenga Heirs. Otherwise, his site visit could be determined to be trespass on a restricted Alaska Native allotment.
- Mr. Givens sent a letter to Ms. DeWilde and Ms. Glenda Miller, dated July 27, 2018, writing on "behalf" of Mr. Ray David Aguvluk and Ms. Trinity Delia.[1] In this letter, Mr. Givens requested that BIA and OST to correct Mr. Aguvluk's name and Ms. Trinity Delia's address. While one can argue that this is not the "practice of law", what authority allows Mr. Givens to be involved in the private business of Mr. Aguvluk and Ms. Delia. Has Mr. Givens expressly advised Mr. Aguvluk and Ms. Delia that he is not a practicing attorney and does not represent them in any matter?

---

[1] Mr. Givens used the word "request" in his letter but it begs the question as to why Mr. Aguvluk would ask Mr. Givens to send a letter when he has direct access to BIA and OST.

**Confidential Document**
**Case No. 3:23-cv-00121-HRH**
**Not to be copied or disclosed except as provided in the Confidentiality Agreement**

G-006485

**Exhibit F**
**Page 1 of 3**

- Mr. Givens sent two letters, both dated July 30, 2018, addressed to Ms. DeWilde and Ms. Miller appearing to direct the BIA and OST to distribute specific payment amounts to Mr. Givens. BIA and OST must make it clear that they do not take direction from Mr. Givens, as he does not represent anyone because he is not an active member of a state bar association, but will only distribute Individual Indian Money (IIM) account funds, based on the Oenga Heirs filing an OST-004 form with OST and include the amount to transfer to Mr. Givens.
- While Mr. Givens has changed the name on his letterhead to Raymond C. Givens instead of Givens Law Firm, he continues to use an email raygivens@givenslaw.com. This information could lead someone to believe Mr. Givens is practicing law unless Mr. Givens is candid with all persons that he is no longer a member of a state bar association and he does not represent the Oenga Heirs in any capacity.

Mr. Givens has no role managing the annual lease payments to the Heirs of Leroy Oenga or any other aspects of the lease entered into between the heirs and BP Exploration Alaska, Inc. or any other lessor. While Mr. Givens may believe he has a right to access private information, he does not because the lease is between two private parties that do not include him. While you argue that Mr. Givens' payment based on the OST 01-004 Form grants him access to private information between two parties and that BIA and OST can provide this to him, the Federal Government must comply with the Privacy Act (5 U.S.C. § 552a). The Privacy Act permits an individual to have access to government records containing personal information on that individual and allows the individual to control the transfer of that information. A breach of privacy is knowingly and without proper authorization, divulging information in a government system of records. The only parties who can authorize the BIA or OST to release these records from the lessors are the Oenga Heirs.

If you or Mr. Givens believe this form allows Mr. Givens access over the Privacy Act, please provide the language that allows the BIA or OST to release this private information. If Mr. Givens seeks this private information, he should request it from the Heirs or the lessors as a private citizen and not as a legal representative of the Heirs.[2] As required by the Privacy Act, the BIA nor OST are obligated or required to provide any information to Mr. Givens without the express approval from the Oenga Heirs.

---

[2] Was Ms. Farhana Stevens, BP Exploration (Alaska) Inc., aware that Mr. Givens no longer represented the Oenga Heirs? If so, the ultimate question is if she would have provided private information to Mr. Givens without the express consent of the Oenga Heirs.

**Confidential Document**
**Case No. 3:23-cv-00121-HRH**
**Not to be copied or disclosed except as provided in the Confidentiality Agreement**

G-006486

**Exhibit F**
**Page 2 of 3**

Case 3:23-cv-00121-HRH   Document 125-7   Filed 11/03/25   Page 2 of 3

In conclusion, BIA has evidence to believe Mr. Givens is possibly representing himself on behalf of the Oenga Heirs to gain access to information between a lessee and lessor without proper authorization from the lessee. An OST form directing payment to Mr. Givens does not authorize his access to government records under the Privacy Act. As such, if Mr. Givens seeks private information between the Oenga Heirs and the lessor, he should see authorization from the heirs.

Sincerely,

Eugene R. Peltola Jr.
Regional Director

cc: Inupiat Community of Arctic Slope- Realty Dept
BP Exploration (Alaska) Inc.
Office of Special Trustee
Heir's of Oenga:
    Joseph Delia
    Wallace Oenga
    Leroy Oenga Jr.,
    Vera Nungasak
    Ray D. Avguvluk
    Tony Delia
    Trinity Delia
    Jennie Miller

Document 5053
Page 3 of 3
EXHIBIT CG
Page 3 of 3

G-006487

**Confidential Document**
**Case No. 3:23-cv-00121-HRH**
**Not to be copied or disclosed except as provided in the Confidentiality Agreement**

**Exhibit F**
**Page 3 of 3**

Case 3:23-cv-00121-HRH    Document 125-7    Filed 11/03/25    Page 3 of 3